IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,            CASE NO.: 6:10-cv-117-ORL-19KRS

     Plaintiff,                    **Civil Action**

vs.

EQUIFAX INFORMATION SERVICES, LLC,
et al.,

     Defendants.
_____/

## MOTION TO DISMISS AND MEMORANDUM OF LAW

COMES NOW, Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("ALLIANCEONE"), by and through the undersigned counsel and files this Motion to Dismiss the Amended Complaint and Memorandum of Law pursuant to FRCP 12(b)(6), and states:

1. Plaintiff has filed a *pro se* action against ALLIANCEONE alleging that it violated the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act.

2. Paragraphs 46 through 181 of the Complaint are contained under the hearing "FACTUAL ALLEGATIONS."

3. The only "FACTUAL ALLEGATIONS" asserted with regard to ALLIANCEONE are contained in paragraphs 119 and 120.

4. In Paragraph 119, Plaintiff alleges: "On June 29, 2007, AllianceOne initiated a hard pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score."

5. In Paragraph 120, Plaintiff alleges: "On or about February 2, 2009, AllianceOne sent Plaintiff a letter attempting to collect on a nonexistent debt."

6. ALLIANCEONE is named a Defendant in Counts I (FCRA), II (FDCPA) and III (FCCPA) of the Complaint.

7. In Count I, Plaintiff alleges that ALLIANCEONE "willfully violated § 1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by § 1681b." *See,* Complaint at ¶ 197(a)

8. In Count II, Plaintiff alleges that ALLIANCEONE violated multiple provisions of the FDCPA. *Ibid.* at ¶¶ 201(a), (c – i). The specific paragraphs contain nothing more than bare recitations of the sections of the FDCPA Plaintiff claims ALLIANCEONE violated.

9. In Count III, Plaintiff alleges that ALLIANCEONE violated multiple provisions of the FCCPA. *Ibid.* at ¶¶ 205(a), (b), (d), and (e). The specific paragraphs contain nothing more than bare recitations of the sections of the FCCPA Plaintiff claims ALLIANCEONE violated.

10. Plaintiff has failed to state a cause of action against ALLIANCEONE in Counts I, II, and III, and as such, the Complaint must be dismissed.

## MEMORANDUM OF LAW

### A. Rule 12(b)(6) Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002); *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003 However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009).  A *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989).

**B. Plaintiff's Complaint Fails to State a Cause of Action.**

Although the Complaint contains a heading entitled "FACTUAL ALLEGATIONS", it contains no *factual* allegations with regard to ALLIANCEONE.  Instead, the Complaint contains nothing more than legal conclusions of statutory violations by ALLIANCEONE. *See,* Complaint at ¶¶ 119, 120. Likewise, the allegations of wrongdoing by ALLIANCEONE contained in Counts I, II, and III are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and as such, are insufficient to survive an attack under Rule 12(b)(6). *See, Iqbal*, supra at p. 1949.

The Complaint merely concludes that ALLIANCEONE violated the FCRA, FDCPA, and FCCPA without providing any specific factual basis for these legal conclusions.  As such, the Complaint must be dismissed under Rule 12(b)(6).

**C. Conclusion.**

Plaintiff's Complaint must be dismissed for failing to state a cause of action.

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing Plaintiff's Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system and has been furnished by U.S. Mail to: Larry Rumbough, pro se, 840 Lilac Trace Lane, Orlando, Florida 32828, on this 24th day of February, 2010.

        **GOLDEN & SCAZ, PLLC**
        2124 W. Kennedy Blvd., Suite A
        Tampa, Florida  33606
        Telephone:  (813) 251-5500
        Facsimile:   (813) 251-3675

        By: ___/s/ Dale T. Golden_____
            Dale T. Golden, Esquire
            Florida Bar No.: 094080