UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually, et al.,

    Plaintiff,

vs.                                                    Case No. 6:10-cv-117-ORL-KRS

EQUIFAX INFORMATION SERVICES, LLC;
et al.;

    Defendants.
_____/

**MOTION TO DISMISS OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT
AND MEMORANDUM OF LAW**

    COMES NOW, Defendant CHEXSYSTEMS COLLECTION AGENCY, INC., ("CHEX"), by and through the undersigned counsel and pursuant to FRCP 12(b)(6) and 12(e), moves to dismiss the Complaint for failure to state a cause of action or, alternatively, for a more definite statement, and states:

    1.    Plaintiff has filed a pro se action against CHEX generally alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sec. 1681 et seq., and seeking injunctive relief for the permanent removal of allegedly inaccurate, misleading and/or unverifiable information.

    2.    CHEX is a collection agency, not a consumer reporting agency as defined under §1681(f), as is alleged in the Plaintiff's Complaint.[1]

---

[1] For purposes of this Motion to Dismiss or, Alternatively, For More Definite Statement ("Motion") only, CHEX assumes arguendo that Plaintiff has sued the appropriate entity. CHEX respectfully reserves all its rights with respect to whether Plaintiff has sued the appropriate entity affiliated with CHEX.

3. The only allegations asserted in support of the alleged violation of the FCRA by CHEX are contained in Paragraphs 50, 186 and 187 of the Complaint (hereinafter, the "Allegations"). The Allegations mirror the allegations asserted against all of the credit reporting agency Defendants, and states:

> "50. ChexSytems failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was reported by the creditor grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report."

> "186. For, at least, two years preceding this suit through the present, Equifax, Experian, Trans Union, CBC, ChexSystems, LexisNexis Risk, and LexisNexis Screening have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about the Plaintiff. This information has consisted of numerous delinquent tradelines and inquiries."

> "187. Equifax, Experian, Trans Union, CBC, ChexSystems, LexisNexis Risk, and LexisNexis Screening reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information."

See, Complaint at ¶¶ 50, 186 and 187.

4. Plaintiff has failed to state a cause of action against CHEX, and as such, the Complaint must be dismissed. Specifically, Count I fails to state a claim for violation of the FCRA, because Plaintiff failed to identify any:

(i) inaccuracy in Plaintiff's consumer credit report(s) that resulted from CHEX' alleged failure to follow reasonable procedures to assure maximum possible accuracy of information in Plaintiff's consumer credit report;

(ii) information which was missing or excluded from Plaintiff's credit report;

(iii) information not explained to Plaintiff by CHEX' personnel;

(iv) information which was not deleted, or was misleading or inaccurate in Plaintiff's consumer credit report prepared or supplied by CHEX;

(v) information not provided to subsequent users of the Plaintiff's consumer credit report allegedly prepared and provided by CHEX;

(vi) notices allegedly provided by Plaintiff to CHEX which were not adequately processed or corrected in Plaintiff's credit report;

(vii) dispute by Plaintiff, which CHEX failed to properly reinvestigate;

(viii) information concealed or misrepresented to Plaintiff by CHEX regarding Plaintiff's credit report; and

(ix) date upon which the alleged violation(s) of the FCRA occurred, enabling CHEX to investigate the allegation or allow this Court to determine if Plaintiff's claims have been brought within the applicable two (2) year statute of limitations.

5. Plaintiff merely alleges that CHEX violated the FCRA in only the barest, most

conclusory, terms. Plaintiff does not allege the date of the alleged transaction. As discussed below, the allegations in the Complaint are wholly insufficient to state a claim for violation of the FCRA, even under the liberal "notice pleading" standard.

6. Court IV of the Complaint, seeking injunctive relief allegedly pursuant 15 U.S.C. §1681, must be dismissed because as a private plaintiff LARRY RUMBOUGH, individually, cannot seek declaratory or injunctive relief under the FCRA. Plaintiff's bare allegation that he is suing on behalf of all others similarly situated, and as a private attorney general, does not provide him some exemption to this prohibition and permit him to maintain a claim for injunctive relief. The undersigned counsel knows of no federal law or regulation giving Plaintiff the ability to act as an alleged "private attorney general" and enforce the provision of the FCRA in that capacity.

## MEMORANDUM OF LAW

**A. Rule 12(b)(6) Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003 However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009). A pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989). Accordingly, where, as here, a plaintiff's complaint lacks specific factual allegations to support

conclusory, terms. Plaintiff does not allege the date of the alleged transaction. As discussed below, the allegations in the Complaint are wholly insufficient to state a claim for violation of the FCRA, even under the liberal "notice pleading" standard.

6. Court IV of the Complaint, seeking injunctive relief allegedly pursuant 15 U.S.C. §1681, must be dismissed because as a private plaintiff LARRY RUMBOUGH, individually, cannot seek declaratory or injunctive relief under the FCRA. Plaintiff's bare allegation that he is suing on behalf of all others similarly situated, and as a private attorney general, does not provide him some exemption to this prohibition and permit him to maintain a claim for injunctive relief. The undersigned counsel knows of no federal law or regulation giving Plaintiff the ability to act as an alleged "private attorney general" and enforce the provision of the FCRA in that capacity.

## MEMORANDUM OF LAW

**A. Rule 12(b)(6) Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003 However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009). A pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989). Accordingly, where, as here, a plaintiff's complaint lacks specific factual allegations to support

the elements necessary to obtain relief, mere conclusory allegations and legal conclusions will not prevent dismissal. <u>See</u> <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995).

**B.     Count I of Plaintiff's Complaint (Violation of FCRA) Fails to State a Cause of Action.**

Although the Complaint contains a heading entitled "FACTUAL ALLEGATIONS", and contains the Allegations, it contains no factual allegations with regard to CHEX.  Instead, the Complaint contains nothing more than legal conclusions of statutory violations by CHEX. <u>See</u>, Complaint at ¶¶ 50, 186, 187 and 196.   Plaintiff simply asserts general averments and does not cite to specific factual allegations to support his claims for relief.  As an example, nowhere in the Complaint is there any detail as to the substance of the allegedly erroneous information provided by CHEX. Nor is there any indication, in the form of a specific factual averment, as to the notice Plaintiff is said to have provided to CHEX, the substance of CHEX' response to such notice, or the time period during which Plaintiff is to have communicated their unspecified dissatisfaction to ChEX.  The Complaint also fails to state any factual averments as to how CHEX failed to maintain reasonable procedures for preventing the reporting and re-appearing of false and inaccurate credit information. Further, CHEX is left to guess which accounts Plaintiff is disputing, and when Plaintiff discovered the allegedly inaccurate disclosures. Plaintiffs' Complaint also fails to allege any facts regarding causation of damages.

The Allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and as such, are insufficient to survive an attack under Rule 12(b)(6). <u>See</u>, <u>Iqbal</u>, supra at p. 1949.  The Complaint merely concludes that CHEX violated the FCRA without providing any specific factual basis for these legal conclusions. In light of the foregoing, Plaintiffs' Complaint should be dismissed pursuant to Rule

12(b)(6).

**C.   Plaintiff Should, in the Alternative, be Required to File a More Definite Statement of His Claims in Accordance with Fed. R. Civ. P. 12(e).**

Should the Court decline to dismiss Plaintiffs' Complaint, CHEX moves, in the alternative, for a more definite statement pursuant to Rule 12(e). Under Rule 12(e) of the Federal Rules of Civil Procedure, a plaintiff should be compelled to make a more definite statement of his claim where the complaint as filed "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  Applying this standard to Plaintiff's Complaint, CHEX submits that Plaintiff should be required to amend his Complaint, specifically setting forth both the legal and factual bases for their claims against CHEX.

As discussed above, Plaintiff's Complaint alleges violations of the FCRA. Plaintiff does not allege any specific act or omission by CHEX that would impose liability under the FCRA, nor does Plaintiff provide any date(s) upon which the alleged conduct is to have occurred. As a result, CHEX is unable to frame a responsive pleading, whether it be an answer with affirmative defenses or some other motion. Simply put, CHEX should not have to bear the burden of guessing what factual allegations they must defend against, particularly when CHEX is not a consumer reporting agency, but rather, a collection agency. Plaintiff should make a more definite statement.

**D.   Count IV of Plaintiff's Complaint (Injunctive Relief) Fails to State a Cause of Action.**

This Court must dismiss Plaintiff's request for injunctive relief as a private plaintiff cannot seek declaratory or injunctive relief under the FCRA. <u>See</u>, <u>Mangio v. Equifax, Inc.</u>, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief

under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA); Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 268 (5th Cir. 2000); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with Washington that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); Bumgardner v. Lite Cellular, Inc., 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy.")

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section makes any mention of declaratory or injunctive relief. Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC. See 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . . by the Federal Trade Commission").  The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. Washington, 199 F.3d at 269; Mangio, 887 F. Supp. at 285.

WHEREFORE, Defendant ChexSystems Collection Agency, Inc., respectfully requests an Order from this Court dismissing Plaintiff's Complaint or requiring Plaintiff to make a more definite factual statement, and requests this Court follow the lead of the other courts who have considered this issue and find that the FCRA does not afford the Plaintiff a right to declaratory or

injunctive relief under the FCRA and dismiss Plaintiff's request for the same.

Dated this 3rd day of March, 2010.

/s/ Richard B. Weinman
RICHARD B. WEINMAN
Florida Bar No. 0231370
rweinman@whww.com
**WINDERWEEDLE, HAINES, WARD
 & WOODMAN, P.A.**
Post Office Box 1391
Orlando, FL 32802-1391
(407) 423-4246
(407) 423-7014 (facsimile)
Attorneys for ChexSystems
Collection Agency, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of March, 2010, a true and correct copy of the foregoing has been furnished via U.S. Mail to Larry Rumbough, 840 Lilac Trace Lane, Orlando, FL 32828; and electronically filed with the Clerk of the Court by using the CM/ECF system.

/s/ Richard B. Weinman
RICHARD B. WEINMAN