UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually
and on behalf of others similarly situated,
as a private attorney general;

    Plaintiff,

-v-

Case No. 6:10-cv-117-ORL-KRS

EQUIFAX INFORMATION SERVICES LLC;
et al.,

    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT ALIANCEONE RECEIVABLES MANAGEMENT, INC.'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Plaintiff, Larry Rumbough, hereby responds to Defendant AllianceOne Receivables Management, Inc.'s (AllianceOne) Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, and states:

1. It is difficult to comprehend the basis for AllianceOne's motion, which appears to have been filed in bad faith.

2. The Complaint specifies that AllianceOne illegally pulled Plaintiff's credit report and illegally attempted to collect on a nonexistent debt. The factual bases of Plaintiff's allegations against AllianceOne are crystal clear:

> "119. On June 29, 2007, AllianceOne initiated a hard pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score."

> "120. On or about February 4, 2009, AllianceOne sent Plaintiff a letter attempting to collect on a nonexistent alleged debt."

3. If true, and Plaintiff affirmatively asserts that both of these statements are true, #119 is inherently a clear-cut violation of the Fair Credit Reporting Act and #120 is inherently a clear-cut violation of both the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

      4. It is not necessary in this Response to outline exactly how AllianceOne's actions violated the law. AllianceOne's own motion does this quite effectively. Unfortunately this fact seemed to escape the attention of AllianceOne's attorney, Dale T. Golden.

      5. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

      6. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

      WHEREFORE, Plaintiff requests that the Court deny AllianceOne's Motion to Dismiss, and instruct AllianceOne's attorney, Dale T. Golden, to cease filing frivolous motions.

Dated: March 11, 2010

Respectfully submitted,

*Larry Rumbough* (signature)
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 11th day of March, 2010 by U.S. Mail delivery to:

Richard B. Weinman
Winderweedle, Haines, Ward & Woodman, P.A.
P.O. Box 1391
Orlando, FL 32802

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Boulevard, Suite A
Tampa, FL 33606

Dayle M. Van Hoose
Sessions, Fishman, Nathan & Israel, L.L.P.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859