UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually, et al.,

    Plaintiff,

vs.                                            Case No. 6:10-cv-117-ORL-KRS

EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; CBC COMPANIES;
CHEXSYSTEMS COLLECTION AGENCY, INC.,
LEXISNEXIS RISK SOLUTIONS FL INC.;
LEXISNEXIS SCREENING SOLUTIONS, INC.;
JEFFERSON CAPITAL SYSTEMS, LLC; MANN
BRACKEN, LLC; LAW OFFICES OF ERSKINE &
FLEISHER; BANK OF AMERICA CORPORATION;
HSBC CARD SERVICES, INC.; CHECKNET;
JPMORGAN CHASE & CO.; CAPITAL
MANAGEMENT SERVICES, LP; FIRSTSOURCE
ADVANTAGE, LLC; PFG OF MINNESOTA, INC.;
RICHARD J. BOUDREAU & ASSOCIATES, LLC;
ALLIANCEONE RECEIVABLES MANAGEMENT,
INC.; REGIONS BANK; et al.,

    Defendants.
_____/

**REGIONS BANK'S MOTION TO ABSTAIN OR STAY
COURT PROCEEDINGS, AND COMPEL ARBITRATION**

    Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.,* and the parties' express agreements, Defendant REGIONS BANK (f/k/a AmSouth Bank) ("Regions") moves this Court to abstain from proceeding with (or stay) this action and to compel arbitration. Consistent with the express agreements between the parties, all of the claims brought by the Plaintiff, as stated in the Complaint, are subject to binding arbitration.[1]

---

[1] Whether this controversy is ultimately arbitrated or adjudicated by this Court, the Plaintiff voluntarily and knowingly waived any right to a jury trial, and Plaintiff's jury demand should be stricken.

**I. Introduction**

1. Plaintiff has filed a pro se action against Regions alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sec. 1681 et seq., for allegedly initiating "hard pull[s] of Plaintiffs credit report from Equifax without permissible purpose, thereby reducing his credit score", in November 2007, and January 2008. Complaint, ¶121 - 124.

2. Regions is a federally chartered bank, with whom Plaintiff has maintained at least one (1) checking account with Regions at all times material hereto.

3. On or about July 11, 2006, Plaintiff applied for, and was granted, the first of two (2) checking accounts at Regions. In accordance with Plaintiff's application, Plaintiff executed the Customer Agreement. A true and correct copy of the signed application and agreement to be bound by the Customer Agreement is attached hereto as Exhibit "A". On or about January 15, 2008, Plaintiff applied for the second checking account at Regions. In accordance with Plaintiff's application, Plaintiff executed the Deposit Agreement. A true and correct copy of the signed application and agreement to be bound by the Deposit Agreement is attached here to as Exhibit "B". The Customer Agreement and the Deposit Agreement are collectively referred to herein as the "Banking Agreements".

4. Section 6 of the Customer Agreement, entitled "Dispute Resolution: Arbitration", expressly provides:

> The following applies to all of the above referenced account types and agreements, as well as to any dispute you may have with us:
>
> ARBITRATION PROVISION
> ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL. Except as expressly provided below, you and we agree that either party may elect to resolve by BINDING ARBITRATION any controversy, claim, counterclaim, dispute or disagreement between you and us, whether arising before or after the effective date of this Agreement (any "Claim"). This includes, but is not limited to, any controversy, claim, counterclaim, dispute or disagreement arising out of, in connection with or relating to any one or more of the following:

> (1) the interpretation, execution, administration, amendment or modification of the Agreement; (2) any account; . . .
>
> * * *
>
> . . . (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; . . .
>
> * * *
>
> . . . or (8) any of the foregoing arising out of, in connection with or relating to any agreement which relates to the Agreement, any account, any transaction or your business, interaction or relationship with us.
>
> * * *
>
> This agreement to arbitrate disputes and waiver of jury trial shall survive the closing of your account and shall also survive as to any Claim covered within the scope of this Agreement.
>
> Whether any controversy is arbitrated or settled by a court, you and we voluntarily and knowingly waive any right to a jury trial with respect to such controversy to the fullest extent allowed by law.

Section 6 of Customer Agreement, pages 20 - 23, attached hereto as Exhibit "C".

    5.    Section 34 of the Deposit Agreement, entitled "Arbitration and Waiver of Jury Trial", expressly provides:

> Except as expressly provided below, you and we agree that either party may elect to resolve by BINDING ARBITRATION any controversy, claim, counterclaim, dispute or disagreement between you and us, whether arising before or after the effective date of this Agreement (any "Claim").  This includes, but is not limited to, any controversy, claim, counterclaim, dispute or disagreement arising out of, in connection with or relating to any one or more of the following: . . .
>
> * * *
>
>  . . . (2) any account . . .
>
> * * *
>
> . . . (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; . . .
>
> * * *
>
> . . . (8) any of the foregoing arising out of, in connection with or relating to any agreement which relates to the Agreement, any account, any transaction or your business, interaction or relationship with us.  If either party elects to arbitrate, the Claim shall be settled

3

>> by BINDING ARBITRATION under the Federal Arbitration Act ("FAA").
>
> * * *
>
> This agreement to arbitrate disputes shall survive the closing of your account and shall also survive as to any Claim covered within the scope of this Agreement.
>
> Whether any controversy is arbitrated or settled by a court, you and we voluntarily and knowingly <u>waive any right to a jury trial</u> with respect to such controversy to the fullest extent allowed by law.

Section 34 of Deposit Agreement, pages 28 and 29, attached hereto as Exhibit "D".

**II. The Parties Expressly Invoked the Federal Arbitration Act**

Through the arbitration provisions in the Banking Agreements the parties expressly invoked the Federal Arbitration Act, Title 9 of the United States Code (the "FAA"), as the agreed-upon means of dispute resolution. Section 3 of the FAA states:

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties abstain the trial of action until such arbitration has been had in accordance with terms of the agreement, providing the applicant for the abstain is not in default in proceeding with such arbitration."

The United States Supreme Court has recognized that public policy favors arbitration. *Buckeye Check Cashing, Inc.* v: *Cardegna,* 546 U.S. 440 (2006). Notably, the *Buckeye* Court stated that, "[t]o overcome judicial resistance to arbitration, Congress enacted the Federal Arbitration Act (FAA) , 9 U.S.C. §§ 1-16, Section 2, embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts..." *Id.* at 443. In *Buckeye*, the Florida Supreme Court had ruled that before arbitration of other disputes could be compelled, the borrower's claim that the underlying contract was illegal had to be resolved by the trial court. *Id.* The United States Supreme Court reversed, emphasizing the policy preference for arbitration when parties expressly contract for arbitration. *Id*. at 449.

Recently, the Court echoed this national policy of enforcing arbitration provisions. *See Vaden* v. *Discover Bank, et al.,* 129 S.Ct. 1262, 1278 (2009)(holding that "[u]nder the FAA, state Court must enforce the arbitration agreements in the Banking Agreements.

"It is the language of the agreement that defines the scope of an arbitration agreement." *Citigroup* v. *Amodio*, 894 So. 2d 296, 298 (Fla. 4th DCA 2005). The arbitration provisions embodied in the Banking Agreements encompass the purported breaches raised in the Complaint. The Banking Agreements require arbitration for any controversy, claim, counterclaim, dispute or agreement between the parties, including, but not limited to, claims or controversies relating to "...any account, any transaction or your business, interaction or relationship with us."

**III. The Claims Presented by Plaintiff Must Be Arbitrated**

The Plaintiff's allegations against Regions are within the broad language of the mandatory arbitration provisions included in the Banking Agreements. The alleged events occurred after Plaintiff expressly agreed to arbitrate any claim asserted against Regions. This Court should abstain and stay this action, and compel arbitration.

The FAA requires that a district court abstain a pending suit upon determining that issues in such suit are arbitrable. *See* 9 U.S.C. § 3. Consistent with the agreements of the parties, Plaintiff's causes of action must be resolved by an arbitrator or arbitration panel - not by this Court. This Court is required to abstain from these proceedings, pending arbitration of all claims pursuant to the parties' contractual invocation of the Federal Arbitration Act.

## Conclusion

Plaintiff's claims brought against Regions are subject to mandatory arbitration, pursuant to contracts between the parties containing a provision for arbitration, a copy of the parts of the contracts containing the arbitration provision being attached. This Court must abstain from (or stay) these proceedings, pending arbitration of the parties' claims and defenses.

WHEREFORE, Defendant Regions respectfully requests an Order from this Court abstaining from proceeding with, or staying, this action and to compel arbitration.

Dated this 24th day of March, 2010.

/s/ *Richard B. Weinman*
RICHARD B. WEINMAN
Florida Bar No. 0231370
rweinman@whww.com
J. JEFFREY DEERY
Florida Bar No. 0861332
jdeery@whww.com
**WINDERWEEDLE, HAINES, WARD**
  **& WOODMAN, P.A.**
Post Office Box 1391
Orlando, FL 32802-1391
(407) 423-4246
(407) 423-7014 (facsimile)
Attorneys for Regions Bank

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of March, 2010, a true and correct copy of the foregoing has been furnished via U.S. Mail to Larry Rumbough, 840 Lilac Trace Lane, Orlando, FL 32828; and electronically filed with the Clerk of the Court by using the CM/ECF system.

/s/ *Richard B. Weinman*
RICHARD B. WEINMAN