## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LARRY RUMBOUGH**, individually and on behalf of others similarly situated, as a private attorney general;

      Plaintiff,

v.                                                                                  Case No. 6:10-cv-117-ORL-KRS

**EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; CBC COMPANIES; CHEXSYSTEMS COLLECTION AGENCY, INC.; LEXISNEXIS RISK SOLUTIONS FL INC.; LEXISNEXIS SCREENING SOLUTIONS INC.; JEFFERSON CAPITAL SYSTEMS, LLC; MANN BRACKEN, LLC; LAW OFFICES OF ERSKINE & FLEISHER; BANK OF AMERICA CORPORATION; HSBC CARD SERVICES, INC.; CHECKNET; JPMORGAN CHASE & CO.; CAPITAL MANAGEMENT SERVICES, LP; FIRSTSOURCE ADVANTAGE, LLC; PFG OF MINNESOTA, INC.; RICHARD J. BOUDREAU & ASSOCIATES, LLC; ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; REGIONS BANK; GE CAPITAL LLC; NCO FINANCIAL SYSTEMS, INC.; B-LINE, LLC; B-REAL, LLC; PHILLIPS & COHEN ASSOCIATES, LTD., CORP.; AVALON FINANCIAL SERVICES, LLC; CAPITAL ONE BANK; FIRST PREMIER BANK; COLLECTCORP CORPORATION; SUNTRUST BANK; ACS EDUCATION SERVICES, INC.; NATIONAL RECOVERY AGENCY, INC.; LEADING EDGE RECOVERY SOLUTIONS, L.L.C.; GALAXY PORTFOLIOS, LLC; AMERICAN EXPRESS COMPANY;** and **CITIFINANCIAL, INC.;**

      Defendants.

_____/

## DEFENDANT, SUNTRUST BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, SUNTRUST BANK, ("SUNTRUST" or "SunTrust"), hereby answers Plaintiff's Complaint, and raises certain affirmative defenses thereto, and states:

**ANSWER**

SUNTRUST hereby answers Plaintiff's Complaint, and as to the similarly numbered paragraphs thereof, states:

1.  Admitted for jurisdictional purposes only.  Denied that SUNTRUST has any liability to Plaintiff.  Further denied that Plaintiff has any standing to bring an action on behalf of others similarly situated, as a private attorney general.

2.  Without knowledge.

3.  Without knowledge.

4.  Without knowledge.

5.  Admitted for jurisdictional purposes only.

6.  Admitted.

7.  Without knowledge as to the validity and amount of the claims asserted against the other defendants.  Denied that SUNTRUST has any liability to this Plaintiff.

8.  Admitted.

9.  Without knowledge.

10-37.  Without knowledge.

38.  Admitted.

39-44.  Without knowledge.

45.  Without knowledge.

46-52.  Without knowledge.

{O1518721;1}

53-59.       Without knowledge.

60-64.       Without knowledge.

65-70.       Without knowledge.

71-76.       Without knowledge.

77-82.       Without knowledge.

83-85.       Without knowledge.

86-93.       Without knowledge.

94-99.       Without knowledge.

100-104.     Without knowledge.

105-111.     Without knowledge.

112-118.     Without knowledge.

119-120.     Without knowledge.

121-125.     Without knowledge.

126-131.     Without knowledge.

132-134.     Without knowledge.

135-136.     Without knowledge.

137-142.     Without knowledge.

143-145.     Without knowledge.

146-150.     Without knowledge.

151-154.     Without knowledge.

155.         Without knowledge.

156-160.     Without knowledge.

161-165.     Denied.

{O1518721;1}

166-168.          Without knowledge.

169-172.          Without knowledge.

173-175.          Without knowledge.

176-178.          Without knowledge.

179-180.          These paragraphs of the Complaint are not allegations, but instead are requests for leave to amend to add unspecified parties-defendant to the action, at unspecified times in the future, for claims based on unspecified acts.  SUNTRUST will not respond to them until and unless Plaintiff seeks leave of this Court to add a party-defendant to the action.

181.          This paragraph of the Complaint is not an allegation, but appears instead to be a request that the Court report criminal activity of any of the defendants to the appropriate authorities.  SUNTRUST will not respond to this allegation other than to deny that it has engaged in any criminal activity.

### Count I – Fair Credit Reporting Act – 15 U.S.C. §1681

182.          SUNTRUST's responses in paragraphs 1 through 181 above are incorporated and realleged here by reference.

183.          Without knowledge.

184.          Without knowledge.

185.          Admitted as to SUNTRUST.  Without knowledge as to the other named defendants.

186.          Without knowledge.

187.          Without knowledge.

{O1518721;1}

188.        Admitted that the subject statute provides for liability against a consumer reporting agency in certain circumstances.  Without knowledge as to the existence of such liability in this case.

189-195.        These paragraphs are recitations of portions of the Fair Credit Reporting Act.  To the extent the recitations are correct statements of the language of said Act, they are admitted.  To the extent the recitations are incorrect statements of the language of said Act, they are denied.

196.        Without knowledge.

197.        Denied that SUNTRUST violated the Fair Credit Reporting Act.  Without knowledge as to whether the other named defendants violated the Act.  The first sentence of Plaintiff's allegations in paragraph 197 of the Complaint fails to list SUNTRUST as an alleged violator of the Act.  In paragraph 197(b) of the Complaint, Plaintiff does list SUNTRUST as an alleged violator of the Act.  The allegations of paragraph 197(b) are denied as to SUNTRUST.

### Count II – Fair Debt Collection Practices Act – 15. U.S.C. §1692

198.        SUNTRUST's responses in paragraphs 1 through 181 above are incorporated and realleged here by reference.

199.        Without knowledge.

200.        Denied that SUNTRUST is a debt collector within the meaning of the Fair Debt Collection Practices Act.  Without knowledge as to whether the other named defendants are debt collectors within the meaning of the Act.  Without limiting its other defenses, SUNTRUST states that the Act does not generally apply to creditors attempting to collect debts owed to themselves by consumers.  To the extent the debts referenced by Plaintiff were owed to

SUNTRUST, the Act is not applicable to SUNTRUST's own efforts to collect debts owed to it by Plaintiff.

201.     Denied that SUNTRUST has violated the Fair Debt Collection Practices Act.  Without knowledge as to whether the other named defendants have violated the Act.

### Count III – Florida Consumer Collection Practices Act – Chapter 559, Florida Statutes

202.     SUNTRUST's responses in paragraphs 1 through 181 above are incorporated and realleged here by reference.

203.     Without knowledge.

204.     Denied that SUNTRUST is a "debt collector" as defined in Section 559.55(6).  Without knowledge as to whether the other named defendants are "debt collectors" as defined by the Act.  The definition of "debt collector" in Section 559.55(6), Florida Statutes is much like the one in the federal Fair Debt Collection Practices Act.  The definition is intended to exclude creditors seeking to collect debts owed directly to them by consumers.

205.     Denied that SUNTRUST has violated the Florida Consumer Collection Practices Act.  Without knowledge as to whether the other named defendants have violated the Act.

### Count IV – Injunctive Relief – 15 U.S.C. § 1681

206.     SUNTRUST's responses in paragraphs 1 through 181 above are incorporated and realleged here by reference.

207-210.     Plaintiff does not appear to be seeking any injunctive relief against SUNTRUST in this Count IV.  Thus, SUNTRUST will not respond to the allegations in this Count, other than to deny that injunctive relief is available under 15 U.S.C. §1681 against SUNTRUST.

{O1518721;1}

## AFFIRMATIVE DEFENSES

SUNTRUST hereby asserts the following affirmative defenses to Plaintiff's claims:

1.        **Statute of limitations – Count I - Fair Credit Reporting Act.**   15 U.S.C. §1681p provides that the statute of limitations for an action under the Fair Credit Reporting Act is the earlier of (a) 2 years after the date of discovery by the plaintiff of the violation that is the basis of the action, or (b) 5 years after the date on which the violation that is the basis of liability occurs.  It is not clear from the allegations against SUNTRUST in paragraphs 161, 162, 163, and 197 of the Complaint when SUNTRUST's alleged violations of the Act occurred, but in paragraphs 186 and 187 of the Complaint, Plaintiff alleges that the various credit reporting agency defendants inaccurately reported information about him for "…at least, two years preceding this suit through the present…"  Paragraph 187 alleges that this inaccurate reporting occurred "…despite [the credit reporting agencies] receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information."  Thus, the claims against SUNTRUST may be barred by the 2 year statute of limitations pursuant to 15 U.S.C. §1681p.

2.        **Statute of Limitations – Count II - Fair Debt Collection Practices Act.**   15 U.S.C. §1692k(d) provides that the statute of limitations for an action under the Fair Debt Collection Practices Act is one year from the date on which the violation occurs.  It is not clear from the allegations against SUNTRUST in paragraph 201 of the Complaint when most of the alleged violations of the Act occurred[1], but in paragraphs 186 and 187 of the Complaint, Plaintiff alleges that the various credit reporting agency defendants inaccurately reported information

---

[1] It is possible that the alleged violations of 15 U.S.C. §1692g and §1692g(b) referenced in sub-paragraphs 201(h) and 201(i) of the Complaint may have occurred within the requisite one year of the filing of this suit, assuming the "validation notice" referenced therein is the same as the letter demanding validation of an alleged debt referenced in paragraph 164 of the Complaint.

about him for "…at least, two years preceding this suit through the present…"  Paragraph 187 alleges that this inaccurate reporting occurred "…despite [the credit reporting agencies] receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information."  Thus, some or all of the claims against SUNTRUST may be barred by the one year statute of limitations pursuant to 15 U.S.C. §1692k(d).

3.    **Statute of Limitations – Count III – Florida Consumer Collection Practices Act.**  Section 559.77(4), Florida Statutes (2009) provides that the statute of limitations for an action under the Florida Consumer Collection Practices Act is 2 years from the date on which the alleged violation occurred.  It is not clear from the allegations against SUNTRUST in paragraph 205 of the Complaint when the alleged violations of the Act occurred.  But in paragraphs 186 and 187 of the Complaint, Plaintiff alleges that the various credit reporting agency defendants inaccurately reported information about him for "…at least, two years preceding this suit through the present…"  Paragraph 187 alleges that this inaccurate reporting occurred "…despite [the credit reporting agencies] receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information."  Thus, some or all of the claims against SUNTRUST may be barred by the 2 year statute of limitations pursuant to Section 559.77(4), Florida Statutes (2009).

4.    **Failure to State a Claim – generally.**  Plaintiff's allegations against SUNTRUST are conclusory.  The operative paragraphs of the Complaint dealing with SUNTRUST are 161-165, 197, 201, and 205.  In paragraphs 161-165, 197, 201, and 205 of the Complaint, Plaintiff has failed to:

(a) identify the nature of the allegedly false information provided by SUNTRUST to   the credit reporting agencies, as referenced in paragraph 161,

(b) identify the specific credit reporting agencies to which the allegedly false information was provided, as referenced in paragraph 161 and 162,

(c) identify the account which is referenced in paragraphs 161 and 162,

(d) identify the allegedly negative information referenced in paragraph 163,

(e) identify the debt referenced in paragraph 164 for which validation was demanded,

(f) identify the nature of the disputed information referenced in paragraph 197(b),

(g) identify the debt referenced in paragraph 201(a), and the nature of SUNTRUST's alleged false representation thereof,

(h) identify the nature of the action threatened by SUNTRUST as referenced in paragraph 201(c),

(i) identify the false information referenced in paragraph 201(d),

(j) identify the false representation or deception referenced in paragraph 201(e),

(k) identify the debt and the amount allegedly improperly collected, as referenced in paragraph 201(g),

(l) identify the initial communication referenced in paragraph 201(h),

(m) identify the debt referenced in paragraph 201(i),

(n) identify the "information" referenced in paragraph 205(a) and 205(b), and

(o) identify the debt referenced in paragraph 205(b) and (d).

The U.S. Supreme Court has recently held that, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

5.      **Failure to State a Claim – Count I - Fair Credit Reporting Act.**  The bulk of the operative factual allegations of Plaintiff's Complaint, as to the Fair Credit Reporting Act

claims against SUNTRUST, are contained in paragraphs 161-165 and 197.   None of these allegations entitle Plaintiff to recover from SUNTRUST under the Act.   In particular:

a)      Paragraph 161 alleges that SUNTRUST reported false information about Plaintiff to credit reporting agencies and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies. The allegations, if true, could constitute a violation of 15 U.S.C. §1681s-2(a), which governs the duty of a furnisher of consumer-related information to a consumer reporting agency to provide accurate information.   However, §1681s-2(c) provides that, with one exception not relevant here – a state action brought on behalf of residents for violations of the Act under §1681s(c)(1)(B) – damages are not available under §1681n or §1681o for violations §1681s-2(a).   Thus, the allegations in paragraph 161 do not state a claim available to Plaintiff against SUNTRUST for violation of the Act.

b)      Paragraph 162 alleges that SUNTRUST repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.   The allegations, if true, could constitute a    violation of 15 U.S.C. §1681s-2(a)(3) and §1681s-2(a)(8)(E), which require a furnisher of consumer-related information to a credit reporting agency to provide notice of any dispute to the agency and to conduct an investigation after receiving notice of a dispute  from a consumer.   However, §1681s-2(c) again provides that damages are not available to Plaintiff under §1681n or §1681o for violations §1681s-2(a).   Thus, the allegations in paragraph 162 do not state a claim available to Plaintiff against SUNTRUST for violation of the Act.

c)      Paragraph 163 alleges that SUNTRUST did not provide notice of the furnishing of negative information, in writing, to Plaintiff.  The allegations, if true, could constitute a violation of 15 U.S.C. §1681s-2(a)(7), which requires a financial institution providing negative information to a consumer reporting agency to provide a notice of the furnishing of the negative information, in writing, to the consumer.  However, §1681s-2(c) again provides that damages are not available to Plaintiff under §1681n or §1681o for violations §1681s-2(a).   Thus, the allegations in paragraph 163 do not state a claim available to     Plaintiff against SUNTRUST for violation of the Act.

d)      Paragraphs 164 and 165 allege that Plaintiff demanded validation of the alleged debt via a letter dated January 17, 2009, and that SUNTRUST did not respond to the letter.   The allegations, if true, could constitute a violation of 15 U.S.C. §1681s-2(a)(8)(E), which requires a person receiving notice of a dispute from a consumer to investigate and then to report the results of the investigation to the consumer.  However, §1681s-2(c) again provides that damages are not available to Plaintiff under §1681n or §1681o for violations §1681s-2(a).  Thus, the allegations in paragraphs 164 and 165 do not state a claim available to Plaintiff against SUNTRUST for violation of the Act.

e)      Paragraph 197 alleges that SUNTRUST violated an unspecified provision of 15 U.S.C. §1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.  The allegations, if true, could constitute violations of 15 U.S.C. §1681s-2(a)(2), which creates a duty to correct and update information, or 15 U.S.C. §1681s-2(a)(8)(E), which requires a person receiving notice of a dispute from a consumer to investigate and then to report the results of the investigation to the consumer.  However, §1681s-2(c) again provides that damages

{O1518721;1}

are not available to Plaintiff under §1681n or §1681o for violations §1681s-2(a).  Thus, the allegations in paragraph 197 do not state a claim available to Plaintiff against SUNTRUST for violation of the Act.

6.      **Failure to State a Claim – Count II – Fair Debt Collection Practices Act.**  The gist of Plaintiff's claim in Count II of the Complaint is that SUNTRUST was a "debt collector" for purposes of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et. seq., and that, as a "debt collector," SUNTRUST violated several provisions of the Act.  However, the term "debt collector" is defined in relevant part in 15 U.S.C. §1692a(6) to mean "…any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due **another**."  [Emphasis added.]  The case law interpreting the Act is unequivocal that the Act does not apply to a creditor attempting to collect its own debts.  *In re Cooper*, 253 B.R. 286 (N.D. Fla. Bkrtcy. 2000); *Neff v. Capital Acquisitions & Management Co.* 352 F.3 1118 (7th Cir. 2003).  Here, all of SUNTRUST's actions were undertaken in its capacity as a creditor of a debt owned by it.  There is no allegation that SUNTRUST at any time used any name other than its own in the process of collecting its debt(s) from Plaintiff.[2]  Thus, SUNTRUST was not a "debt collector" within the ambit of the Act; and Plaintiff has no claim against SUNTRUST for violations of the Act.

7.      **Standing.**  Plaintiff, in the style of this action, and in the first paragraph of the Complaint, prior to numbered paragraph 1, states that he is bringing this action "individually and on behalf of others similarly situated, as a private attorney general."  Plaintiff does not have the standing to bring the action on behalf of others similarly situated, as a private attorney general.

---

[2] This is important because 15 U.S.C. §1692a(6) provides that a creditor collecting its own debt may nonetheless be a "debt collector" for purposes of the Act if the creditor uses a name other than its own which would indicate that a third party is collecting or attempting to collect such debt.

{O1518721;1}

In particular, the Fair Credit Report Act, at 15 U.S.C. §1681s-2(d), would appear to bar Plaintiff from prosecuting the alleged claims here by individually acting as a private attorney general.

While the Fair Debt Collection Practices Act appears to contemplate class action suits, 15 U.S.C. §1692l appears to leave administrative enforcement of the Act to the Federal Trade Commission, and not to contemplate private attorney general actions.

While the Florida Consumer Collection Practices Act appears to contemplate class action suits, Section 559.78, Florida Statutes (2009) would appear to contemplate judicial enforcement of the Act by states attorneys, and not via private attorney general actions.

If Plaintiff is attempting to bring a class action, he has failed to so indicate in his Complaint, and has failed to allege any of the prerequisites to the bringing of a class action referenced in Rule 23(a) of the Federal Rules of Civil Procedure, and required by Rule 4.04(a) of the Local Rules for the Middle District of Florida.

8.      **Intervening cause.**  Any negligence of SUNTRUST was not the proximate cause of Plaintiff's alleged injuries.  The actions or inactions of a third party, a credit reporting agency, and Plaintiff's own actions or inactions, were an efficient intervening cause of all of Plaintiff's alleged injuries.  SUNTRUST had no control or supervisory rights over Plaintiff or the third party.

9.      **Estoppel / Failure to Mitigate Damages.**  Some or all of Plaintiff's injuries were the direct and proximate result of his failure to mitigate his damages, and his failure or refusal to take appropriate steps to enable SUNTRUST to comply with its duties and obligations under the Fair Credit Reporting Act and under the Florida Consumer Collection Practices Act.

Respectfully submitted,

13

{O1518721;1}

**AKERMAN SENTERFITT**
Post Office Box 231
420 South Orange Avenue
Suite 1200
Orlando, FL  32802-0231
Phone:  (407) 423-4000
Fax:  (407) 843-6610
Email:  ed.foster@akerman.com
Attorneys for Defendant, SUNTRUST BANK


By:*/s/Joseph E. Foster*_____
    Joseph E. Foster, Esq.
    Trial Counsel
    Florida Bar Number:  282091


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 24th day of March, 2010 to:  Larry Rumbough, 840 Lilac Trace Lane, Orlando, FL 32828, Pro Se Plaintiff, and filed with the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to counsel of record.


    */s/Joseph E. Foster*_____
    Joseph E. Foster, Esq.
    Florida Bar Number:  282091

{O1518721;1}