UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually, et al.,

    Plaintiffs,

Case No. 6:10-cv-117-PCF-KRS

vs.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

    Defendants.

_____/

**MOTION OF DEFENDANTS LEXISNEXIS SCREENING SOLUTIONS INC. AND LEXISNEXIS RISK SOLUTIONS FL INC. TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendants LexisNexis Screening Solutions Inc. ("LNSS") and LexisNexis Risk Solutions FL Inc. ("LNRSF")[1] (collectively, "the LN Defendants") move to dismiss Plaintiff Larry Rumbough's Complaint (Doc. No. 1) pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

1.    Plaintiff's Complaint fails to provide proper notice of any claim against the LN Defendants; indeed, the LN Defendants are referenced in only eight of the Complaint's 210 paragraphs, which purport to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2.    The allegations that Plaintiff does make as to the LN Defendants are no more than mere conclusory statements that the LN Defendants have violated the FCRA without any

---

[1] Plaintiff has not served Defendant LNRSF. In the interests of conserving resources of the parties and this Court, LNRSF joins this motion because, once properly served, LNRSF's arguments in support of dismissal of Plaintiff's Complaint would be identical to those of Defendant LNSS.

allegations of fact to support such a claim. Plaintiff's threadbare recitals of the elements of his cause of action, supported by mere conclusory statements, are insufficient to state a claim under the Supreme Court's controlling holding in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atl. v. Twombly, 550 U.S. 544 (2007).

3. Plaintiff's claim for injunctive relief is improper, as the FCRA clearly invests the authority to seek such relief exclusively with the Federal Trade Commission ("FTC"), not to private plaintiffs.

Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety.

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS LEXISNEXIS SCREENING SOLUTIONS INC. AND LEXISNEXIS RISK SOLUTIONS FL INC. TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's Complaint purports to state a claim against the LN Defendants for violations of the FCRA. However, there are no facts alleged to support any such claim. Plaintiff's Complaint consists of mere legal conclusions that the LN Defendants violated the FCRA. That is all. The Complaint does not provide notice to the LN Defendants of the type of conduct alleged by Plaintiff to be in violation of the FCRA, let alone allege facts sufficient to state a claim. The Supreme Court's recent decisions in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atl. v. Twombly, 550 U.S. at 544 (2007), which interpret Rule 8 pleadings requirements, require more. The Complaint should be dismissed in its entirety as to the LN Defendants.

I. THE SUPREME COURT HAS MADE CLEAR THAT TO STATE A CLAIM, A COMPLAINT MUST ALLEGE FACTS THAT MAKE "PLAUSIBLE" A PLAINTIFF'S CLAIM FOR RELIEF

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly and Iqbal, however, the Supreme Court disapproved an interpretation of Rule 8 that had been used by

2

federal courts for over fifty years.  Twombly rejected the formulation, derived from Conley v. Gibson, 355 U.S. 41, 47 (1957), that a complaint need only set forth a "short and plain statement of the claim" to give a defendant "fair notice" of the plaintiff's claim.  Under the Conley standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. at 45-46.  Twombly rejected Conley's "no set of facts" language as a "phrase [ ] best forgotten as an incomplete, negative gloss on an accepted pleading standard."  550 U.S. at 563.

In Conley's place, Twombly and Iqbal now require a two-step analysis.  Iqbal, 129 S. Ct. at 1949.  First, a court must consider only the factual allegations of the complaint — neither its legal conclusions nor its bare recitation of the elements of a claim — in determining whether the plaintiff has made a plain statement of the grounds of her entitlement to relief.  Fed. R. Civ. P. 8(a); Twombly, 550 U.S. at 555 (providing that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of [action's elements] will not do") (citation omitted and alteration in original); Iqbal, 129 S. Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  The facts pleaded must "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citation omitted).   It is insufficient "that a plaintiff might later establish some set of [undisclosed] facts to support recovery."  Id. at 561 (internal quotations omitted and alteration in original).  Facts must be actually pleaded.  See Bishop v. Lucent Techs., Inc., 520 F.3d 516, 522 (6th Cir. 2008) (providing that courts "should not assume facts that could and should have been pled, but were not") (citation omitted).

3

A complaint must contain "sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Dunkin' Donuts Franchised Rests. LLC v. Colonial Donuts, Inc., No. 6:07-cv-573, 2007 U.S. Dist. LEXIS 46120, at *5 (M.D. Fla. June 26, 2007); accord: Scarbrough v. Astrue, 327 Fed. Appx. 827, 2009 U.S. App. LEXIS 8391, at *4-5 (11th Cir. 2009) (dismissing pro se plaintiff's complaint because it "provided no details about which constitutional rights were allegedly infringed" and thus did not give the defendant "fair notice of what claims [plaintiff] alleged"); Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1377 (M.D. Fla. 2008) (dismissing counterclaim because defendant gave no "details" as to how plaintiff allegedly misappropriated its trade secrets), aff'd, 254 F.R.D. 470, 2008 U.S. Dist. LEXIS 106, 826 (M.D. Fla. 2008). The Eleventh Circuit has recognized that a plaintiff must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Bailey v. Janssen Pharmaceutica, Inc., Fed. Appx. 597, 2008 U.S. App. LEXIS 16183, at *10 (11th Cir. 2008) (internal quotation marks and citations omitted). Accord: Silver v. Hoffman, No. 6:07-cv-1670, 2007 U.S. Dist. LEXIS 93668, *4 (M.D. Fla. Dec. 19, 2007) (dismissing claim because the allegations were not "clear").[2]

Second, if the plaintiff has alleged sufficient facts to bear out the elements of the claim, the court must then consider whether the adequately pleaded facts state a "plausible," rather than

---

[2] Similarly, it has been recognized that motions to dismiss "serve the useful function of ending non-meritorious cases before a defendant is subjected to possibly extensive discovery and litigation costs." Jacobs v. Tempur-Pedic Int'l, Inc., No. 4:07-cv-02, 2007 U.S. Dist. LEXIS 91241, at *5 (N.D. Ga. Dec. 11, 2007) (granting defendant's motion to dismiss after finding plaintiffs' complaint did not allege facts that would show plausible grounds from which to infer illegal conduct).

a merely "possible" claim.  Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1953-54.  In this regard, to determine in the first instance whether a complaint sufficiently alleges a *possible* claim, a court must consider the elements of the claim asserted, as well as the nonconclusory allegations of the complaint.  If a complaint states a *possible* claim, it must also state a *plausible* claim, and that analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  (Citation omitted.)  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 1949 (citation and internal quotations omitted).  As explained below, Plaintiff's Complaint falls terribly short of this standard.[3]

II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE FACTS TO SUPPORT A "PLAUSIBLE" CLAIM FOR RELIEF AGAINST THE LN DEFENDANTS

Plaintiff references the LN Defendants in only eight paragraphs of his 210-paragraph Complaint.[4]  Those references do not allege any facts to show that the LN Defendants engaged in any conduct as to Plaintiff that would entitle Plaintiff to relief under the FCRA.  Plaintiff's Complaint therefore does not assert a "plausible" claim for relief against the LN Defendants, does not meet the minimal pleading requirements Rule, and must be dismissed as to the LN Defendants.

    A. Plaintiff's Complaint Fails to Allege Facts to Show that the FCRA Applies to the LN Defendants

---

[3] A pro se litigant, as Plaintiff is here, is still subject to the same laws and court rules as a litigant represented by counsel, including the Federal Rules of Civil Procedure and this Court's local rules.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863, 110 S. Ct. 180.

[4] Two of those eight paragraphs fall under the "Jurisdiction and Venue" section of the Complaint, stating only that LNRSF is "a Georgia corporation, authorized to do business in Florida" and that LNSS "is a Minnesota corporation, authorized to do business in Florida."  Complaint, ¶¶ 14-15.

The FCRA is codified at 15 U.S.C. § 1681, et seq., and is a statutory scheme that regulates the preparation and dissemination of "consumer reports" by "consumer reporting agencies," both of which are terms of art. See 15 U.S.C. § 1681a(d)(1) (defining "consumer reports"); 15 U.S.C. § 1681a(f) (defining "consumer reporting agency"); see also Yang v. Gov't Employees Ins. Co., 146 F. 3d 1320, 1322 (11th Cir. 1998) ("The FCRA seeks to promote the credit reporting industry's responsible dissemination of accurate and relevant information."); Dennis v. Turner, No. 1:97-0222, 1999 U.S. Dist. LEXIS 3322, at *6 (S.D. Ala. Mar. 2, 1999) (the FCRA is "a detailed statutory scheme concerning the collection and dissemination of consumer credit information by credit reporting agencies").  Plaintiff fails to allege facts that, if proven, would establish that the FCRA even applies to the LN Defendants (i.e., that they are consumer reporting agencies that prepare and disseminate consumer reports).

Plaintiff's sole "allegation" that the LN Defendants are "consumer reporting agencies" appears in Count I of the Complaint at Paragraph 184.  Plaintiffs allege that the LN Defendants, as well as five other defendants, "are consumer reporting agencies as defined in § 1681(f) [sic], regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in § 1681(a)(b) [sic], to third parties for monetary compensation."

All Plaintiff's "allegation" does is paraphrase the definition of "consumer reporting agency," which is insufficient.  This is a mere legal conclusion disregarded on a motion to dismiss for failure to state a claim.  Twombly, 550 U.S. at 554-555.

To fall within the definition of "consumer reporting agency," an entity must engage in specific business activities and must publish specific kinds of reports that are used or intended to be used to determine a person's eligibility for specific statutorily-defined items.  15 U.S.C. §§

6

1681a(f), 1681a(d), and 1681b.  Accord:  <u>Chipka v. Bank of Am. Nat'l Assoc.</u>, No. 09-11364, 2009 U.S. App. LEXIS 26705, at *5 (11th Cir. Dec. 8, 2009) ("The [FCRA] defines a 'consumer reporting agency' as 'any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties . . .'") (citation omitted).  Accordingly Plaintiff must allege some facts regarding the business activity in which the LN Defendants were engaged, the information that they evaluated or assembled to prepare a consumer report on Plaintiff, the persons to whom they provided the report, whether that report was used to determine Plaintiff's eligibility for a statutorily-defined item, and the means by which they provided the report.  <u>Id</u>.  Because Plaintiff alleges no such facts, the Complaint should be dismissed as to the LN Defendants.

      B.      Plaintiff's Complaint Fails to Allege Facts Showing that the LN Defendants Violated the FCRA

In addition to failing to adequately allege facts to show that the FCRA even applies to the LN Defendants, Plaintiff's Complaint makes broad and conclusory statements that the LN Defendants violated the FCRA without providing any factual support for such claims.  Such statements are insufficient to state a "plausible" claim under Rule 8, as interpreted by <u>Twombly</u> and <u>Iqbal</u>.

Paragraphs 186 and 187 of Plaintiff's Complaint[5] appear to be an attempt to allege that the LN Defendants violated the reinvestigation obligations of 15 U.S.C. § 1681i.  Section

---

[5] In Count I, Paragraph 186, Plaintiff "alleges" that the LN Defendants "have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff.  This information has consisted of numerous delinquent tradelines and inquiries."  In Paragraph 187, Plaintiff "alleges" that the LN Defendants "reported

(footnote cont'd…)

7

1681i(a)(1)(A) provides that, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer . . . the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ."  Plaintiff's Complaint contains no factual allegations to establish a "plausible" violation of § 1681i.  Plaintiff has not alleged any facts as to what information on his credit file is inaccurate, when he disputed that information and to whom, what reinvestigation procedures the LN Defendants followed, why those procedures were unreasonable, what the LN Defendants concluded from their reinvestigation, and what actions the LN Defendants failed to take that they should have taken following their reinvestigation.

Similarly, Paragraphs 51, 52 and 196 of Plaintiff's Complaint provide a list of various FCRA violations by the LN Defendants, but contain only a brief restatement of the provisions of the FCRA allegedly violated, not facts supporting a plausible entitlement to relief for those violations.  Paragraphs 51 and 52 state that LNRSF and LNSS, respectively:

> "failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the reports; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by

---

(…cont'd)

this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information."

8

>the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report."

Paragraph 196 repeats each one of the above statements and adds a statutory cite for some (but not all) of them. As the United States Supreme Court has made clear, merely restating the statutory text is not a sufficient factual allegation under Rule. Bell Atl. v. Twombly, 550 U.S. 544-555, 127 S. Ct. 1955 (2007). Rather than list provisions of the FCRA that Plaintiff alleges the LN Defendants violated, Plaintiff must allege facts showing how the LN Defendants violated those provisions. He did not do so.

Plaintiff's conclusory allegations do not rise above the speculative level, much less allow this Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949, 1950 (citation omitted); McCreary v. Brevard Cty., No. 6:09-cv-1394, 2010 U.S. Dist. LEXIS 4190, at *14 (M.D. Fla. Jan. 20, 2010) (Fawsett, J.) (dismissing plaintiff's 42 U.S.C. § 1985 claim because "the Complaint fail[ed] to allege facts suggesting the existence of an agreement between the Defendants, as required to satisfy the first element of a § 1985(3) claim") (citation omitted); Signature Flight Support Corp. v. Am. Trans Air, Inc., No. 8:07-cv-2219, 2010 U.S. Dist. LEXIS 19819, at *8-10 (M.D. Fla Mar. 5, 2010) (dismissing plaintiff's breach of contract claim because plaintiff "fail[ed] to allege facts sufficient to establish consideration, definite and certain terms, the plaintiff's performance of required conditions, and breach," all elements of a breach of contract action). Accord: Rush v. Macy's New York, Inc., 596 F. Supp. 1540, 1542 (S.D. Fla. 1984) (dismissing plaintiffs' complaint after finding that it "fail[ed] to allege any elements necessary for determining

9

[defendant's] status as a consumer reporting agency"), aff'd 775 F.2d 1554, (11th Cir. 1985). As Plaintiff does nothing more than state legal conclusions or implausible factual inferences, the Complaint should be dismissed as to the LN Defendants.

III.  COUNT IV OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF UNDER THE FCRA

The FCRA does not provide a private right of action for injunctive relief. 15 U.S.C. §§ 1681n and 1681o provide Plaintiff's remedies for violations of the FCRA, and those sections do not provide for injunctive relief. Although Section 1681s(a) references injunctive relief, the authority to seek that remedy sits with the FTC. 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this subchapter shall be enforced under the Federal Trade Commission Act . . . by the Federal Trade Commission").

"[T]he affirmative grant of power to the FTC to purse [sic] injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC." Preston v. Mortgage Guar. Ins. Corp. of Milwaukee, No. 5:03-cv-111, 2003 U.S. Dist. LEXIS 26765, at *14 (M.D. Fla. Dec. 19, 2003) (granting defendant's motion for judgment on the pleadings on individual plaintiffs' claims for injunctive relief under the FCRA) (citations omitted). Accord: Mangio v. Equifax, Inc., 887 F. Supp. 283, 285 (S.D. Fla. 1995) (dismissing plaintiff's claim for injunctive relief after concluding such relief was unavailable to private individuals under the FCRA); Washington v. CSC Credit Serv., Inc., 199 F.3d 263, 268 (5th Cir. 2000) (same), cert. denied, 530 U.S. 1261, 120 S. Ct. 2718. If Congress wished to provide an equitable remedy to private litigants, then it would have expressly created such a remedy under Sections 1681n and 1681o. Accordingly, this Court should dismiss Count IV of Plaintiff's Complaint as to the LN Defendants as well.

IV.     CONCLUSION

This Court should dismiss Plaintiff's Complaint as to the LN Defendants under Fed. R. Civ. P. 8(a) and 12(b)(6) based on Plaintiffs' failure to plead facts that could form the basis of a plausible FCRA claim.

                                                           Respectfully submitted,

                                                           /s/ *Rachael M. Crews*
                                                         **RACHAEL M. CREWS, ESQ.**
                                                         rcrews@gray-robinson.com
                                                         Florida Bar No. 0795321
                                                         GRAYROBINSON, P.A.
                                                         P.O. Box 3068
                                                         Orlando, FL  32802-3068
                                                         Telephone (407) 843-8880
                                                         Facsimile   (407) 244-5690
                                                         Attorneys for Defendants LexisNexis
                                                         Screening Solutions Inc. and LexisNexis Risk
                                                         Solutions FL Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2010, a true and correct copy of the foregoing Motion of Defendants LexisNexis Screening Solutions Inc. and LexisNexis Risk Solutions FL Inc. to Dismiss Plaintiff's Complaint and Memorandum in Support was served via U.S. Mail on the following:

>Larry Rumbough
>840 Lilac Trace Lane
>Orlando, FL 32828

and electronically filed with the Clerk of the Court using the CM/ECF system.

>/s/ Rachael M. Crews
>RACHAEL M. CREW