UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:10-cv-117

LARRY RUMBOUGH, individually, et al.

    Plaintiffs,

vs.

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

    Defendants.

_____/

**HSBC CARD SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

    COMES NOW, Defendant HSBC Card Services, Inc. ("HSBC"), by and through undersigned counsel and files this Motion to Dismiss Plaintiff, Larry Rumbough's ("Rumbough"), Complaint (D.E. 1) pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, and states:

    1.    Rumbough's Complaint alleges that HSBC has violated certain provision of the Fair Credit Reporting Act ("FCRA"). Only Count I of Rumbough's Complaint is directed toward HSBC.

    2.    Rumbough has alleged very few "factual allegations" pertaining to HSBC. Those allegations are contained in paragraphs 77-82 of the Complaint. (D.E. 1).

    3.    Based upon these conclusory and bare bones allegations, Rumbough claims that HSBC "willfully violated §1681b(f) [of the FCRA] by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely

1

representing or certifying that the report was being obtained for a permissible purpose as defined by §1691b." (D.E. 1, ¶ 197(a)).

4. Rumbough also claims that HSBC "violated §1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies." (D.E. 1, ¶ 197(b)).

5. Rumbough has failed to state a cause of action against HSBC in Count I, and Rumbough's Complaint should be dismissed.

## MEMORANDUM OF LAW

Rumbough's factual allegations are insufficient to show that HSBC engaged in conduct in violation of the FCRA. Taken as a whole the allegations are nothing more than legal conclusions which fail to provide HSBC with sufficient notice of the alleged wrongful conduct. Based upon *Ascroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007), Rumbough's Complaint does not meet the Rule 8 pleading requirements, making dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure appropriate.

Rule 12(b)(6) requires the Court to accept all factual allegations in a complaint as true and to be taken in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1335, 1335 (11th Cir. 2003). However, this principle does not apply to legal conclusions in that [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 129 S. Ct. at 1949. Rumbough's status as a *pro se* plaintiff does not relieve him of these pleading requirements. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Rumbough's complaint merely regurgitates the applicable federal statutes (D.E. 1, ¶ 197) and recasts them as "factual" allegations. (D.E. 1, ¶¶77-82). The "factual"

allegations are mere conclusions, nothing more. For example, Rumbough offers no facts directed toward what "false information" HSBC allegedly reported (D.E. 1, ¶ 77) or what "negative information" is at issue. (D.E. 1, ¶ 79). Moreover, the Complaint fails to allege any specifics regarding Rumbough's alleged disputes directed toward his HSBC accounts. (D.E. 1, ¶ 77). Finally, Rumbough's allegations directed toward HSBC's alleged improper "pulling" of his credit report are conclusory on their face. (D.E. 1, ¶¶ 80-82). The "factual allegations" pertaining to HSBC are nothing more that a paraphrasing of the language of the applicable federal statutes. Rumbough's Complaint epitomizes the type of pleading deemed insufficient in *Iqbal*. Accordingly, Rumbough's Complaint should be dismissed under Rule 12(b)(6).

WHEREFORE, HSBC Card Services, Inc. respectfully requests an Order from this Court dismissing Plaintiff's Complaint, and for any further relief the Court deems just and proper.

Dated: April 12, 2010

Respectfully Submitted,

SQUIRE, SANDERS & DEMPSEY
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
561.650.7200
561.655.1509 Facsimile

By: */s/ Jason Daniel Joffe*
Traci H. Rollins, P.A.
Florida Bar No. 769071
trollins@ssd.com
Jason Daniel Joffe
Florida Bar No. 0013564
jjoffe@ssd.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of April 2010, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically transmit notice via Notices of Electronic Filing generated by CM/ECF. The foregoing was served on Plaintiff, Larry Rumbough, via US Mail at the following address:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828

*/s/ Jason Daniel Joffe*