## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-v-

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; CBC COMPANIES;
CHEXSYSTEMS COLLECTION AGENCY, INC.;
LEXISNEXIS RISK SOLUTIONS FL INC.;
LEXISNEXIS SCREENING SOLUTIONS INC.;
JEFFERSON CAPITAL SYSTEMS, LLC; MANN
BRACKEN, LLC; LAW OFFICES OF ERSKINE &
FLEISHER; BANK OF AMERICA CORPORATION;
HSBC CARD SERVICES, INC.; CHECKNET;
JPMORGAN CHASE & CO.; CAPITAL
MANAGEMENT SERVICES, LP; FIRSTSOURCE
ADVANTAGE, LLC; PFG OF MINNESOTA, INC.;
RICHARD J. BOUDREAU & ASSOCIATES, LLC;
ALLIANCEONE RECEIVABLES MANAGEMENT,
INC.; REGIONS BANK; GE CAPITAL LLC; NCO
FINANCIAL SYSTEMS, INC.; B-LINE, LLC; B-
REAL, LLC; PHILLIPS & COHEN ASSOCIATES,
LTD., CORP.; AVALON FINANCIAL SERVICES,
LLC; CAPITAL ONE BANK; FIRST PREMIER
BANK; COLLECTCORP CORPORATION;
SUNTRUST BANK; ACS EDUCATION SERVICES,
INC.; NATIONAL RECOVERY AGENCY, INC.;
LEADING EDGE RECOVERY SOLUTIONS,
L.L.C.; GALAXY PORTFOLIOS, LLC; AMERICAN
EXPRESS COMPANY; and CITIFINANCIAL, INC.,

    Defendants.

Case No. 6:10-cv-117- MSS-DAB

## THE CRA DEFENDANTS' MOTION TO DISMISS AND
## MEMORANDUM IN SUPPORT

COME NOW, Defendants Equifax Information Services LLC ("Equifax"), Trans Union

LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (collectively

referred to as the "consumer reporting agencies" or the "CRAs"), and, pursuant to Federal Rules

of Civil Procedure 12(b)(6) and 4(m), file this Motion to Dismiss and Memorandum in Support.

For the reasons discussed below, the motion should be granted.

## INTRODUCTION

This is Plaintiff's second lawsuit against the CRAs in this Court.  *See Rumbough v.*

*Equifax Information Services LLC, et al.*, Case No. 6:07-cv-1136 (M.D. Fla. Orlando Division)

("*Rumbough I*").   On October 27, 2008, the Court dismissed *Rumbough I* with prejudice and

ordered Plaintiff to pay Equifax $2,269.48 for its litigation costs to defend the action.  *See*

*Rumbough I*, copy of order awarding costs, attached hereto as Exhibit A.  To date, Plaintiff has

not paid those costs.  Furthermore, this court can take judicial notice of the events of *Rumbough I*

in reaching a decision in this case.[1]

In this lawsuit, as in *Rumbough I*, Plaintiff, proceeding *pro se*, alleges that the CRAs

violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").  Doc. 1, ¶¶ 46-48;

184-196.  Specifically, Plaintiff alleges that the CRAs

> failed in the preparation of Plaintiff's reports, to follow reasonable procedures to
> assure the maximum possible accuracy of the information in the report; failed to
> provide all of the information on file, failed to provide trained personnel to
> explain to Plaintiff the information in his file, failed to delete incomplete,
> misleading and inaccurate information in Plaintiff's file after being advised of
> such by Plaintiff or after conducting reinvestigations, failed to provide subsequent
> users of the report with the Plaintiff's statement of dispute or summary thereof,
> failed to properly advise Plaintiff of his ability to make a consumer explanation,
> failed to properly notify, train or other wise advise its own subscribers about
> purging their records of inaccurate information concerning Plaintiff; failed to
> establish any procedure by which reinvestigation would occur immediately upon
> the republication by the credit grantor of the inaccurate information or failed to
> have a reasonable procedure by which to immediately notify the Plaintiff that the
> same inaccurate information, previously deleted or disputed, was rereported by

---

[1]   *See, e.g.*, Fed. R. Evid. 201; *Wagner v. Daewoo Heavy Industries Corp.*, 289 F.3d 1268, 1274, n. 7 (11th Cir.
2002), citing *United States v. Rey*, 811 F.2d 1453, 1457, n. 5 (11th Cir. 1987) ("A court may take judicial notice of
its own records and the records of inferior courts."); *Biasella v. City of Naples*, 2005 WL 1925705 at *10 (M.D. Fla.
Aug. 11, 2005).

the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report."

*Id.* ¶ 46-48.  Plaintiff's Complaint against the CRAs should be dismissed, in whole or in part, for any of the following reasons: (1) Plaintiff failed to serve his complaint on the CRAs within 120 days of filing as required by Federal Rule of Civil Procedure 4(m); (2) Plaintiff's class allegations should be dismissed under well-established case law holding that a *pro se* plaintiff cannot maintain a class action; and (3) Plaintiff's failure to pay the costs in *Rumbough I* should result in the dismissal of his case or, at a minimum, a stay of this case until Plaintiff pays those costs.

## PROCEDURAL HISTORY

### I.  *RUMBOUGH I*

Plaintiff filed *Rumbough I* against the CRAs for alleged violations of the FCRA and common law defamation.  *See Rumbough I*, Complaint ¶ 1, attached hereto as Exhibit B.  The parties engaged in extensive discovery and motion practice.  Plaintiff was ordered to post a $3,000 bond for the litigation costs of each of three CRA defendants.  *See Rumbough I*, order granting CRAs' motion for costs, attached hereto as Exhibit C.  Equifax and Experian filed their respective motions for summary judgment on all of Plaintiff's claims on August 1, 2008.[2]  The Court granted both motions on October 20, 2008 and entered judgment against Plaintiff on October 27, 2008.  *See* Exhibit A.  Equifax filed its Bill of Costs on November 10, 2008 and the court taxed costs against plaintiff in favor of Equifax for $2,269.48.  *See Rumbough I*, Clerk's entry of Equifax's Bill of Costs, attached hereto as Exhibit D.  Plaintiff currently has an unpaid judgment of $2,269.48 against him for Equifax's Bill of Costs related to *Rumbough I*.

---

[2]  Trans Union LLC and Plaintiff settled *Rumbough I* prior to the dispositive motions deadline.

## II.     THE PRESENT CASE

On January 21, 2010, Plaintiff filed his current Complaint.  Doc. 1.  The Court's records indicate that on February 1, 2010 summons was issued by the Clerk to all parties to this case. *See* Feb. 1, 2010 Docket Text Entry.  Equifax and Trans Union were not served until June 2, 2010.  *See* Returns of Service of Summons, collectively attached hereto as Exhibit E.  Experian was not served until June 3, 2010.  *See* Return of Service of Summons, attached hereto as Exhibit F.  There are over 100 entries on the Court's docket for this case, yet Plaintiff did not serve the CRAs until at least 132 days after he filed his complaint.

Plaintiff makes non-fact-specific allegations against the CRAs, which include a laundry list of presumed FCRA violations.  Doc. 1, ¶¶ 46-48; 184-196.  Plaintiff's FCRA claims against the CRAs include:  (1) § 1681(g) (failure to provide all information on file); (2) § 1681 (h)(c) (failure to provide trained personnel to explain information contained in file); (3) § 1681(i)(a) (failure to delete incomplete, misleading or inaccurate information in file); and (4) § 1681 (i)(c) (failure to provide subsequent users of report with his statement of dispute of summary thereof). Further, in his "Preliminary Statement," Plaintiff states that he is bringing his lawsuit on behalf of himself and others similarly situated, although he provides neither a class definition nor any other information concerning his class claims.  Doc. 1, Preliminary Statement.

## ARGUMENT AND CITATION OF AUTHORITY

## I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FRCP 4(m).

Most fundamentally, Plaintiff's Complaint should be dismissed for failure to effect timely service.  Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the

> plaintiff, shall dismiss the action without prejudice as to that
> defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the
> court shall extend the time for service for an appropriate period.

As discussed below, Plaintiff failed to comply with the requirements of Rule 4(m).

### A.  The Plaintiff Did Not Perfect Service Within 120 Days of Filing The Complaint.

It is undisputed that Plaintiff did not serve the CRAs within the 120 days required by Rule 4(m).  As noted above, the Complaint was filed on January 21, 2010, and was not served on the CRAs until June 2 (Equifax and Trans Union) and June 3 (Experian).  Plaintiff's failure to comply with this rule requires dismissal.  *See Aetna Business Credit, Inc. v Universal Décor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981)  In the absence of valid and timely service of process, proceedings against a party are void for lack of jurisdiction.  The Court need go no further in dismissing Plaintiff's Complaint.

### B.  Plaintiff Cannot Establish Good Cause To Excuse His Failure to Effect Timely Service.

Rule 4(m) contains a narrow "good cause" exception, but it does not apply here.  The plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the 120-day deadline.  *Sanders v. Fluor Daniel, Inc.,* 151 F.R.D. 138, 139 (M.D. Fla. 1993) ("Where the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure").  To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance, and (3) the basis for the delay was more than simple inadvertence or mistake.  *Id.; see also Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991); *Horenkamp v. Van Winkle and Co.,* 402 F.3d 1129, 1130-31 (11th Cir. 2005) (holding that mistake by plaintiff is not good cause under Rule 4( m)).

In this case, Plaintiff cannot demonstrate good cause for a mandatory extension under Rule 4(m) to serve the CRAs because he knew for more than four months that the CRAs have not been served.  In *Rouchon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987), the Fifth Circuit affirmed the district court's dismissal of a complaint where the plaintiff knew that the U.S. Marshal's service had failed to properly serve the defendant.  The Court explained that "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.*  Here, assuming that Plaintiff actually attempted to serve the CRAs at any time prior to the expiration of the 120 days, he must have known that his attempts were unsuccessful.  Thus for more than four months, Plaintiff had actual knowledge that he failed to effect service on the CRAs.  Under these circumstances, Plaintiff cannot establish good cause for a mandatory extension of time to serve the CRAs.  *See Steinberg v. Barclay's Nominees*, 2008 WL 4500395 at *3 (S.D. Fla. Sept. 30, 2008) (motion to dismiss pursuant to Rule 4(m) granted).  This Court should similarly dismiss this action against the CRAs.

For the same reasons, the Court should also decline to grant any discretionary extension of time under Rule 4(m).  A plaintiff is responsible for serving the defendant with both a summons and a copy of the complaint within the time permitted under Rule 4(m).  *See Corning v. Lodgenet Interactive, Inc.*, 2009 WL 3294837 at *1 (S.D. Fla. Oct. 13, 2009).  Plaintiff did not do that here and has offered no reason for his non-compliance.  This is not a difficult issue to resolve.  Plaintiff simply did not serve the complaint within the time required under Rule 4(m).  Plaintiff is a professional litigant and should be well aware of the Federal Rules of Civil Procedure.  Further, *"Pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Asad v. Crosby,* 158 Fed. Appx. 166, 171 (11th Cir. 2005).

Plaintiff knew how to locate the CRAs; indeed, Plaintiff filed the same lawsuit against the other CRAs three years ago, yet apparently made no effort at all to serve the CRAs in this case within the required time.  Accordingly, his Complaint should be dismissed.

## II.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLASS ALLEGATIONS BECAUSE A PRO SE LITIGANT CANNOT REPRESENT A CLASS.

Plaintiff, who is not an attorney, purports to bring this case on behalf of him and "on behalf of others similarly situated, as private attorney general." Doc. 1, ¶ 4.  The law is clear, however, that a *pro se* plaintiff, particularly one who is not an attorney, cannot bring a representative action.  *See Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (non-attorney proceeding *pro se* cannot adequately represent class); *Fowler v. Lee*, 18 Fed. Appx. 164, 165 (4th Cir. 2001) (class certification not available when *pro se* litigant proposes to act as representative of class); *Welch v. Terhune*, 11 Fed. Appx. 747, 747 (9th Cir. 2001) (district court properly determined that *pro se* litigant could not prosecute case as class action).

In federal court, a party can represent himself or herself, or be represented by an attorney, but cannot be represented by a non-lawyer.  *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (*pro se* litigant may not appear as attorney for others); *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 526 n.4 (S.D.N.Y. 2008) ("A pro se plaintiff may not seek to represent the interests of third parties.") (quoting *Rodriguez v. Eastman-Kodak Co.*, 88 Fed. Appx. 470, 471 (2d Cir. 2004)).  Because Plaintiff is not an attorney, he may not represent the other purported class members and his class allegations must be dismissed.

III.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED OR, AT A MINIMUM, STAYED DUE TO HIS FAILURE TO PAY THE COSTS ASSESSED AGAINST HIM IN** *RUMBOUGH I.*

The present lawsuit continues Plaintiff's pattern and practice of filing frivolous lawsuits against the CRAs.  (See Order and Opinion attached hereto as Exhibit G.)  Plaintiff's meritless lawsuit in *Rumbough I* was dismissed and Plaintiff was ordered to pay costs.  See Exhibit C. Plaintiff has not paid those costs.  Given the similarities between *Rumbough I* and this case along with the fact that Plaintiff has not paid the costs he was ordered to pay in that case, it is within this Court's power to dismiss or stay this case pending payment of the costs of *Rumbough I.  See, e.g., Mitchell Co., Inc. v. Campus*, 2009 WL 2567889 at *13 n. 4 (S.D. Ala. Aug. 18, 2009) ("in applying Rule 54(d) courts have the authority to stay subsequent cases for failure to pay costs in prior cases"); *see also Sanderson v. Ford Motor Co.*, 90 F.R.D. 375, 376 (N.D. Ala. 1981) ("The general rule is well recognized that a court may enter an order staying further proceedings until costs taxed in an earlier proceeding have been paid …")

Further this court also has inherent equitable powers to grant the relief sought here.  *See AT&T Broadband v. Tech Communications, Inc.*, 381 F.3d 1309, 1316 (11th Cir. 2004) ("all inherent equitable powers of the district court are available for the proper and complete exercise of that jurisdiction"), citing *Porter v. Warner Holding Co.,* 328 U.S. 395, 398 (1946); *Levi Strauss & Co. Sunrise Intern. Trading, Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("a district court may exercise its full range of equitable powers"); *see generally Abermarle Paper Co., v. Mood*y, 422 U.S. 405, 418 (1975) ("Congress took care to arm the courts with full equitable powers."). The Court should dismiss or stay the case based on Plaintiff's failure to pay the costs assessed against him in *Rumbough I.*

IV.   **PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

In any event, Plaintiff fails to state a claim under Rule 12(b)(6), *see Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (holding dismissal of complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible" is proper); *see also, Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1938, 1949 (2009) (reaffirming the analysis in *Twombly*).   As a general rule, a court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief.   Plaintiff in this case must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. 1974.   Plaintiff has clearly failed to do so here and this case should be dismissed on this alternative ground.   *See Reilly v. Commisioner of Social Sec.,* 2010 WL 2103028 at *5 (M.D. Fla. Apr. 15, 2010) (motion to dismiss granted, applying *Iqbal*).

Plaintiff filed suit against the CRAs on January 21, 2010, seeking damages and/or injunctive relief because he "believes Trans Union, Equifax and Experian have failed in the preparation of his credit reports  to follow reasonable procedures to assure the maximum possible accuracy of the information in the report." (Complaint ¶¶ 46-48.)  Plaintiff, however, fails allege any factual basis to support his claims.   Plaintiff completely fails to state what if any credit history information on his Equifax, Trans Union, or Experian consumer credit file is inaccurate.

Conversely, the Supreme Court also analyzed *Twombly* holding that "Rule 8's pleading requirements need not be relaxed."   129 S. Ct. at 1949.   Instead, the Court reaffirmed the *Twombly* ruling that factual allegations in a complaint "must be enough to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965.

Significantly for this case, two weeks after *Twombly*, the Supreme Court took up the issue of pro se pleading standards in *Erickson v. Pardus*, __ U.S. ___, 127 S. Ct. 2197 (2007). In *Erickson*, the Court noted that a "document filed pro se is to be liberally construed, and a *pro se* complaint however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers" *Id.* at 2200. Nevertheless, even under the liberal pleading standards afforded *pro se* plaintiffs, Plaintiff's Complaint does not come anywhere close to stating a claim for relief that can be granted. Plaintiff recites non-specific events not related to the current action and gives no indication on what date or at what time the CRAs did or failed to do an act related to his credit file information. He simply lumps all of the CRAs in sentences to ultimately conclude he is entitled to having damages awarded to him (Complaint ¶¶ 184-196.) This is precisely the type of conclusory pleading prohibited under *Twombly*.

Accordingly, dismissal is proper because the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974 (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plaintiff's complaint completely fails to meet the liberal standards the Supreme Court set for pleading requirements for litigants under both *Twombly* and *Erickson*. As such, a dismissal under Rule 12(b)(6) should be granted here where the allegations show "on the face of the complaint, that there is some insuperable bar to relief.". Even assuming the version of the sparse "facts" pled in Plaintiff's Complaint, these facts simply do not and cannot state a cause of action against the CRAs.

## V.  PRIVATE PLAINTIFFS CANNOT SEEK INJUNCTIVE RELIEF AGAINST CONSUMER REPORTING AGENICES.

This Court further should dismiss Plaintiff's request for injunctive relief as a private plaintiff cannot seek injunctive relief under the FCRA. *See Mangio v. Equifax, Inc.*, 887 F.

Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's discretion to enforce the FCRA); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *In re Trans Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]."); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy.").

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section makes any mention of injunctive relief. Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC. *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . . by the Federal Trade Commission). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). *See Gonzalez v. Macy's, Equifax Information Services LLC et al.*, 2006 WL 5849317,*1 (S.D. Fla. Dec. 12, 2006) (granting motion to dismiss declaratory and injunctive relief claim under the FCRA) ("Upon a review of the FCRA's civil remedy provisions, the plain language of the statute reveals that a private plaintiff can only obtain compensatory damages, punitive damages and attorney's fees").

As the courts have held, if Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly

created an equitable remedy under Sections 1681n and 1681o.  *See Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.  Not only is injunctive relief not available under the FCRA, but it is not available under common law either, because the FCRA preempts state law to the extent those laws are inconsistent with the FCRA.  *See Achille Varricchio vs. Capital One Inc. d/b/a Capital One Bank et al*., 2007 WL 917226, *2 (S.D. Fla. March 23, 2007) (ruling that "the plain language of the [FCRA] authorizes district courts to enforce only 'liability' of a credit agency to an individual and does not instruct district courts to insure 'compliance'"); *Hamilton v. DirecTV, Inc.,* 642 F.Supp.2d 1304 (M.D. Ala. 2009) ("Equitable relief is not available to private citizens under the Fair Credit Reporting Act").  Thus Plaintiff's claim for injunctive relief in this case should be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth above, the CRAs respectfully request that their motion be granted and Plaintiff's Complaint against them be dismissed.

Dated: June 23, 2010                    Respectfully submitted,
St. Petersburg, Florida

**EQUIFAX INFORMATION SERVICES**          **EXPERIAN INFORMATION**
**LLC**                                    **SOLUTIONS INC.**

*/s/ Andrea N. Zdaniewski*                 */s/ Thomas Tierney with permission*
Andrea N. Zdaniewski, Esquire             Thomas Tierney
anz@thompsongoodis.com                    Florida Bar Number 0390150
Florida Bar Number: 0647330               Rossway Moore & Taylor
James B. Thompson, Jr., Esquire           The Modern One Building
Jtthompson@thompsongoodis.com             2101 Indian River Boulevard
Florida Bar Number: 0872938               Suite 200
Jason M. Stedman, Esquire                 Vero Beach, Florida 32960
jms@thompsongoodis.com                    Telephone: (772) 231-4440
Florida Bar Number: 0184888               Facsimile: (772) 231-4430
Thompson, Goodis, Thompson, Groseclose,   ttierney@verobeachlawyers.com
Richardson & Miller, P.A.
P.O. Box 90
St. Petersberg, Florida 33731
Telephone: (727) 823-0540
Facsimile: (727) 823-0230

Of Counsel:

J. Anthony Love
Florida Bar No. 67224
King & Spalding, LLP
1180 Peachtree Street, NW
Atlanta, GA  30309
Telephone:  (404) 572-4600
Facsimile: (404) 572-5100
Email: tlove@kslaw.com

Attorneys for Defendant Equifax Information
Services LLC

**TRANS UNION LLC**

*/s/ Tracy A. Marshall with permission*
TRACY A. MARSHALL
Florida Bar No: 0863300
GRAY|ROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, FL 32801

Telephone: (407) 843-8880
Facsimile (407) 244-5690

Attorneys for Defendant Trans Union LLC

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2010, I have made service of the foregoing CRA DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT on the party listed below in the manner indicated:

U.S. Mail       \_\_\_\_\_x_____
Facsimile      _____
Hand Delivery   _____
Overnight Courier  _____
Email:        _____
Electronically via
CM/ECF System  \_\_\_\_\_x_____

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
*Pro Se Plaintiff*

Richard B. Weinman
Winderweedle, Haines, Ward & Woodman
390 N. Orange Ave., Suite 1500
P.O. Box 1391
Orlando, Florida 32802-1397
*Attorneys for Defendant ChexSystems*

Rachael M. Crews
GrayRobinson, PA
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
*Attorneys for Defendant LexisNexis*

Cheryl E. Rose
Offit Kurman
12154 Darnestown Road
Box 623
Gaithersburg, Maryland 20878
*Attorneys for Defendant Mann Bracken, LLC*

Dayle Marie Van Hoose
Elizabeth Katherine Fite Blanco
Kenneth C. Grace
Sessions, Fishman, Nathan & Israel LLC
3350 Buschwood Park Dr., Suite 195

Stanley B. Erskine
Law Offices of Erskine & Fleisher
55 Weston Road, Suite 300
Ft. Lauderdale, Florida 33326
*Attorneys for the Law Offices of Erskine & Fleisher*

Christi Adams
Samantha Rae Powers
Foley & Lardner, LLP
111 N. Orange Ave., Suite 1800
P.O. Box 2193
Orlando, Florida 32802-3235
*Attorneys for Defendant Bank of America*

Jason D. Joffe
Squire, Sanders & Dempsey, LLP
200 S. Biscayne Blvd., 41st Floor
Miami, Florida 33131-2398
*Attorneys for Defendant HSBC*

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Blvd., Suite A
Tampa, Florida 33606
*Attorneys for Defendant AllianceOne*

Gary J. Lublin
Rush, Marshall, Jones & Kelly PA
109 E. Church Street, 5th Floor
P.O. Box 3146
Orlando, Florida 32802-3146

15

Tampa, Florida 33618
*Attorneys for Defendant NCO Financial*

Joseph E. Foster
Akerman Senterfitt
420 S. Orange Ave., Suite 1200
P.O. Box 231
Orlando, Florida 32801
*Attorneys for Defendant SunTrust Bank*

*Attorneys for Defendants B-Line & B-Real
LLC*

Brian D. DeGailler
Broussard, Cullen & DeGailler, PA
445 W. Colonial Drive
Orlando, Florida 32804-6801
*Attorneys for Defendant ACS Education
Services*

*/s/ Andrea N. Zdaniewski*
Andrea N. Zdaniewski, Esquire

16