UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually
and on behalf of others similarly situated,
as a private attorney general;

       Plaintiff,

vs.                                          Case Number: 6:10-CV-117-ORL-KRS

EQUIFAX INFORMATION SYSTEMS, LLC;
EXPERIN INFORMATION SOLUTIONS, INC;
TRANS UNION LLC; CBC COMPANIES;
CHEXSYSTEMS COLLECTION AGENCY, INC;
LEXISNEXIS RISK SOLUTIONS FL INC.;
JEFFERSON CAPITAL SYSTEMS, LLC.,
MANN BRACKEN, LLC.; LAW OFFICES OF
ERSKINE & FLEISHER; BANK OF AMERICA
CORPORATION; HSBC CARD SERVICES, INC.;
CHECKNET; JPMORGAN CHASE & CO.;
CAPITAL MANAGEMENT SERVICES, LP;
FIRSTSOURCE ADVANTAGE, LLC.;
PFG MMINNESOTA, INC.; RICHARD J. BOUDREAU
& ASSOCIATES, LLC.; ALLIANCEONE RECEIVABLES
MANAGEMENT, FINANCIAL SYSTEMS, INC.;
B-LINE, LLC.; B-REAL LLC; PHILLIPS & COHEN
ASSOCIATES, LTD. CORP.; AVALON FINANCIAL
SERVICES, LLC; CAPITAL ONE BANK FIRST PREMIER
BANK; COLLECTCORP CORPORATION; SUNTRUST BANK;
ACS EDUCATION SERVICES, INC.; NATIONAL RECOVERY
AGENCY, INC.; LEADING EDGE RECOVERY SOLUTIONS, LLC;
GALAXY PROFOLIOS, LLC.;
AMERICAN EXPRESS COMPANY; and
CITIFINANCIAL, INC.;
_____/

### DEFENDANT THE LAW OFFICES OF ERSKINE & FLEISHER'S MOTION TO STAY PURSUANT TO RULE 41 (d) and MOTION TO DIRECT THE PLAINTIFF TO POST SECURITY FOR COSTS AND MEMORANDUM OF LAW IN SUPPORT OF SAME

Comes now the Defendant, the LAW OFFICES OF ERSKINE & FLEISHER, (herein after referred to as "E&F") by and through its undersigned counsel and moves this Court for an order to stay the above cause of action and further directing that the Plaintiff (herein after referred to as "RUMBOUGH") post a security cost bond and in support of same would show

unto this Honorable Court the following, to wit:

## *FACTUAL RELATIONSHIP BETWEEN E & F AND THE PLAINTIFF*

1. On or about July 24, 2003, E & F on behalf of MBNA America Bank, N.A. filed suit against RUMBOUGH to domesticate an Arbitration award for non-payment of a debt disclosing that same was a debt collector as defined by 15 U.S.C. 1692a(g). [(A: 36), all references herein to the designation A:___ with a corresponding number adjacent thereto shall refer to the Exhibits in support of this Motion which are attached herein and incorporated herein by reference. That in addition to which, the same exhibits are also the subject matter of E&F's Request for Judicial Notice pursuant to Rule 201 (b) of the Federal Rules of Evidence]. RUMBOUGH filed an Answer in the latter case (A: 38) and filed a Third Party Complaint against E & F indicating that as a debt collector E&F violated his rights under the FDCPA for not providing him proper validation of a debt. (A. 41).

2. Subsequent thereto, E & F filed another lawsuit against RUMBOUGH for non-payment of a debt on or about May 31, 2005 on behalf of the creditor Oliphant Financial Corporation. (A: 58). Oliphant had purchased the debt from a previous creditor of RUMBOUGH's namely Household Bank who underwrote a credit account for the purchase of furniture by RUMBOUGH at Rhodes Furniture which was never paid. (A:81 to A:85). Prior to the latter suit demands were made upon RUMBOUGH for payment which he disputed and the demanded verification which was sent (A: 81 to A: 82). The latter does not include the dispute made to E & F and additional verification sent to RUMBOUGH before suit was filed. (A:206)

3. Although RUMBOUGH was avoiding service in the latter suit (A. 62 & 63), RUMBOUGH filed bankruptcy (A. 98), and all pending matters between the E&F clients and RUMBOUGH were closed by virtue of same.

4. Thereafter RUMBOUGH filed suit against Equifax (A: 126), and a subpoena was served upon E & F to provide various documents concerning information procured by E & F regarding RUMBOUGH. (A:64 to A:96).

### *FACTS SUPPORTING THAT RUMBOUGH IS A PROFESSIONAL PRO SE LITIGANT*

5. The complaint filed by RUMBOUGH in the above cause (See Docket Entry #1), is strikingly similar to the suit he previously filed against Equifax. (A: 71). The latter suit resulted in a judgment in favor of Equifax and the other Defendants in that case and the case was dismissed with prejudice. (A: 155).

6. During the course of the suit between RUMBOUGH and Equifax et al., Equifax et al, filed a Motion for Security by virtue of the Plaintiff's status as a **professional pro se litigant** and his recalcitrant behavior and abuse in complying with the discovery process. (A: 136). The court was apprised of the wealth of litigation that was precipitated by RUMBOUGH notwithstanding two bankruptcies that were dismissed in this circuit. (A.136 *Also See Case Index below).*

7. In the latter cause Judge Kendall entered an order finding that RUMBOUGH was a professional pro se litigant and based upon the preliminary assessments of the facts granted Equifax's motion for a security cost bond. (A. 147 ). It appears from the court record that RUMBOUGH never complied with the latter order. (A. 126). After the Court dismissed the latter cause with prejudice it assessed court costs against RUMBOUGH (A. 155). Apparently RUMBOUGH never paid same. (A. 158 to 164).

8.      A review of the state and federal Court Dockets in this circuit revealed that the extent of the Plaintiff's litigation was much more extensive than was previously represented by Equifax's counsel, notwithstanding cases since the filing of that suit. (See Case Index below).

9.      It is apparent, that RUMBOUGH is no novice to the legal system. On information and belief, RUMBOUGH is a certified court mediator registered with the State of Florida. (A:205).

10.     A review of the Court dockets for the prior suits precipitated by RUMBOUGH clearly illustrate a pattern of vexation litigation to try and succumb his creditors through expensive litigation to his perspective. (A index of all cases is below with the corresponding docket sheet listing by Exhibit number).

| CASE NUMBER | CASE STYLE | COURT FILING DATE | COURT | EXHIBIT NUMBER |
|---|---|---|---|---|
| 2002-CC-9549 | Conseco Financial Services, Corp. v. Larry Rumbough | 07/16/2002 | Orange County County Court, 9th Circuit | A.1 to A.2 |
| 2002-CA-7515 | Mortgage Registration v. Larry P. Rumbough | 08/07/2002 | Orange County Circuit Court, 9th Circuit | A.3 to A.26 |
| 2002-CA-10653A | MORTGAGE REGISTRATION V Larry Rumbough | 11/05/2002 | Orange County Circuit Court, 9th Circuit | A.27 to A.29 |
| 2003-CC-010153 | MBNA America Bank NA v Larry Rumbough | 07/24/2003 | Orange County, County Court, 9th Circuit | A.30 to A.42 |
| 2004-CC-3316 | Waterford Chase Village Master Community Association v. Larry Rumbough | 3/5/2004 | Orange County County Court, 9th Circuit | A.43 to A.45 |
| 2004-SC-4296 | Lawrence Rumbough v. Pinnacle Financial Corporation | 5/18/2004 | Orange County County Court, 9th Circuit | A.46 to A.50 |
| 2004-CA-9284 | Mortgage Electronic Registration Systems, Inc. v. Larry Rumbough | 11/15/2004 | Orange County, Circuit Court, 9th Circuit | A.51 to A.54 |

| CASE NUMBER | CASE STYLE | COURT FILING DATE | COURT | EXHIBIT NUMBER |
|---|---|---|---|---|
| 2005-CC-7842 | Oliphant Financial Corporation v. Larry Rumbough | 5/31/2005 | Orange County, County Court, 9th Circuit | A.55 to A.96 |
| 5-D06-3168 | Larry Rumbough v. Midland Mortgage Company | 09/12/2006 | 5th District Court of Appeals | A.97 |
| 6:06-BK-02700-ABB | In Re Larry Rumbough | 10/16/2006 | BANKRUPTCY | A.98 to A.113 |
| 5-D07-1767 | Larry Rumbough v. Midland Mortgage Company | 05/25/2007 | 5TH DISTRICT COURT OF APPEALS | A.114 |
| 6:07-BK-02298-ABB | In Re Larry Rumbough | 06/04/2007 | BANKRUPTCY | A.115 to A.123 |
| 2007-CA-12517 | Lawrence Rumbough v. Citi Financial Equity Services, Inc. | 09/28/2007 | Orange County, Circuit Court, 9th Circuit | A.124 to A.125 |
| 6:07-CV-1136-GKS-GJK | Larry Rumbough v. Equifax Information Services, LLC | 07/09/2007 | U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | A.126 to A.164 |
| 6:07-CV-01352-ACC-DAB | Larry Rumbough v. Midfirst Bank, et al | 08/27/2007 | U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | A.165 to A.176 |
| 6:07-CV-01483-ACC-KRS | Calvary Portfolio Services, LLC, et al v. Larry Rumbough | 09/17/2007 | U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | A.177 to A.182 |
| 6:07-CV-01484-ACC-DAB | Larry Rumbough v. Capital One Services, Inc. et al | 09/17/2007 | U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | A.183 to A.190 |
| 6:07-CV-01784-ACC-DAB | Larry Rumbough v. Citi Financial Services, Inc., | 11/09/2007 | U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | A.191 to A.193 |
| 5-D08-2607 | Larry Rumbough v. Midland Mortgage Company | 07/31/2008 | 5th DISTRICT COURT OF APPEALS | A.194 to A.195 |
| 2009-CA-6060 | Larry Rumbough v. AT & T et al | 03/02/2009 | Orange County, Circuit Court, 9th Circuit | A.196 to A.199 |

| CASE NUMBER | CASE STYLE | COURT FILING DATE | COURT | EXHIBIT NUMBER |
|---|---|---|---|---|
| 6:09-CV-00657-JA-GJK | Larry Rumbough v AT&T et al | 04/14/2009 | MIDDLE DISTRICT OF FLORIDA | A.200 to A.204 |

## *LIKELIHOOD THAT THE PLAINTIFF'S CLAIM IS BASELESS AGAINST E&F*

11. RUMBOUGH was first advised of E&F being a debt collector as a result of the first suit it filed against RUMBOUGH back on July 24, 2003 (A:36), which was acknowledged by RUMBOUGH in that litigation. (A:38 & A:41). Notwithstanding same, subsequent thereto RUMBOUGH was advised again that E&F was a debt collector which was acknowledged by RUMBOUGH as a result of him disputing the validity of the debt with Oliphant Financial. (A: 206).

12. After providing RUMBOUGH verification of the debt, due to non payment suit was filed (A: 55 & A:206). E & F was having trouble serving the Oliphant suit upon RUMBOUGH because he was avoiding service. (A. 62 to A: 63). As a result E & F precipitated two (2) soft hit skip finders credit bureaus inquiry reports with Equifax to discern the location of RUMBOUGH for service of process on or about 2005. (A: 78). The nature of the soft hit inquiry reports procured by E & F did not reduce or affect RUMBOUGH's beacon or FICO score since they were not precipitated for an extension of credit. (A: 206).

13. Approximately one year later, RUMBOUGH filed suit against Equifax for various violations under FCRA in this circuit. (A: 126). Equifax then served a subpoena upon E & F to obtain documents as a result of the suit filed against them by RUMBOUGH. (A. 64 to 96 are the documents produced pursuant to the latter subpoena and the credit bureau reports that were generated by E&F were in fact conveyed to Equifax's counsel but have been redacted from the Exhibits being submitted in accordance with the Rules of this Court).

14.     In the suit against Equifax, RUMBOUGH alleged for the two years prior to the filing of that suit there were numerous adverse and inadequate information being maintained by Equifax concerning his credit history. (A: 70). Therefore, the credit report inquiries made by E&F approximately one (1) year prior to the filing of the Equifax suit must have been known to RUMBOUGH. (A:71). Notwithstanding his representations in the Equifax suit, RUMBOUGH must have been made aware of the credit inquiry reports procured by E&F as a result of the discovery procured from E&F as result of the above subpoena. (A:64 to A:96). That since the service of the Subpoena by Equifax on E&F through and including the date of the above captioned cause served upon E&F there have been no other dealings between RUMBOUGH and E&F. (A: 78).

## *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE LAW OFFICES OF ERSKINE & FLEISHER'S MOTION TO STAY PURSUANT TO RULE 41 (d) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO DIRECT RUMBOUGH TO POST A SECURITY BOND*

### *Part I – ABATEMENT OF MOTION TO STAY PROCEEDNGS PURSUANT TO RULE 41(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE*

11.     Rule 41(d) of the Federal Rules of Civil Procedure, provides that where a party dismisses an action, and re-files the action the Court may require that party to pay the costs of the prior action as a condition of continuing with the re-filed matter. The same rule also applies where the Court involuntarily dismisses an action or enters an Order accordingly. Duchardt v. Ewing, 571 F 2d. 868 (5th Cir. 1978), [*See also* Gainey v. Brotherhood of Railroad & S.S. Clerks Etc., 34 F.R.D. 8, (E.D. Ba. 1963)]. The staying of an action, may involve the same parties or similar subject matter. Holden v. Illinois Tool Works, Inc. 2009 W.L. 2865820, (S.D. Tex. 2009), and World Athletic Sports Corp. v. Pahlavi, 267 F.Supp. 160 (S.D. N.Y. 1966). The primary focus of Rule 41(d) is to prevent the assertion of vexatious law suits. Ash v.

Wallenmeyer, 1986 W.L. 10379 (N.D. Ill., 1986), and Zaegel v. Public Finance Company, F.R.D. 58, (E.D. Mo., 1978). Even if not all the parties in the current action were not parties to the original lawsuit filed by the moving party, the Court can stay or dismiss the re-filed action accordingly as to all parties. Esposito v. Piatrowski, 223 F 3d. 497 (7th Cir., 2000). As the Court stated in Esposito, Supra, ... a party ... who completely disregards a District Court's Order by failing to pay costs with respect to one defendant should be precluded from proceeding with a second suit and causing a similar loss to new defendants. As the Court exemplified in Esposito, Supra, the primary focus of Rule 41(d) is to preclude the costs of groundless litigation.

## *Part II-INHERENT AUTHORITY TO DIRECT THAT A SECURITY BOND BE POSTED*

12. The Federal District Courts have the inherent authority within which to require a party to post security for costs. Simulnet East Associates v. Ramada Hotel Operating Company, 37 F 3d. 573 (9th Cir., 1994) and E.H.M v. Amtrak BD of Directors 780 F 2d. 516 (Cir. 5th, 1986).

13. It is not unusual for a party to seek security for costs when dealing with a vexatious litigant. Molski v. Manadrin Touch Restaurant 347 F. Supp. 2nd 860 (C.D. CA., 2004). Although, there is a vexatious litigation statute under Florida law (*See* F.S.A. §68.093) there does not appear to be a local rule in that regard. May v. Maass, 2005 WL 2298296 (CA., 11th 2005). Although that being the case, given this Court's inherent power, certain salient factors can be reviewed by the District Court to determine as to whether or not security for costs should be entertained. Molski v. Manadrin Touch Restaurant, Supra. As noted in Molski, Supra, and E.H.M, Supra, the following factors more than likely would be applied to any request as follows, to wit:

a. The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicate lawsuits and the litigants motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?;

b. Is the litigant represented by counsel;

c. Has the litigant caused needless expense to other parties and an unnecessary burden on the courts and their personal;

d. Whether other sanctions would be adequate to protect the Court and other parties.

### *Part III-LIKELIHOOD OF RUMBOUGH PREVAILING ON HIS CLAIM*

14. In order to obtain a credit report on a consumer, the party requesting same must have a permissible purpose under 15 USC §1681(b)(a)(3)(a). Pintos v. Pacific Creditors Association, 2010 WL2011550 (C.A. 9th, 2010). In order to qualify as a proper basis for obtaining a credit report, the transaction must be a credit transaction involving the consumer, and involve the extension of credit for review or collection of an account. Pintos v. Pacific Creditors Association, Supra.

15. Where a party exhibits that they have a permissible purpose for procuring a report, it is a complete defense to any claim that that the party violated 15 USC §1681(b). Ostrander v. Unifund Corporation, 2008 WL 850329 (W.D. N.Y., 2008). Hence, where a debt collector is pursuing the collection of an account for non payment of a credit transaction that party has a permissible purpose under 15 USC §1681(b) and has not committed a violation thereof. Ostrander v. Unifund Corporation, Supra.

20. Even if a consumer passes the foregoing hurdles, they must bring an action to enforce a liability under 15 USC §1681(b), within 2 years after the discovery of the violation. Andrews v. Equifax Information Services, LLC., 2010 WL 1254637 (W.D. Wash. 2010). In addition to which the consumer must also establish that there was willful non compliance when

the consumer credit bureau report was requested. Godby v. Wells Fargo Bank, N.A., 599 F.Supp. 2d. 934 (S.D.Oh., 2008). Clearly, same would be questionable if the credit report inquiry was a soft hit inquiry report which could only be viewed by a consumer and never by a third party which would have not affected their FICO or BEACON score. Godby v. Wells Fargo Bank, N.A., Supra.

## *CONCLUSION*

21. The public records clearly support that E&F is a debt collector and in furtherance of their responsibilities to their clients had the requisite authority under 15 USC §1681(b) the right to pull a credit bureau inquiry on RUMBOUGH. RUMBOUGH became aware of E&F's status as a debt collector in 2003, by virtue of the suit filed against him by E&F on behalf of MBNA America Bank, N.A. His corresponding third party lawsuit against E&F for violating his rights under the FDCPA, clearly gave him actual knowledge of E&F's status as a debt collector.

22. The latter knowledge of RUMBOUGH is exemplified by virtue of his dispute and request for verification of another debt due another creditor Oliphant Financial Corporation represented by E&F on or about May 2005. The credit bureau reports in issue procured by E&F were requested in 2006, before RUMBOUGH filed suit against Equifax on or about July 2007.

23. RUMBOUGH had to have within his possession his credit bureau report prior to the filing of his suit against Equifax where at the very least, he was apprised of the credit reports precipitated by E&F and/or as a result of the discovery in that case pursuant to the subpoena served upon E&F.

24. Without retort E & F had the authority to pull a soft hit inquiry credit bureau report as a permissible purpose as a debt collector under 15 U.S.C. §1692(g) in collecting a debt.

Even assuming that E & F did not have the authority to pull the credit bureau reports in issue (which E & F denies), RUMBOUGH had two years to file suit against E & F after the above reports were pulled. Even if RUMBOUGH'S period of time to file suit was extended to the time he filed the suit against Equifax he still did not file his suit against E & F timely.

25. Hence, the likelihood of recovery by RUMBOUGH against E & F is de minimis. The above cause of action against E & F was more than likely done vexaciously with the concept of trying to exact a resolution by using the suit in the above cause as a sword and shield to try and exact a settlement in his favor. This appears to be the tactic RUMBOUGH has used against a substantial number of the other Defendants in the case at bar (among other cases). As in the case at bar RUMBOUGH waited to serve Equifax and the other parties who were previously sued well after he served a majority of the other Defendants. This appears to have been done purposely by this writer for the sole purpose of exacting as many settlements before they made this Court aware of the previous history of MR. RUMBOUGH's activities. His history of litigation suggests that he tries to use the expense of litigation to obtain settlements.

26 When taking into consideration the totality of the circumstances presented to this Court, the following facts are self evident, to wit:

    a.    E&F was authorized to pull credit bureau reports on RUMBOUGH and had a permissible purpose for same;

    b.    RUMBOUGH filed his lawsuit more than likely two years after he discovered E&F pulled the credit bureau reports in issue;

    c.    That the complaint filed by RUMBOUGH exhibits no facts to establish willfulness on the part of E&F, (*See* <u>Ostrander v. Unifund Corporation</u>, Supra) ;

    d    RUMBOUGH has filed a duplicitous suit. When reviewing the original suit filed by RUMBOUGH against Equifax (See A:71) against the Complaint filed in the above captioned cause (See docket entry #1), it is apparent that they are the exact same suit;

e. Judge Kendall has already determined that RUMBOUGH was a professional pro se litigant and based upon his conduct before the Court in the prior suit directed that a cost bond be posted by virtue of his historical pattern of litigation. (A:147);

f. RUMBOUGH never posted the Bond in the Equifax Suit. (A:155-A:164);

g. The prior Equifax suit was dismissed with prejudice directing that all costs be paid by RUMBOUGH which have not been paid to date.

h. When reviewing the wealth of litigation involving RUMBOUGH with all his creditors notwithstanding the filing of his two bankruptcies, damages his credit profile clearly are without merit;

25. When taking into consideration the totality of the circumstances, it would appear that the above captioned cause of action should be stayed pending RUMBOUGH paying the court costs for the prior Equifax litigation and then posting a bond to protect this Defendant notwithstanding the other Defendants from the vexatious litigation precipitated by RUMBOUGH.

WHEREFORE all premises considered, it is respectfully prayed this Honorable Court grant the following relief:

1. Stay the above captioned cause of action pending the Plaintiff liquidating the sums due Equifax for court costs in the prior suit he precipitated by a time and date certain and if the event, the Plaintiff fails to follow this Court's directives dismiss the above captioned cause;

2. If in the event, the Plaintiff liquidates the court costs pursuant to this Court's Order as ordered in the Equifax suit, then direct the Plaintiff to post a security bond to protect the Defendant's herein with respect to all costs which could be quite extensive given the substantial number of Defendants in the case at bar.

Respectfully submitted this 25th day of June, 2010.

                        Respectfully submitted,
                        STANLEY B. ERSKINE, Esquire
                        The Law Offices of ERSKINE & FLEISHER
                        Attorneys for the Law Offices of Erskine & Fleisher
                        Florida Bar Number: 264547
                        Suite 300, 55 Weston Road
                        Fort Lauderdale, Florida 33326
                        Telephone No. (954) 384-1490
                        Telecopier No. (954) 384-4088
                        Email: Customerservice@Eflaw.net

By: _____
     STANLEY B. ERSKINE, Esquire

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Larry Rumbough, Plaintiff at 840 Lilac Trace Lane, Orlando, Florida 32828 by First Class US Mail, and also via email to him at lrumbough@yahoo.com and to all other parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronic Notices of Electronic Filing.

By: _____
     STANLEY B. ERSKINE, Esquire