UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH, individually and
on behalf of others similarly situated,**

    Plaintiff,

v.                                     Case No. 6:10-cv-117-Orl-35KRS

**EQUIFAX INFORMATION SERVICES,
LLC,** *et al.*

    **Defendants.**
_____/

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' pending Motions to Dismiss (Dkts. 4, 14, 18, 65, 91, 123); Plaintiff's Response to Defendant ChexSystems Collection Agency, Inc.'s Motion to Dismiss or, Alternatively, for More Definite Statement ("Plaintiff's Response") (Dkt. 35); Defendant B-real, LLC and Defendant Avalon Financial Services, LLC's respective Motions to Vacate Clerk's Defaults (Dkts. 79, 84); Defendant CitiFinancial's Motion for Extension of Time to Respond to Plaintiff's Complaint (Dkt. 127); Defendant Law Offices of Erskine & Fleisher's Motion to Stay Pursuant to Rule 41(d) (Dkt. 131); and Defendant Law Offices of Erskine & Fleisher's Request for Judicial Notice. (Dkt. 132) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **ORDERS AS FOLLOWS**: (1) Plaintiff's request to Amend his Complaint (Dkt. 35) is **GRANTED**; (2) Defendants' Pending Motions to Dismiss (Dkts. 4, 14, 18, 65, 91, 123) are **GRANTED without prejudice**; (3) Defendant B-real, LLC and Defendant Avalon

Financial Services, LLC's respective Motions to Vacate Clerk's Defaults  (Dkts. 79, 84) are **GRANTED**; (4) Defendant CitiFinancial's Motion for Extension of Time to Respond to Plaintiff's Complaint (Dkt. 127) is **DENIED as moot**; and (5) Defendant Law Offices of Erskine & Fleisher's Motions (Dkts. 131, 132) are **GRANTED**.

**BACKGROUND**

On January 21, 2010, *pro se* Plaintiff Larry Rumbough filed his Complaint in this case alleging, inter alia, violations of the Fair Credit Reporting Act ("FCRA") the Fair Debt Collection Practices Act (FDCPA), and the Florida Consumer Collection Practices Act ("FCCPA").  (Dkt. 1)  Plaintiff seeks monetary damages and injunctive relief as a result of the alleged unlawful practices of the thirty-six (36) named Defendants.  (Id.) On February 24, 2010, Defendant AllianceOne Receivables Management, Inc. filed its Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6).  (Dkt. 4)  On March 3, 1020, Defendant ChexSystems Collection Agency, Inc. ("Defendant ChexSystems") filed its Motion to Dismiss or, Alternatively, for More Definite Statement.  (Dkt. 14)   Defendant ChexSystems filed another Motion to Dismiss or, Alternatively, for More Definite Statement on March 4, 2010.  (Dkt. 18)  On March 11, 2010, Plaintiff filed his Response to Defendant CheckSystems's Motion, requesting that the Court allow him twenty (20) days to amend his Complaint.  (Dkt. 35 at 1)

Under Rule 15(a), leave to amend shall be "freely given when justice so requires."  FED. R. CIV. P. 15(a).   "In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the

2

leave sought should, as the rules require, be freely given." Forman v. Davis, 371, U.S. 178, 182 (1962). The Court finds that Plaintiff's request to amend, albeit not in a formal motion, was timely made and no substantial reason to deny leave to amend exists. However, the Court also notes that pursuant to Federal Rule of Civil Procedure 41(d) and the Court's inherent authority, federal district courts can require a litigant to post security for costs.[1] See, e.g., E.H.M. V. Amtrak Bd. of Directors, 780 F.2d 516, 517 (5th Cir. 1986) (recognizing the inherent power of the courts to require a party to post security for costs when dealing with a vexatious litigant).

A review of the Court dockets for prior suits initiated by Plaintiff against some of the named Defendants in this case reveals that Plaintiff has a background as a frequent *pro se* litigator. Additionally, Plaintiff has previously been required to post a bond, which he failed to do. Therefore, while the Court will not prohibit Plaintiff from filing an amended complaint if he can assert a viable claim for relief, Plaintiff shall be required to submit the proposed amended complaint for approval prior to filing it, and he shall post a bond therewith. Plaintiff is admonished that any amended complaint that is filed for the sole purpose of harassment or that is frivolous may subject him to sanctions, including the forfeiture of any amount posted as bond in accordance with this Order.

---

[1] Rule 41(d) provides:

    If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
    (1) may order the plaintiff to pay all or part of the costs of that previous action; and
    (2) may stay the proceedings until the plaintiff has complied.

FED. R. CIV. P. 41(d).

**CONCLUSION**

Therefore, in light of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's request for leave to amend his Complaint in its entirety (See Dkt. 35) is **GRANTED**. **Plaintiff shall file an Amended Complaint within twenty-one (21) days of this Order. Failure to do so will result in the dismissal of this action**;

2. Any Amended Complaint filed by Plaintiff shall include the **posting of a bond in the amount of $250 per defendant** with the Clerk of Court. If Plaintiff does not post the bond, if Plaintiff's claims are found to be frivolous, or if this action is found to have been brought for any improper purpose, the bond may be subject to forfeiture, the Court may dismiss the Complaint, or other sanctions may be imposed;

3. All of Defendants' Pending Motions to Dismiss (Dkts. 4, 14, 18, 65, 91, 123) are **GRANTED without prejudice**;

4. Defendant Law Offices of Erskine & Fleisher's Motions to Stay the action, to Take Judicial Notice, and to Require the Posting of a Bond (Dkts. 131, 132), are **GRANTED** consistent with the foregoing;

5. Defendant B-real, LLC and Defendant Avalon Financial Services, LLC's respective Motions to Vacate Clerk's Defaults (Dkts. 79, 84) are **GRANTED** for good cause shown and no prejudice to the Plaintiff in light of the Plaintiff's request for leave to amend his complaint and the Court's directive that any amended complaint be preapproved by the Court and accompanied by the posting of a bond; and,

6. Defendant CitiFinancial's Motion for Extension of Time to Respond to Plaintiff's Complaint (Dkt. 127) is **DENIED as moot**.

7. All other motions not specifically referenced herein are terminated and may be revived, if necessary, upon Plaintiff's compliance with the directives of this Order.

8. **THIS ACTION IS STAYED PENDING PLAINTIFF'S COMPLANCE WITH THE DIRECTIVES OF THIS ORDER**.

**DONE** and **ORDERED** in Orlando, Florida, this 29th day of June 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record