Law Offices
of
# Erskine & Fleisher
Suite 300
55 Weston Road
Fort Lauderdale, Florida 33326-1112
(954) 384-1490
Fax (954) 384-4088
Toll Free No. (800) 397-9345
Email: Customerservice@Eflaw.net

**Stanley B. Erskine, Esquire** *
**Andrew D. Fleisher, Esquire** **

**Shera Erskine Anderson, Esquire** ***
**Mindy Taran, Esquire** ***

\* Member of the Florida & Texas Bar
\*\* Member of the Florida & N. J. Bar
\*\*\* Member of the Florida Bar

Please Refer to Our File No. 85348893.001

May 14, 2010

Larry Rumbough
840 Lilac Trace Lane
Orlando, Florida 32828

*Sent Via Email to: LRumbough@yahoo.com*
*and First Class US Mail and Certified Mail*
*Return Receipt Requested #70042890000180848229*

*Re: Larry Rumbough v. Equifax Information Systems, LLC., et al*
*Case Number 6:C-117-ORL-KRS;   Middle District Federal District Court of Florida*

Dear Mr. Rumbough:

This letter is being directed to you in accordance with <u>Rule 11 of the Federal Rules of Civil Procedure</u>.

As I am sure you are recall, sometime on or about 2003, the undersigned on behalf of MBNA America, N.A., made a demand upon you as a debt collector to collect a debt for our client as a result of the entry of an Arbitration Award. You disputed the nature of the claim made and demanded verification of the debt, which was sent to you under separate cover. You did not liquidate the sums requested and as a result of which a suit was filed against you on behalf of MBNA America, N.A., in Orange County Court under case number 2003-CC-010153. You filed an Answer and a Third Party Complaint against the above firm in the latter suit. At that point in time, based upon the foregoing, you were more than aware that the Defendant in the above captioned matter (your current suit described above against the above law firm) the law offices of Erskine & Fleisher (herein after referred to as "E&F"), was a debt collector who was authorized under Federal Law with the capability of procuring credit reports for permissible purposes.

Subsequent thereto, E&F was requested by Oliphant Financial Corporation to liquidate a debt due same from you on or about 2005. A demand letter for the liquidation of the sums due Oliphant was forwarded to your attention and you disputed the validity of that debt and requested verification of same. Verification was sent to you and by virtue of your non payment of the debt due Oliphant, a lawsuit was filed against you in Orange County Court under case number 2005-CC-7842. During the course of the latter lawsuit, before you filed bankruptcy, you were avoiding service of process by the Sheriff of Orange County (confirmed by the Sheriff's return of service) which necessitated E&F to determine where you were residing for purposes of service of process. In furtherance of the latter skip tracing efforts, E&F pulled two soft hit skip finder reports from Equifax to try and locate your presence for service of process on or about May and August, 2006. Needless to say, service of process could not be effectuated by virtue of you having filed bankruptcy. Those credit bureau reports were not pulled as a result of an extension of credit by E&F to you and it was apparent as a result of the latter two suits E&F was not a lender but a debt collector.

Thereafter, in 2007 you filed a lawsuit against Equifax (among others) in the US District Court Middle District of Florida under case number: 6:07-CV-136-GKS-GJK for a variety of violations under the Federal Credit Reporting Act. During the discovery process of your suit with Equifax, Equifax served a subpoena for

 (EXHIBIT ___A___ )

*Larry Rumbough*
*May 14, 2010*
*Page 2 of 2*

production of documents and records upon E&F. E&F's reply to same included copies of the skip finders reports described above which were utilized with respect to locating you for service of process in the Oliphant Financial case described hereto fore. You were aware or should have been aware at that juncture by virtue of your suit, your pre-filing discovery and discovery from the Equifax case that the credit bureau reports procured from Equifax by E&F were soft hit skip finders credit report inquiries which could have been easily discerned and not hard credit bureau report requests for the extension of credit.

When reviewing the lawsuit you filed against E&F in the above captioned matter taking into consideration the foregoing facts, it is apparent that your suit against E&F is baseless predicated upon the following, to wit:

1.    That any credit bureau reports precipitated by E&F were not willful and clearly precipitated based upon a permissible purpose by virtue of E&F being a debt collector utilizing the reports for the purposes of locating you to serve a lawsuit;

2.    That the credit bureau reports pulled by E&F, were soft inquiry reports and not credit bureau reports for the extension of credit; and that you never applied for the extension of credit to E&F;

3.    That contrary to your assertions in your lawsuit, the soft inquiry reports precipitated by E&F did not reduce your FICO or BEACON score in that they were not requests predicated upon an application for the extension of credit and that such reports do not affect your FICO or BEACON score; and

4.    That your suit in the instant matter, you filed against E&F was filed more than two years after the procurement of the reports in issue and past the applicable Statute of Limitations. You knew or should have known from the credit bureau reports you received as a result of the Equifax suit described above were soft inquiry reports which would not have affected your FICO or BEACON score. Your suit was filed too late against E&F and is precluded by the applicable Statute of Limitations. .

The purpose of this communication is to give you the opportunity within which to dismiss the lawsuit against E&F in the above captioned lawsuit predicated upon the foregoing information. If in the event, you do not dismiss your suit against E&F, we will eventually file a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.   You have 21 days in accordance with the service provisions of Rule 11(c)(2) of the Federal Rules of Civil Procedure within which to dismiss the above lawsuit against E&F for the reasons as stated aforesaid.

In advance thank you for your cooperation in this regard. I remain.

Sincerely Yours,
The Law Offices of
ERSKINE & FLEISHER

Stanley B. Erskine, Esquire
For The Firm

SBE/kms
CC: Letter Sent to All Counsel of Record Via Email Only

(EXHIBIT___A___)

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Larry Rumbough
840 Lilac Trace Lane
Orlando, Fl. 32828

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Larry Rumbough    □ Agent
                    □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
Larry Rumbough    5 29 /10

D. Is delivery address different from item 1?    □ Yes
   If YES, enter delivery address below:    □ No

3. Service Type
☒ Certified Mail    □ Express Mail
□ Registered    □ Return Receipt for Merchandise
□ Insured Mail    □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
*(Transfer from service label)*
7004 2890 0001 8084 8229

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

( EXHIBIT ___A___ )