**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH, individually
and on behalf of others similarly situated,
as a private attorney general;

    Plaintiff,

                                     Case No. 6:10-cv-117-ORL-KRS

-v-

EQUIFAX INFORMATION SERVICES LLC;
et al.,

    Defendants.

## PLAINTIFF'S RESPONSE TO COURT'S ORDER OF JUNE 29, 2010

    Plaintiff, Larry Rumbough, hereby responds to Court's Order of June 29, 2010, and states:

    1. Plaintiff has filed as an attachment to this response an amended complaint as ordered by the Court.

    2. Plaintiff has not filed a bond because it is financially impossible for Plaintiff to do so. With the remaining defendants the amount would be $5,750.00. Plaintiff does not have that amount of money and has no way of obtaining it.

    3. Plaintiff believes that it is inappropriate for him to have to post a bond without a specific finding of frivolity. He further believes that the case should be judged on the merits.

    4. Plaintiff asserts in the strongest terms that he has never and would never file a frivolous pleading of any sort. In the one situation where an opposing accusation of frivolity against Plaintiff was examined after hearing from both sides, by Midland Mortgage Co. in Case #6:07-1352, both the District and Appeals Courts determined without equivocation that there was no indication whatsoever of frivolity on the part of Plaintiff.

    5. In the previous case where Plaintiff was ordered to post a bond, he did not because he was financially unable to do so. Although he informed the Court of this fact, the Court did not reduce or eliminate the bond, forcing Plaintiff to abandon the case. Plaintiff has no doubt he would have prevailed otherwise. Plaintiff asks that the Court not force the same result in this case.

6. The case that the Court relies on (Ehm v. Amtrak Bd. Of Directors) for its ruling on the bond pertains to a Plaintiff who had already been determined by uncontroverted facts to be a vexatious litigant, which Plaintiff has not. Further, that Plaintiff was only ordered to pay a $500.00 bond.

7. Plaintiff received Erskine's motion for Plaintiff to post a bond by mail on June 28, 2010. The Court ruled on the motion the next day without giving Plaintiff the standard opportunity to respond.

8. Plaintiff and Mr. Erskine had two conversations on June 24, 2010 regarding Plaintiff's request that Mr. Erskine withdraw his two pending motions, which he agreed to do. Although he had an opportunity to do so, Mr. Erskine did not even mention that he would be filing another motion the next day.

9. Mr. Erskine did not confer with Plaintiff regarding this motion as required by Local Rule 3.01(g). He has filed several motions in this case without doing so. Plaintiff is concerned that Mr. Erskine does not have to follow the rules that all other litigants in the case scrupulously abide by.

10. Mr. Erskine has repeatedly and flagrantly violated the rules of the Court in bad faith. He should not be rewarded for doing so.

11. Mr. Erskine did claim to represent MBNA in a case that he filed against Plaintiff in state court.

12. Plaintiff contacted MBNA during the course of that case. MBNA told Plaintiff that it had not sued Plaintiff and Mr. Erskine did not represent them. It is Plaintiff's belief that Mr. Erskine concocted the lawsuit to fraudulently collect on his own behalf. He further believes that this has been common practice for Mr. Erskine.

13. Mr. Erskine fabricated an arbitration award against Plaintiff in that case. When Plaintiff demonstrated to the Court that there had never been an arbitration, Mr. Erskine dropped that claim and threatened to amend the complaint under an account stated theory. He did not do so.

14. Apparently realizing that he could not prove his case and that he was in danger of being found out for committing frauds upon the Court, Erskine voluntarily dismissed the case on July 31, 2006. There was no settlement in the case and neither party paid anything to the other.

15. Plaintiff filed bankruptcy on October 16, 2006. Mr. Erskine's contention that the case was dismissed because of the bankruptcy is demonstrably false.

16. Throughout the time that Erskine pulled Plaintiff's credit reports numerous times, the two were in regular contact by mail, e-mail, phone, and at hearings. Erskine never told Plaintiff that he was attempting to serve him with another lawsuit. Mr. Erskine was well aware of

Plaintiff's address as is evidenced by the numerous mailings Erskine sent Plaintiff, to which Plaintiff responded.

17. Mr. Erskine does not explain why he obtained Plaintiff's credit report six times in a supposed attempt to get Plaintiff's address when he already knew it.

18. Plaintiff respectfully cautions the Court that Mr. Erskine has proven time and time again that he has contempt for the process of law and the truth. Nothing he says can be trusted. He should be required to submit any pleading under penalty of perjury in an attempt to dissuade him from committing further frauds.

19. If the Court believes that any of Plaintiff's pleadings may be frivolous then it should allow all parties to submit evidence and witnesses of that alleged frivolity and schedule an evidentiary hearing to determine that issue.

20. None of the other Defendants joined in Erskine's motion. In fact, there is no indication that any of them were even aware of it before filing. It is Plaintiff's firm belief that none of the Defendants have any evidence of frivolity. Further, it is Plaintiff's opinion that the other attorneys in the case are professional enough not to levy a fake charge of frivolity that would be frivolous in and of itself.

21. Mr. Erskine's motion is filled with half-truths, misleading information, and out and out deceit. Plaintiff intends to serve Mr. Erskine with a Motion for Sanctions outlining all of his misrepresentations to the Court and all of the instances where he deliberately violated Federal and local rules of procedure.

22. Plaintiff respectfully suggests that the Court allow the case to proceed without imposing an impossible burden on Plaintiff and to sanction any party whose actions deserve such a response.

Dated: July 22, 2010

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859