UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually and on
behalf of others similarly situated,

        Plaintiff,             Case No. 6:10-cv-117-35-DAB

vs.

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

        Defendants.
_____/

**MOTION OF DEFENDANT LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM
IN SUPPORT**

        Defendant LexisNexis Risk Data Retrieval Services LLC ("LNRDRS") moves to

dismiss Plaintiff Larry Rumbough's First Amended Complaint (Doc. No. 148) ("Amended

Complaint") pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for

the following two reasons:

        1. Plaintiff filed his Amended Complaint in violation of this Court's June 29, 2010

Order (Doc No. 142), pp. 3-4, requiring that Plaintiff submit his proposed Amended

Complaint to this Court for approval prior to filing and that Plaintiff post a $250 bond per

Defendant named in the Amended Complaint. Plaintiff has met neither requirement.

        2. Plaintiff's "allegations" against LNRDRS in his Amended Complaint are nearly

identical to the "allegations" raised in his original Complaint (Doc. No. 1), which this Court

found insufficient when it granted an original motion to dismiss brought against Plaintiff's

original Complaint (Doc. No. 142).  Plaintiff himself admitted in Plaintiff's Response to

Motion of LexisNexis Screening Solutions Inc. and LexisNexis Risk Solutions FL Inc. to

Dismiss Plaintiff's Complaint and Memorandum in Support ("Plaintiff's Opposition to

Motion to Dismiss") (Doc. No. 101, p. 1) that his original allegations were insufficient to

state a claim against LNRDRS for violation of the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § 1681, et seq.  The allegations as to LNRDRS in the Amended Complaint fare no

better.  LNRDRS is referenced in only 12 of the Amended Complaint's 168 paragraphs.

These "allegations" are no more than conclusory statements that LNRDRS has violated the

FCRA without any facts to support such a claim.  Plaintiff's threadbare recitals of the

elements of his cause of action, supported by mere conclusory statements, are insufficient to

state a claim under the Supreme Court's controlling holding in <u>Ashcroft v. Iqbal</u>, __ U.S. __,

129 S. Ct. 1937 (2009), and <u>Bell Atl. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007).

Accordingly, this Court should dismiss Plaintiff's Amended Complaint in its entirety

as to LNRDRS.

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

This Court should dismiss Plaintiff's Amended Complaint against LNRDRS for two

reasons.  First, Plaintiff has failed to abide by the terms of this Court's June 29, 2010 Order

that dismissed Plaintiff's original Complaint.  Although this Court permitted Plaintiff to

amend his Complaint to state a claim against the Defendants named in the lawsuit, the filing

of his Amended Complaint was conditioned on Plaintiff submitting it first to this Court for

approval and posting $250 bond for each Defendant named.  Plaintiff has satisfied neither

condition.  As a result, this Court should dismiss the Amended Complaint.

Second, Plaintiff's Amended Complaint fails to state a claim against LNRDRS for

any violation of the FCRA.  There are no facts alleged to support any such claim.  In

responding to a motion to dismiss against "allegations" nearly identical to those raised by

Plaintiff in his Amended Complaint, Plaintiff admitted that his "allegations" were insufficient

to state an FCRA claim.  Plaintiff's Amended Complaint consists of mere legal conclusions

that LNRDRS violated the FCRA.  That is all.  The Amended Complaint does not provide

notice to LNRDRS of the type of conduct alleged by Plaintiff to be in violation of the FCRA,

let alone facts sufficient to state a claim.  The Supreme Court's recent decisions in Ashcroft

v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) and Bell Atl. v. Twombly, 550 U.S. 544, 127 S.

Ct. 1955 (2007), which interpret Rule 8 pleadings requirements, require more.  The Amended

Complaint should be dismissed as to LNRDRS.

I.      PLAINTIFF HAS VIOLATED THIS COURT'S JUNE 29, 2010 ORDER

Plaintiff filed this case on January 21, 2010 against 36 named Defendants.  June 29,

2010 Order, p. 2.[1]  Following the filing of various motions to dismiss, and a request by

Plaintiff to amend his Complaint, this Court granted both the motions without prejudice and

the request to amend.  Id. at 2-3.  However, noting "that Plaintiff has a background as a

---

[1] Plaintiff initially named LexisNexis Screening Solutions Inc. and LexisNexis Risk Solutions FL Inc. as
Defendants in his original lawsuit.  These entities filed a motion to dismiss on March 29, 2010 (Doc. No. 65).
In its June 29, 2010 Order, this Court granted that motion to dismiss.  Plaintiff has not named these entities as
Defendants in his Amended Complaint.  Instead, Plaintiff names a separate, distinct entity, LNRDRS.  Although
LNRDRS has not been served as yet, in the interests of conserving time and resources, LNRDRS moves to
dismiss at this time.

frequent *pro se* litigator," this Court placed two conditions on the filing of the Amended Complaint: (1) that Plaintiff submit the Amended Complaint to this Court for approval prior to its filing; and (2) that Plaintiff post a $250 bond for each Defendant named in the Amended Complaint. Id. at 3-4. Plaintiff violated this Court's June 29, 2010 Order when he failed to submit his Amended Complaint to this Court for approval prior to filing it. Plaintiff also violated this Court's June 29, 2010 Order when he failed to post bond of $250 per Defendant named in the Amended Complaint. For these threshold reasons, this Court should dismiss Plaintiff's Amended Complaint.[2]

II.    THE SUPREME COURT HAS MADE CLEAR THAT TO STATE A CLAIM, A COMPLAINT MUST ALLEGE FACTS THAT MAKE "PLAUSIBLE" A PLAINTIFF'S CLAIM FOR RELIEF

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly and Iqbal, however, the Supreme Court disapproved an interpretation of Rule 8 that had been used by federal courts for over fifty years. Twombly rejected the formulation, derived from Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957), that a complaint need only set forth a "short and plain statement of the claim" to give a defendant "fair notice" of the plaintiff's claim. Under the Conley standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45, 46, 78 S. Ct. at 103. Twombly rejected Conley's "no set of facts" language as a "phrase [ ] best forgotten as an incomplete,

---

[2] Plaintiff also filed his Amended Complaint late. This Court allowed Plaintiff 21 days from its June 29, 2010 Order to file an amended pleading, that is, by July 20, 2010. Plaintiff, however, did not file his Amended Complaint until July 23, 2010.

negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 563, 127 S. Ct. at 1969.

In Conley's place, Twombly and Iqbal now require a two-step analysis. Iqbal, 129 S. Ct. at 1949-50. First, a court must consider only the factual allegations of the complaint — neither its legal conclusions nor its bare recitation of the elements of a claim — in determining whether the plaintiff has made a plain statement of the grounds of his entitlement to relief. Fed. R. Civ. P. 8(a); Twombly, 550 U.S. at 555, 127 S. Ct. at 965 (providing that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the [action's] elements of a cause of action will not do") (citation omitted and alteration in original); Iqbal, 129 S. Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The facts pleaded must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965 (citation omitted).  It is insufficient "that a plaintiff might later establish some set of [undisclosed] facts to support recovery." Id. at 561, 127 S. Ct. at 1968 (internal quotations omitted and alteration in original).  Facts must be actually pleaded. See Bishop v. Lucent Techs., Inc., 520 F.3d 516, 522 (6th Cir. 2008) (providing that courts "should not assume facts that could and should have been pled, but were not") (citation omitted).

Several courts in this District have applied Twombly and Iqbal to require that a complaint contain "sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Dunkin' Donuts Franchised Rests. LLC v. Colonial Donuts, Inc., No. 6:07-cv-

573, 2007 U.S. Dist. LEXIS 46120, at *5 (M.D. Fla. June 26, 2007) (citation omitted);

accord:  Scarbrough v. Astrue, 327 F. App'x 827, 2009 U.S. App. LEXIS 8391, at *4-5 (11th

Cir. 2009) (dismissing pro se plaintiff's complaint because it "provided no details about

which constitutional rights were allegedly infringed" and thus did not give the defendant "fair

notice of what claims [plaintiff] alleged"); Knights Armament Co. v. Optical Sys. Tech., Inc.,

568 F. Supp. 2d 1369, 1377 (M.D. Fla. 2008) (dismissing counterclaim because defendant

gave no "details" as to how plaintiff allegedly misappropriated its trade secrets).  Moreover,

the Eleventh Circuit has recognized that a plaintiff must plead "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of the [illegal conduct]."  Bailey v.

Janssen Pharmaceutica, Inc., 288 F. App'x 597, 2008 U.S. App. LEXIS 16183, at *10 (11th

Cir. 2008) (internal quotation marks and citations omitted).  Accord:  Silver v. Hoffman, No.

6:07-cv-1670, 2007 U.S. Dist. LEXIS 93668, at *4 (M.D. Fla. Dec. 19, 2007) (dismissing

claim because the allegations were not "clear").[3]

Second, if the plaintiff has alleged sufficient facts to bear out the elements of the

claim, the court must then consider whether the adequately pleaded facts state a "plausible,"

rather than a merely possible claim.  Twombly, 550 U.S. at 556-57, 127 S. Ct. at 1965; Iqbal,

129 S. Ct. at 1950.  In this regard, to determine in the first instance whether a complaint

sufficiently alleges a *possible* claim, a court must consider the elements of the claim asserted,

as well as the nonconclusory allegations of the complaint.  If a complaint states a *possible*

---

[3] Similarly, it has been recognized that motions to dismiss "serve the useful function of ending non-meritorious cases before a defendant is subjected to possibly extensive discovery and litigation costs."  Jacobs v. Tempur-Pedic Int'l, Inc., No. 4:07-cv-02, 2007 U.S. Dist. LEXIS 91241, at *5 (N.D. Ga. Dec. 11, 2007).

claim, it must also state a *plausible* claim, and that analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 1949 (citation and internal quotations omitted). Plaintiff's Amended Complaint falls far short of this standard.[4]

III.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE FACTS TO SUPPORT A "PLAUSIBLE" CLAIM FOR RELIEF AGAINST LNRDRS

Plaintiff references LNRDRS in only 12 paragraphs of his 168-paragraph Amended Complaint.[5] None of those mere "references," however, allege any facts to show that LNRDRS engaged in any conduct as to Plaintiff that would entitle Plaintiff to relief under the FCRA. The Amended Complaint therefore does not assert a "plausible" claim for relief against LNRDRS, does not meet the minimal pleading requirements rule, and must be dismissed.

Indeed, Plaintiff's "allegations" are nearly identical to those raised in his original Complaint (Doc. No. 1), and Plaintiff has admitted that such allegations are not adequate to state a claim under the FCRA. "Plaintiff accepts [Defendants'] contention that his current Complaint is not totally adequate in its description of the alleged violations of law by

---

[4] A pro se litigant like Plaintiff is subject to all the same rules as a represented litigant, including the Federal Rules of Civil Procedure and this Court's local rules. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863, 110 S. Ct. 180 (1989).

[5] One of those twelve paragraphs falls under the "JURISDICTION AND VENUE" section and simply asserts that LNRDRS is "a Georgia LLC, authorized to do business in Florida." Amended Complaint, ¶ 13.

[Defendants]."  Plaintiff's Opposition to Motion to Dismiss (Doc No. 101), p. 1.  As a result, and consistent with Plaintiff's prior admission, LNRDRS's motion to dismiss for failure to state a claim should be granted.

      A.     Plaintiff's Amended Complaint Fails to Allege Facts to Show that the FCRA Applies to LNRDRS

The FCRA is codified at 15 U.S.C. § 1681, et seq., and is a statutory scheme that regulates the preparation and dissemination of "consumer reports" by "consumer reporting agencies," both of which are terms of art.  See 15 U.S.C. § 1681a(d)(1) (defining "consumer report"); 15 U.S.C. § 1681a(f) (defining "consumer reporting agency"); see also Yang v. Gov't Employees Ins. Co., 146 F. 3d 1320, 1322 (11th Cir. 1998) ("The FCRA seeks to promote the credit reporting industry's responsible dissemination of accurate and relevant information."); Dennis v. Turner, No. 1:97-0222, 1999 U.S. Dist. LEXIS 3322, at *6 (S.D. Ala. Mar. 2, 1999) (the FCRA is "a detailed statutory scheme concerning the collection and dissemination of consumer credit information by credit reporting agencies").  Plaintiff fails to allege facts that, if proven, would establish that the FCRA even applies to LNRDRS (i.e., that it is a consumer reporting agency that prepares and disseminates consumer reports).

Plaintiff's sole "allegation" that LNRDRS is a "consumer reporting agency" appears in paragraph 145 of the Amended Complaint.  Plaintiff alleges that LNRDRS and four other Defendants "are consumer reporting agencies as defined in § 1681(f) [sic], regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in § 1681(a)(b) [sic], to third parties for monetary compensation."  However, this bare "allegation" is insufficient to state any claim (plausible or otherwise).  It is identical to that made by Plaintiff in his original

Complaint (Doc No. 1), ¶ 184, which Plaintiff has admitted is insufficient to state a claim. Plaintiff's Opposition to Motion to Dismiss (Doc No. 101), p. 1.  For this reason, this Court should find that Plaintiff has failed to plausibly allege that LNRDRS is a consumer reporting agency.  Indeed, all Plaintiff does is paraphrase the definition of "consumer reporting agency," a mere legal conclusion disregarded on a motion to dismiss.  Twombly, 550 U.S. at 554-555, 127 S. Ct. at 1964-65.  Without sufficient facts to support Plaintiff's legal characterization of LNRDRS as a consumer reporting agency, this case simply cannot go forward.[6]

> **B.**     Plaintiff's Amended Complaint Fails to Allege Facts Showing that LNRDRS Violated the FCRA

In addition to failing to adequately allege facts to show that the FCRA even applies to LNRDRS, the Amended Complaint makes broad and conclusory statements that LNRDRS violated the FCRA without providing any factual support for such claims.  Such statements are insufficient to state a "plausible" claim under Rule 8.

Paragraphs 147 and 148 of Plaintiff's Amended Complaint appear to be an attempt to allege that LNRDRS violated the reinvestigation obligations of 15 U.S.C. § 1681i.[7]  These

---

[6] Similarly, Plaintiff's "allegation" that LNRDRS is a "furnisher" of information is equally insufficient.  Plaintiff asserts that "LexisNexis [as well as nine other entities] are furnishers of information within the meaning of § 1681s-2."  Amended Complaint, ¶ 146.  Plaintiff then merely concludes that LNRDRS and nine other Defendants "violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies."  Amended Complaint, ¶ 158.  These mere conclusory statements are insufficient to state a claim against LNRDRS as a furnisher under the FCRA.

[7] In Paragraph 147, Plaintiff "alleges" that LNRDRS, as well as four other entities, "have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff.  This information has consisted of numerous delinquent tradelines and inquiries."  In Paragraph 148, Plaintiff "alleges" that LNRDRS "reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information."

two paragraphs are identical to Paragraphs 186 and 187 of Plaintiff's original Complaint (Doc. No. 1), which this Court has already found to be inadequate to state a claim, and which Plaintiff has admitted are insufficient.

Section 1681i(a)(1)(A) provides that, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer . . . the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ." The Amended Complaint contains no factual allegations to establish a "plausible" violation of § 1681i. For example, Plaintiff has not alleged any facts as to what information on his credit file is inaccurate, when he disputed that information and to whom, what reinvestigation procedures LNRDRS followed, why those procedures were unreasonable, what LNRDRS concluded from its reinvestigation, and what actions LNRDRS failed to take that it should have taken following the reinvestigation.[8]

Paragraphs 48 and 157 of Plaintiff's Amended Complaint provide a list of various FCRA violations by LNRDRS, but contain only a brief restatement of the provisions of the FCRA allegedly violated, not facts supporting a plausible entitlement to relief for those violations. Paragraph 48 states that LNRDRS:

> "failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the

---

[8] Plaintiff attempts to add some detail to the reinvestigation allegations, but these minor additions still fall short under Rule 8. For example, Plaintiff claims that LNRDRS reported false information to the credit reporting agencies, but failed to provide notice and failed to conduct a proper investigation of the account in dispute, which apparently relates to a lien. Amended Complaint, ¶¶ 49-52. But Plaintiff provides no facts to support this claim. For example, Plaintiff fails to identify what "false information" was reported and how that information was false nor what investigation LNRDRS should have but did not conduct.

information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report."

Paragraph 157 repeats each one of the above statements and adds a statutory cite for some (but not all) of them.[9]  Merely restating statutory text, however, is insufficient to state a claim.  Twombly, 550 U.S. at 544, 555, 127 S. Ct. at 1964-65.

Plaintiff's conclusory statements do not rise above the speculative level, much less allow this Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1940 (citation omitted); McCreary v. Brevard Cty., No. 6:09-cv-1394, 2010 U.S. Dist. LEXIS 4190, at *14 (M.D. Fla. Jan. 20, 2010) (dismissing plaintiff's 42 U.S.C. § 1985 claim because "the Complaint fail[ed] to allege facts suggesting the existence of an agreement between the Defendants, as required to satisfy the first element of a § 1985(3) claim") (citation omitted); Signature Flight Support Corp. v. Am. Trans Air, Inc., No. 8:07-cv-2219, 2010 U.S. Dist. LEXIS 19819, at *8-10 (M.D. Fla Mar. 5, 2010)

---

[9] Paragraphs 48 and 157 are identical to Paragraphs 51, 52 and 196 of Plaintiff's original Complaint (Doc No. 1).

(dismissing plaintiff's breach of contract claim because plaintiff "fail[ed] to allege facts sufficient to establish consideration, definite and certain terms, the plaintiff's performance of required conditions, and breach").  As Plaintiff does nothing more than state legal conclusions or implausible factual inferences, the Amended Complaint should be dismissed as to LNRDRS.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint as to LNRDRS should be dismissed with prejudice and without further right to amend.

Respectfully submitted,


_____/s/ Rachael M. Crews_____
**RACHAEL M. CREWS, ESQ.**
Florida Bar No. 0795321
GRAYROBINSON, P.A.
P.O. Box 3068
Orlando, FL 32802-3068
Telephone (407) 843-8880
Facsimile (407) 244-5690
rcrews@gray-robinson.com
Attorneys for Defendant LexisNexis Risk
Data Retrieval Services LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2010, a true and accurate copy of the foregoing Motion of Defendant LexisNexis Risk Data Retrieval Services LLC to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support was served via U.S. Mail on the following:

> Larry Rumbough
> 840 Lilac Trace Lane
> Orlando, FL 32828

and electronically filed with the Clerk of the Court using the CM/ECF system.

> /s/ Rachael M. Crews
> RACHAEL M. CREWS, ESQ.
> Florida Bar No. 0795321
> GRAYROBINSON, P.A.
> P.O. Box 3068
> Orlando, FL 32802-3068
> Telephone (407) 843-8880
> Facsimile (407) 244-5690
> rcrews@gray-robinson.com
> Attorneys for Defendant LexisNexis
> Risk Data Retrieval Services LLC

405094.1