**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH, individually
and on behalf of others similarly situated
as a private attorney general,

        Plaintiff,

v.                                   Case No. 6:10-cv-0117

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; CBC COMPANIES;
CHEXSYSTEMS COLLECTION AGENCY, INC.;
LEXISNEXIS RISK SOLUTIONS FL INC.;
LEXISNEXIS SCREENING SOLUTIONS INC.;
JEFFERSON CAPITAL SYSTEMS, LLC; MANN
BRACKEN, LLC; LAW OFFICES OF ERSKINE &
FLEISHER; BANK OF AMERICA CORPORATION;
HSBC CARD SERVICES, INC.; CHECKNET;
JPMORGAN CHASE & CO.; CAPITAL
MANAGEMENT SERVICES, LP; FIRSTSOURCE
ADVANTAGE, LLC; PFG OF MINNESOTA, INC.;
RICHARD J. BOUDREAU & ASSOCIATES, LLC;
ALLIANCEONE RECEIVABLES MANAGEMENT,
INC.; REGIONS BANK; GE CAPITAL LLC; NCO
FINANCIAL SYSTEMS, INC.; B-LINE, LLC;
B-REAL, LLC; PHILLIPS & COHEN ASSOCIATES,
LTD, CORP.; AVALON FINANCIAL SERVICES,
LLC; CAPITAL ONE BANK; FIRST PREMIER
BANK; COLLECTCORP CORPORATION;
SUNTRUST BANK; ACS EDUCATION SERVICES,
INC.; NATIONAL RECOVERY AGENCY, INC.;
LEADING EDGE RECOVERY SOLUTIONS, L.L.C.;
GALAXY PORTFOLIOS, LLC; AMERICAN
EXPRESS COMPANY; and CITIFINANCIAL, INC.;

        Defendants.
_____/

**DEFENDANTS, NCO FINANCIAL SYSTEMS, INC.'S AND COLLECTCORP**
**CORPORATION'S, MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Defendants, NCO Financial Systems, Inc. (NCO) and Collectcorp Corporation (Collectcorp), through counsel and under Fed. R. Civ. P. 41(b), hereby move to dismiss with prejudice the First Amended Complaint filed by plaintiff, Larry Rumbough (Plaintiff).  Plaintiff filed his First Amended Complaint in direct violation of this Court's June 29, 2010 Order, and the First Amended Complaint should, therefore, be dismissed with prejudice.  NCO and Collectcorp submit the following memorandum of law in support of this motion.

**MEMORANDUM OF LAW**

On June 29, 2010 the Court dismissed Plaintiff's Complaint and ordered Plaintiff to post a $250 per defendant bond and submit his proposed amended complaint to the Court for review by July 20, 2010 before filing.  (Dkt. 142)  Plaintiff failed to comply with the Court's order.  Plaintiff failed to post the required bond, and Plaintiff failed to meet the July 20 deadline to submit his proposed amended complaint to the Court for review.  Instead, Plaintiff simply *filed* the First Amended Complaint 3 days after the Court imposed deadline.  The Court should dismiss Plaintiff's First Amended Complaint for failure to comply with its June 29 Order.  Fed. R. Civ. P. 41(b).

I.      PROCEDURAL HISTORY

On January 21, 2010 Plaintiff filed this action against 36 defendants[1] asserting claims under the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., and the Florida Consumer Collection Practices

---

[1] NCO and Collectcorp note Plaintiff has improperly joined the defendants in this case.  Joinder of the defendants fails to meet any of the requirements for required or permissive joinder under Fed. R. Civ. P. 19 and 20.  Should the Court not dismiss Plaintiff's First Amended Complaint with prejudice, NCO and Collectcorp reserve the right to move to sever for misjoinder.

Act (FCCPA), Fla. Stat. § 559.72, *et seq.* (Dkt. 1)  Several defendants filed motions to

dismiss.  (Dkts. 4, 14, 18, 65, 97, and 123)  On June 25, 2010, the defendant, Law Offices

of Erskine & Fleisher (Erskine), filed a motion to stay pursuant to Rule 41(d) and

requested the Court require Plaintiff to post a bond in order to proceed based on

Plaintiff's history as a vexatious litigant.  (Dkt. 131)

On June 29, 2010, the Court entered an order finding "Plaintiff has a background

as a frequent *pro se* litigator," and "Plaintiff has previously been required to post a bond,

which he failed to do."  (Dkt. 142)  The Court, therefore, granted the pending motions to

dismiss, granted Erskine's motion to stay and ordered Plaintiff to post a $250 per

defendant bond **before** being allowed to proceed with the action.  *Id.*  The Court further

ordered Plaintiff to submit his proposed amended complaint to the court for review

within 21 days of the order **before** filing with the Clerk.  *Id.*  The Court made clear "[i]f

Plaintiff does not post the bond . . . the Court may dismiss the Complaint, or other

sanctions may be imposed."  *Id.*

Plaintiff failed to meet any of the Court imposed conditions – Plaintiff did not post

a bond or submit his proposed amended complaint for review.  On July 23, 2010 – 3 days

late – Plaintiff filed a "response to the Court's order" claiming he could not afford to pay

the bond and filed his First Amended Complaint.  (Dkts. 147 and 148)

## II.    ARGUMENT

Plaintiff's First Amended Complaint should be dismissed for Plaintiff's failure to

comply with this Court's June 29, 2010 order.  Fed. R. Civ. P. 41(b) provides if the

plaintiff "fails . . . to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." "The Court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuits." *Goforth v. Owens, M.D.*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscaping Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *Dinardo v. Crow*, 2006 WL 1995721, 4 (11th Cir. 2006). "The legal standard to be applied under Rule 41(b) is whether there is 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth*, 766 F.2d at 1535 (internal citations omitted).

Plaintiff's status as a *pro se* litigant does not warrant special consideration. "Even a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure [and Court orders], particularly after being expressly directed to do so." *Giles v. Wal-Mart Distribution Center*, 2009 WL 5064351, *2 (11th Cir. 2009) (The court affirmed dismissal with prejudice of *pro se* plaintiff's complaint because "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, Giles did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10."); *see also Barrett v. Scutieri*, 2008 WL 2437049, *2 (11th Cir. 2008) (The court found no abuse of discretion for dismissal of *pro se* plaintiff's second amended complaint with prejudice especially where "the court previously had explained to Barrett the deficiencies in his first amended complaint and had allowed him to correct them, but he failed to do so.").

**A.      Plaintiff Willfully Failed To Comply With The Court's June 29 Order.**

As stated above, the Court ordered Plaintiff to post a $250 per defendant bond *before* filing his amended complaint.  The Court further ordered Plaintiff to do so by July 20, 2010.  Plaintiff failed to post a bond in any amount.  The Court also ordered Plaintiff to submit his proposed amended complaint to the Court for review by July 20.  Plaintiff failed to submit his proposed amended complaint to the Court for review.  Further, Plaintiff did not file his First Amended Complaint until July 23 – 3 days *after* the Court imposed deadline.

The Court clearly outlined Plaintiff's obligations and the consequences of failure to comply – dismissal and possible additional sanctions.  Plaintiff did not file a motion for reconsideration or for additional time.  Plaintiff simply chose to ignore the Court's order.  Plaintiff's failure to comply was willful and his claims should be dismissed with prejudice.

**B.      Lesser Sanctions Will Not Suffice.**

Plaintiff has already proven through his history as a vexatious litigant and his history of willful non-compliance with court orders that lesser sanctions – such as dismissal without prejudice or a bond – are insufficient.  Plaintiff's willful disregard for the Federal Rules of Civil Procedure and this Court has added undue delay and litigation costs for the 36 named, arguably improperly joined, defendants in this case, most of whom are represented by counsel.  The Court expressly warned Plaintiff of the consequences of his failure to comply.

**III.    CONCLUSION**

Plaintiff has a history of failing to comply with Court orders and willfully failed to Comply with this Court's June 29 order imposed to protect defendants from plaintiff's frivolous claims.  Plaintiff's First Amended Complaint should, therefore, be dismissed with prejudice.  No lesser sanction will suffice.

WHREFORE, the defendants, NCO Financial Systems, Inc. and Collectcorp Corporation, respectfully request this Court dismiss Plaintiff's First Amended Complaint with prejudice and for such other relief as this Court deems proper.

Respectfully submitted,


/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No.: 0016277
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:    (813) 890-2463
Facsimile:    (866) 466-3140
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

Attorneys for Defendants,
NCO Financial Systems, Inc. and
Collectcorp Corporation


**CERTIFICATE OF SERVICE**

I certify that on this 9th day of August 2010, a copy of the foregoing was filed electronically in the CM/ECF system.  Notice of this filing will be sent to the parties of

record by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.

I further certify that a true and correct copy of the foregoing has been sent to

Plaintiff via U.S. Mail to the following address:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL  32828
*Pro Se Plaintiff*

/s/ Dayle M. Van Hoose
Attorney

\\sfnfs02\prolawdocs\6947\6947-14155-00004\Rumbough, Larry (Pro Se)\168438.doc