UNITED STATES DISTRICT COURT **FILED**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION    2010 AUG -9 PM 3: 29

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH, individually
and on behalf of others similarly situated,
as a private attorney general;

Plaintiff,

                                                    Case No. 6:10-cv-117-ORL-KRS

-v-

EQUIFAX INFORMATION SERVICES LLC;
et al.,

Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT THE LAW OFFICES OF ERSKINE & FLEISHER'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM OF LAW IN SUPPORT OF SAME**

Plaintiff, Larry Rumbough, hereby responds to Defendant The Law Offices of Erskine & Fleisher's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Memorandum of Law in Support of Same, and states:

1. Once again, Mr. Erskine is deliberately attempting to mislead the Court. Much of his motion is provably false. He also continues his propensity for deliberately refusing to abide by Federal and Local Rules of Procedure.

2. Mr. Erskine pulled Plaintiff's credit report not twice, as he claims, but six times between April 25, 2005 and August 31, 2006.

3. All of those pulls were hard ones, which reduced Plaintiff's credit score. Regardless of whether they were hard or soft, Erskine & Fleisher did not have a permissible purpose to pull Plaintiff's credit reports, especially six times.

4. Three of those pulls occurred during a period where Plaintiff and Mr. Erskine were in regularly contact through the state case MBNA America Bank NA vs. Larry Rumbough (Case No. 2003-CC-010153-0). Plaintiff did not owe a debt to MBNA America Bank NA, which that entity confirmed to Plaintiff in writing. It is Plaintiff's belief that Erskine fabricated the debt and lawsuit. Erskine and Fleisher were not debt collectors because even the purported "Plaintiff" in the state case acknowledged that Plaintiff in this case did not owe a debt to it. Mr. Erskine knew that there was no debt and

voluntarily dismissed the lawsuit when his scheme to defraud Plaintiff was becoming apparent to the State Court.

5. Mr. Erskine misstates the statute of limitations for violations of the Fair Credit Reporting Act. It is, according to 15 U.S.C. §1681p, "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." Erskine & Fleisher's violations all occurred well within the statute of limitations.

6. Mr. Erskine seems to have difficulty interpreting statutes of limitations. In the federal case Steven J. Pincus vs. Law Offices of Erskine & Fleisher (Case No. 08-cv-81357), Erskine & Fleisher were sued for, among other things, pursuing a lawsuit in state court that was clearly outside the statute of limitations. The case was settled when Erskine & Fleisher paid $120,000.00 to Pincus. Mr. Erskine seems to be projecting his unfortunate predilection for filing frivolous lawsuits and motions upon Plaintiff.

7. Mr. Erskine failed to serve Plaintiff with the motion before filing it as required by Fed. R. Civ. P. 11(c)(2). Such a motion "must not be filed or be presented to the court" until 21 days after service. Erskine served Plaintiff with the motion by mail at the same time he filed it. Therefore the motion should be denied for his violation of this rule.

8. Mr. Erskine did not confer or even attempt to confer with Plaintiff before or after filing his motion. Therefore the motion should be denied for his violation of Local Rule 3.01(g). If he had, Plaintiff would have explained the above-stated rules and facts to him in an attempt to dissuade him from filing his frivolous motion.

9. As Mr. Erskine correctly pointed out in his motion, Plaintiff has never been sanctioned by any Court. That is because Plaintiff is conscientious in never engaging in any sanctionable behavior during the course of any lawsuit. Mr. Erskine should consider following the same practice.

Wherefore, Plaintiff WHEREFORE, Plaintiff respectfully requests that the Court deny Erskine and Fleisher's motion to dismiss and award reasonable expenses, including attorney fees, to Plaintiff for the frivolous nature of Erskine's motion and his refusal to abide by Federal and Local Rules of Procedure.

Dated: August 9, 2010

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 9th day of August, 2010.

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859