UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually
and on behalf of others similarly situated,
as a private attorney general,

     Plaintiff,

vs.                                     Case No.  6:10-CV-117-ORL-KRS

EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC; CBC COMPANIES;
CHEXSYSTEMS COLLECTIONS AGENCY, INC.;
LEXISNEXIS RISK SOLUTIONS, INC.;
LEXISNEXIS SCREENING SOLUTIONS, INC.;
JEFFERSON CAPITAL SYSTEMS, LLC;
MANN BRACKEN, LLC; LAW OFFICES OF ERSKINE
& FLEISHER; BANK OF AMERICA CORPORATION;
HSBC CARD SERVICES, INC.; CHECKNET;
JP MORGAN CHASE & CO.; CAPITAL MANAGEMENT
SERVICES, LP; FIRSTSOURCE ADVANTAGE, LLC;
PFG OF MINNESOTA, INC.; RICHARD J. BONDREAU
& ASSOCIATES, LLC.; ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.; REGIONS BANK;
GE CAPITAL, LLC; NCO FINANCIAL SYSTEMS, INC.;
B-LINE, LLC.; B-REAL, LLC.; PHILLIPS & COHEN
ASSOCIATES, LTD, CORP.; AVALON FINANCIAL
SERVICES, LLC; CAPITAL ONE BANK; FIRST PREMIER
BANK; COLLECTCORP CORPORATION;
SUNTRUST BANK; ACS EDUCATION SERVICES, INC.;
NATIONAL RECOVERY AGENCY, INC.;
LEADING EDGE RECOVERY SOLUTIONS, LLC;
GALAXY PORTFOLIOS, LLC; AMERICAN EXPRESS
COMPANY; and CITIFINANCIAL, INC.

     Defendants.

_____/

## FIRST PREMIER BANK'S,
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
## WITH PREJUDICE AND MEMORANDUM OF LAW

Defendant, First Premier Bank, by and through counsel and pursuant to Fed. R. Civ. P. 41(b), hereby moves to dismiss with prejudice the First Amended Complaint filed by Plaintiff, Larry Rumbough ("Plaintiff").  Plaintiff filed his First Amended Complaint in violation of this Court's June 29, 2010 Order, and the First Amended Complaint should, therefore, be dismissed with prejudice.   First Premier Bank submits the following Memorandum of Law in support of this motion.

## MEMORANDUM OF LAW

On June 29, 2010 the Court dismissed Plaintiff's Complaint and ordered Plaintiff to post a $250-per-defendant bond and submit his proposed amended complaint to the Court for review by July 20, 2010 before filing.  (Dkt. 142).  Plaintiff failed to comply with the Court's order, Plaintiff failed to post the required bond, and Plaintiff failed to meet the July 20 deadline to submit his proposed Amended Complaint to the Court for review. Instead, Plaintiff simply filed the First Amended Complaint three days after the Court imposed its deadline. The Court should dismiss Plaintiff's First Amended Complaint for failure to comply with its June 29 Order. Fed. R. Civ. P. 4 1(b).

### I.   PROCEDURAL HISTORY

On January 21, 2010 Plaintiff filed this action against multiple  defendants asserting claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72, et seq.  (Dkt. 1).  The claims against First Premier Bank included violations of the FCRA and the FCCPA, though Plaintiff's allegations were mere conclusory legal allegations without supporting ultimate facts, similar to the claims against multiple other defendants.  On June 25, 2010,

the defendant, Law Offices of Erskine & Fleisher (Erskine), filed a motion to stay pursuant to Rule 4 1(d) and requested the Court require Plaintiff to post a bond in order to proceed based on Plaintiff's history as a vexatious litigant.  (Dkt. 131).

On June 29, 2010, the Court entered an order finding "Plaintiff has a background as a frequent pro se litigator," and "Plaintiff has previously been required to post a bond, which he failed to do." (Dkt. 142) The Court, therefore, granted the pending motions to dismiss, granted Erskine's motion to stay and ordered Plaintiff to post a $250-per-defendant bond before being allowed to proceed with the action.  Id.  The Court further ordered Plaintiff to submit his proposed Amended Complaint to the court for review within 21 days of the order before filing with the Clerk.  Id.  The Court made clear "[i]f Plaintiff does not post the bond . . . the Court may dismiss the Complaint, or other sanctions may be imposed."  Id. The Court further made it clear that, if Plaintiff failed to "file" an Amended Complaint within 21 days, his action would be dismissed.

Plaintiff failed to meet any of the Court imposed conditions. First, Plaintiff did not post a bond or submit his proposed Amended Complaint for review.  On July 23, 2010, three days beyond the Court's deadline for filing the Amended Complaint,  Plaintiff filed a "Response to the Court's order" claiming he could not afford to pay the bond and simply filed his First Amended Complaint without submitting it to the Court for its review.  (Dkts. 147 and 148). Plaintiff's Response stated that it was "inappropriate" for the Court to require him to post a bond, but failed to set forth any excusable neglect for failing to timely comply with the Court's June 29, 2010 Order. (Dtk. 147). Rather, the majority of Plaintiff's Response attacked the co-defendant in this action who filed the motion requesting that the Court require Plaintiff to post the bond.

On August 10, 2010, Plaintiff filed a Response to The Law Offices of Erskine & Fleisher's

Motion to Dismiss for Failure to Comply with Court Order and Memorandum of Law. (Dkt. 155).

Plaintiff's Response stated that his Amended Complaint was timely, ignoring the Court's

requirements that he submit the Amended Complaint to the Court prior to filing it, and further that

he file the Amended Complaint within 21 days of the June 29 Order. In the Response, Plaintiff

attempted to argue that he gets another three days tacked onto the 21 days because Fed. R. Civ. P

6(d) provides an additional three days for "*service*" by mail. The Court's June 29 Order clearly

required Plaintiff to "*file*" the Amended Complaint within 21 days, not to serve the Amended

Complaint within 21 days, and Plaintiff's argument that his Amended Complaint was timely filed

is without merit.

## II. ARGUMENT

Plaintiff's First Amended Complaint should be dismissed for Plaintiff's failure to comply

with this Court's June 29, 2010 Order.  Federal Rule of Civil Procedure. R. Civ. P. 41(b) provides

that if the plaintiff "fails . . . to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it."  "The Court's power to dismiss is an inherent aspect of

its authority to enforce its order and insure prompt disposition of lawsuits."  Goforth v. Owens,

M.D., 766 F.2d 1533, 1535 (11th Cir. 1985); see also Equity Lifestyle Properties, Inc. v. Fla.

Mowing & Landscaping Serv., 556 F.3d 1232, 1240 (11th Cir. 2009); Dinardo v. Crow, 2006 WL

1995721, 4 (11th Cir. 2006).  "The legal standard to be applied under Rule 41(b) is whether there

is 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"

Goforth, 766 F.2d at 1535 (internal citations omitted).

Plaintiff's status as a pro se litigant does not warrant special consideration. "Even a pro se

litigant is required to comply with the Federal Rules of Civil Procedure [and Court orders],

particularly after being expressly directed to do so." <u>Giles v. Wal-Mart Distribution Center</u>, 2009 WL 5064351, *2 (11th Cir. 2009) (The court affirmed dismissal with prejudice of pro se plaintiff's complaint because "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, Giles did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10."); <u>see also</u> <u>Barrett v. Scutieri</u>, 2008 WL 2437049, *2 (11th Cir. 2008) (The court found no abuse of discretion for dismissal of pro se plaintiff's second amended complaint with prejudice especially where "the court previously had explained to Barrett the deficiencies in his first amended complaint and had allowed him to correct them, but he failed to do so.")

## A.   <u>Plaintiff Willfully Failed to Comply with the Court's June 29 Order</u>

As stated above, the Court ordered Plaintiff to post a $250-per-defendant bond before filing his Amended Complaint.  The Court further ordered Plaintiff to do so by July 20, 2010.  Plaintiff failed to post a bond in any amount. The Court also ordered Plaintiff to submit his proposed Amended Complaint to the Court for review by July 20.  Plaintiff failed to submit his proposed Amended Complaint to the Court for review.  Further, Plaintiff did not file his First Amended Complaint until July 23, 3 days beyond the Court imposed deadline.  Plaintiff's failure to comply was willful and his claims should be dismissed with prejudice.

## B.   <u>Lesser Sanctions Will Not Suffice</u>

Plaintiff has already proven through his history as a vexatious litigant and his history of willful non-compliance with court orders that lesser sanctions — such as dismissal without prejudice or a bond — are insufficient.  Plaintiff's willful disregard for the Federal Rules of Civil Procedure

and this Court has added undue delay and litigation costs for the multiple defendants in this case, most of whom are represented by counsel. The Court expressly warned Plaintiff of the consequences of his failure to comply in the June 29 Order.

### III.   CONCLUSION

Plaintiff willfully failed to comply with this Court's June 29 Order imposed to protect defendants from the potentially frivolous nature of Plaintiff's claims and Plaintiff's history as a pro se litigant. Plaintiff's First Amended Complaint should, therefore, be dismissed with prejudice.

WHEREFORE, Defendant, First Premier Bank, respectfully requests this Court dismiss Plaintiff's First Amended Complaint with prejudice and for such other relief as this Court deems proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Mr. Larry Rumbough, 840 Lilac Trace Lane, Orlando, FL 32828.

s/ Charles W. Denny IV
Charles W.  Denny IV
Florida Bar No. 488615

Attorneys for First Premier Bank

DICKINSON & GIBBONS, P.A.
410 North Cattlemen Road, Suite 300
Sarasota, FL 34232
Telephone:     (941) 366-4680
Facsimile:     (941) 365-2933
E-mail:  cdenny@dglawyers.com