UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 AUG 23 PM 2: 41
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORL... ...

LARRY RUMBOUGH, individually
and on behalf of others similarly situated,
as a private attorney general;

    Plaintiff,

Case No. 6:10-cv-117-ORL-KRS

-v-

EQUIFAX INFORMATION SERVICES LLC;
et al.,

    Defendants.

## PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANT LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

    Plaintiff, Larry Rumbough, hereby responds to Defendant LexisNexis Risk Data Retrieval Services LLC to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support, and states:

    1. It is difficult to comprehend the basis for LexisNexis's motion, which appears to have been filed in bad faith.

    2. LexisNexis misstates the facts regarding Plaintiff's submission of his First Amended Complaint. It was filed as an attachment to the Response to the Court's order for the Court to review, as the Response itself indicates. The person who personally delivered it to the Clerk's office on Plaintiff's behalf is willing to testify under penalty of perjury to that fact. Apparently the Clerk unilaterally decided to separate the documents that were stapled together as one and filed them individually. Moreover, Plaintiff was given two contradictory instructions by the Court: 1) "Plaintiff shall be required to submit the proposed amended complaint for approval prior to filing it" (p. 3), and 2) "**Plaintiff shall file an Amended Complaint within twenty-one (21) days of this Order.**" (p. 4). It was impossible for Plaintiff to do both, and he chose the former as the most conservative course of action. Plaintiff informed all the defendants, including LexisNexis, of these facts.

    3. LexisNexis apparently is not aware of Fed. R. Civ. P. 6(d) adding 3 days for service by mail. Therefore, Plaintiff timely filed his response on July 23, 2010. Also, as the Court and all Defendants are aware, it was impossible for Plaintiff to post a bond of $250.00 per Defendant.

4. The proposed First Amended Complaint specifies that LexisNexis has knowingly reported false information, identified as "Orange Co Cir Court BK 8348PG4985SQ2", to Experian (and upon belief and information other credit reporting agencies), has continued to do so despite Plaintiff's numerous disputes through Experian and directly to LexisNexis, and refuses to indicate the alleged item as in dispute. The factual bases of Plaintiff's allegations against LexisNexis are crystal clear:

> "36. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report on January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, August 12, 2008, September 26, 2008, November 21, 2008, January 5, 2009, February 20, 2009, May 15, 2009, and September 25, 2009. The details of Plaintiff's disputes are outlined in those letters."

> "37. Despite those letters, Experian has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following items: "US Bkpt Ct FL Orlando 0602700ABB", US Bkpt Ct FL Orlando 0702298ABB", "Orange Co Cir Court BK 8348PG4985SQ2", "Amex 21000955830....", "Cap One Bk 479124188621....", "Citifinancial 607209081014....", "Countrywide Home Loans 323....", "First Premier 517800708329....", "HSBC 548955511387....", "HSBC/Best Buy 700109300031....", "HSBC/Rhodes 701213410200....", "Midland Mortgage Co. 4690....", and "BAC Home Loans"."

> "49. LexisNexis has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and Innovis, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies."

> "50. LexisNexis did not provide a notice of such furnishing of negative information, in writing, to Plaintiff."

> "51. LexisNexis has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute."

> "52. The false information pertains to an alleged lien in Orange County Circuit Court, which does not exist. Plaintiff called LexisNexis on August 22, 2008 and June 9, 2010 and demanded that LexisNexis correct the inaccurate information. LexisNexis refused to do so."

5. If true, and Plaintiff affirmatively asserts that all of these statements are true, LexisNexis's actions are clear-cut violations of the Fair Credit Reporting Act. Significantly, LexisNexis does not dispute these claims, and in fact, pretends not to even comprehend them despite their extreme clarity.

6. LexisNexis's attorney, Rachael M. Crews, in an e-mail she sent to Plaintiff, inappropriately threatened Plaintiff unless he dismissed his claim against LexisNexis with prejudice. Another individual, John Fischer, who claimed to represent LexisNexis despite having failed to file a notice of appearance, called Plaintiff with similar threats. However, Plaintiff has no intention of submitting to such despicable attempts to coerce Plaintiff into giving up his legal rights.

7. Plaintiff has uncovered evidence that it is common practice for LexisNexis to knowingly report false information about individuals to the credit reporting agencies. It is Plaintiff's belief that LexisNexis is desperate to avoid having this information come to light, which would explain the rationale for filing its frivolous motion and its bullying of Plaintiff.

8. It is obvious that LexisNexis's fervent wish is for the Court to enable it to violate Federal law with impunity, no matter what detrimental effects it has on the individuals it purposely victimizes.

9. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

10. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

WHEREFORE, Plaintiff requests that the Court deny LexisNexis's Motion to Dismiss, and instruct LexisNexis's attorney, Rachael M. Crews, to cease filing frivolous motions.

Dated: August 23, 2010

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 23rd day of August, 2010.

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859