RECEIVED
UNITED STATES DISTRICT COURT
2012 MAY 29  PM 4: 52
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Larry Rumborgh,
Plaintiff

v.

Equifax et.al.

Case No. 6:10-117-OA-22DAB

PLAINTIFF'S UNOPPOSED MOTION TO SEAL PLAINTIFF'S FINANCIAL INFORMATION

*Larry Rumlowgh* (signature)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-v-

    Case No. 6:10-cv-117-Orl-22DAB

EQUIFAX INFORMATION SERVICES LLC;
et al.,

    Defendants.

## PLAINTIFF'S UNOPPOSED MOTION TO SEAL PLAINTIFF'S FINANCIAL INFORMATION PURSUANT TO LOCAL RULE 1.09 (a)

Plaintiff, Larry Rumbough, hereby moves to seal Plaintiff's financial information pursuant to Local Rule 1.09(a), and states:

1. Plaintiff was ordered by the Court to file financial information for the Court to consider as to cost bonds.2

2. Plaintiff's financial information includes copies of recent bank statements, invoices, and a settlement check. It includes personal information that does not need to be made public.

3. Plaintiff has settled all issues with Defendant Collectcorp in a confidential settlement agreement. Plaintiff has a contractual obligation to maintain the confidentiality of this agreement to the best of his ability. Plaintiff will share this information with the Court as ordered.

4. None of the Defendants currently have access to Plaintiff's financial information, except to the extent that certain bank Defendants have his banking records with that particular bank.

5. Plaintiff is suing several Defendants due in part to their having illegally obtained and misused Plaintiff's personal information, especially his credit reports. Plaintiff does not trust Defendants to responsibly safeguard his financial information.

6. If Defendants have access to Plaintiff's financial information, there is no way for Plaintiff to protect its privacy. Further, it may give the Defendants an unfair advantage in negotiating any possible settlement.

7. It is sufficient that the Court has access to Plaintiff's financial information. There is no reason for Defendants in this case to have access to it, nor for it to be available to the general public.

8. There is no other way to accomplish Plaintiff's goal to protect his privacy other than sealing his financial information.

9. Plaintiff requests that the sealing of his financial information be made permanent.

10. Plaintiff has conferred with all remaining Defendants regarding this motion. None of them oppose it. The only exception is that Stanley Erskine consents on the condition that he have access to Plaintiff's financial information to seek appropriate relief if necessary. The Court can order this if it deems appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court seal Plaintiff's financial information pursuant to Local Rule 1.09(a).

Dated: May 29, 2012

Respectfully submitted,

*[signature]*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), Plaintiff has conferred with all Defendants and obtained their consent to this motion, except as described above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 29th day of May, 2012.

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859