**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LARRY RUMBOUGH,**  Case No. 6:10-cv-117-Orl-22DAB

**Plaintiff,**

-vs-

**EQUIFAX INFORMATION SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CBC COMPANIES, CHEXSYSTEMS COLLECTION AGENCY, INC., LEXISNEXIS RISK SOLUTIONS FL, INC., LEXISNEXIS SCREENING SOLUTIONS, INC., JEFFERSON CAPITAL SYSTEMS, LLC, MANN BRACKEN, LLC, LAW OFFICES OF ERSKINE & FLEISHER, BANK OF AMERICA CORPORATION, HSBC CARD SERVICES, INC., CHECKNET, JP MORGAN CHASE & CO., CAPITAL MANAGEMENT SERVICES, LP, FIRSTSOURCE ADVANTAGE, LLC, PFG OF MINNESOTA, INC., RICHARD J. BOUDREAU & ASSOCIATES, LLC, ALLIANCEONE RECEIVABLE MANAGEMENT, INC., REGIONS BANK, GE CAPITAL LLC, NCO FINANCIAL SYSTEMS, INC., B-LINE, LLC, B-REAL, LLC, PHILLIPS & COHEN ASSOCIATES, LTD. CORPORATION, AVALON FINANCIAL SERVICES, LLC, CAPITAL ONE BANK, FIRST PREMIER BANK, COLLECTCORP CORPORATION, SUNTRUST BANK, ACS EDUCATION SERVICES, INC., NATIONAL RECOVERY AGENCY, INC., LEADING EDGE RECOVERY SOLUTIONS, LLC, GALAXY PORTFOLIOS, LLC, AMERICAN EXPRESS COMPANY, CITIFINANCIAL, INC.,**

**Defendants.**
_____

**REPORT AND RECOMMENDATION AND ORDER**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR INVOLUNTARY DISMISSAL PURSUANT TO RULE 41(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 193)**
>
> **FILED:** June 7, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.
>
> **MOTION:** **MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 1.09 (Doc. No. 194)**
>
> **FILED:** June 7, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.
>
> **MOTION:** **MOTION TO TAKE JUDICIAL NOTICE OF EVIDENCE TO ASSIST THE COURT IN SUPPORT OF PREFILING REVIEW (Doc. No. 196)**
>
> **FILED:** June 15, 2012
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Larry Rumbough, proceeding pro se, filed a complaint against more than thirty defendants, including banks, credit reporting companies, other financial entities, and law firms, seeking damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559. Rumbough previously appealed Judge Scriven's order[1] requiring him to post a cost bond of $250 per defendant as a condition for filing an amended complaint and its action striking that complaint and dismissing the case when he failed to comply with that order. Rumbough contended that the bond was unjustified

---

[1] On remand, the matter was reassigned to Chief Judge Conway because Judge Scriven had moved to the Tampa Division and would not be assigned any new or reopened cases in the Orlando Division.

because it was not based on any relevant law or facts. He also asserted that the court did not make any specific findings about whether the bond amount was reasonable in light of his financial circumstances.

In deciding Rumbough's appeal, the Eleventh Circuit held that the district court acted within its discretion by ordering Rumbough to post a cost bond in the first place:

> The [district] court found that Rumbough was a "frequent pro se litigator," that he had been required to post a cost bond before and had failed to do so, and that he had previously filed complaints against some of the same defendants as those in the present case. Requiring the posting of a cost bond for each defendant before allowing Rumbough to file his amended complaint compelled more careful consideration of which defendants to sue and ensured that Rumbough would pay at least part of any costs that might be imposed against him.

Doc.171-1 at 4. However, the appellate court also held that "[t]he district court should have considered Rumbough's financial ability to post the bond before dismissing his complaint. For that reason, we vacate the district court's order dismissing Rumbough's complaint and remand for it to do so." Doc. 171-1 at 5 (citing *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 728-29 (1st Cir. 1984) (holding that the district court should have made findings about the plaintiff's alleged financial inability to post a cost bond and could have required the plaintiff to produce "a detailed financial statement or copies of his federal income tax returns").

The mandate in the appeal issued on April 13, 2012. Doc. 171-1. A status conference in the case was held on May 8, 2012. Docs. 171, 174, 188. Following the status conference, Plaintiff was ordered to file a separate action[2] with an individual complaint against *each* Defendant, with each new action requiring payment of a filing fee or a properly supported motion to proceed *in forma pauperis*. Doc. 189. Plaintiff was also ordered, in the matter of the cost bonds, to file any information he wished the Court to consider with regard to his financial condition (in accord with the Eleventh Circuit

---

[2]The obligation of the Defendants to respond to any new complaints was stayed pending the Court's review of Plaintiff's complaints and financial information

mandate) to include any settlements he has received, and that information would be filed in the docket and to be considered with respect to all of Plaintiff's complaints. Doc. 189.

In the case cited with approval by the Eleventh Circuit in its decision, *Aggarwal v. Ponce School of Medicine*, the First Circuit noted in discussing the district court's obligation to consider a plaintiff's financial ability to post a bond:

> While it is neither unjust nor unreasonable to expect a suitor "to put his money where his mouth is," toll-booths cannot be placed across the courthouse doors in a haphazard fashion. The district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff. The rule is a scalpel, to be used with surgical precision as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression.
> \* \* \*
> The lower court should either have held an evidentiary hearing or demanded that more concrete proof of the appellant's economic health—say, a detailed financial statement or copies of his federal income tax returns—be produced. Given the tenor of [the bond requirement rule], express findings should have been set forth to reflect that the court had weighed the plaintiff's finances and had interpreted the rule with the required liberality "so as not to preclude [plaintiff's] right to sue through excessive bond requirement."

725 F.2d 723, 728-29 (1st Cir. 1984)[3] (citations omitted).

The Court has now had the opportunity to review Plaintiff's financial information[4]. Doc. S-1. Plaintiff sought to file his information under seal and the motion was granted; he timely filed a financial statement on a district court form on June 7, 2012 under seal and attached his bank statements; Plaintiff reports having $1,702 in cash, although he has minimal amounts in his checking

---

[3] A distinction in *Aggarwal* is is that the plaintiff had "no history of the persistent pursuit of fruitless litigation," 745 F.2d at 728, yet the Eleventh Circuit affirmed Judge Scriven's finding that Rumbough is a "frequent pro se litigator." Doc. 171-1.

[4] The Court has also reviewed the information from Plaintiff's previous Bankruptcy Court filing, a copy of which was provided by Defendant. Doc. 196-1.

mandate) to include any settlements he has received, and that information would be filed in the docket and to be considered with respect to all of Plaintiff's complaints. Doc. 189.

In the case cited with approval by the Eleventh Circuit in its decision, *Aggarwal v. Ponce School of Medicine*, the First Circuit noted in discussing the district court's obligation to consider a plaintiff's financial ability to post a bond:

> While it is neither unjust nor unreasonable to expect a suitor "to put his money where his mouth is," toll-booths cannot be placed across the courthouse doors in a haphazard fashion. The district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff. The rule is a scalpel, to be used with surgical precision as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression.
> \* \* \*
> The lower court should either have held an evidentiary hearing or demanded that more concrete proof of the appellant's economic health—say, a detailed financial statement or copies of his federal income tax returns—be produced. Given the tenor of [the bond requirement rule], express findings should have been set forth to reflect that the court had weighed the plaintiff's finances and had interpreted the rule with the required liberality "so as not to preclude [plaintiff's] right to sue through excessive bond requirement."

725 F.2d 723, 728-29 (1st Cir. 1984)[3] (citations omitted).

The Court has now had the opportunity to review Plaintiff's financial information[4]. Doc. S-1. Plaintiff sought to file his information under seal and the motion was granted; he timely filed a financial statement on a district court form on June 7, 2012 under seal and attached his bank statements; Plaintiff reports having $1,702 in cash, although he has minimal amounts in his checking

---

[3] A distinction in *Aggarwal* is is that the plaintiff had "no history of the persistent pursuit of fruitless litigation," 745 F.2d at 728, yet the Eleventh Circuit affirmed Judge Scriven's finding that Rumbough is a "frequent pro se litigator." Doc. 171-1.

[4] The Court has also reviewed the information from Plaintiff's previous Bankruptcy Court filing, a copy of which was provided by Defendant. Doc. 196-1.

accounts[5]. Doc. S-1. Rumbough has also provided information regarding his settlement with Collectcorp and that, from the settlement proceeds, he had paid the filing fees of 11 new cases. Doc. S-1. He states that all previous settlements in 2010 and 2011 went to "pay his credit card debt with Citi." Doc. S-1. Plaintiff states that he "is able to pay a bond of no more than $650." Doc. S-1. Plaintiff's monthly income of $2,780 from employment with the state of Florida in Dispute Resolution Services since 2010 ($2,480) and self-employment ($300) exceeds his monthly actual and estimated expenses of $2,680, by **$100 per month**. In terms of assets, Rumbough apparently no longer owns his home (which was previously listed on the Bankruptcy schedule); he owns a 2010 Toyota Prius valued at $24,210, and pays $557 monthly for it; other revolving debts total $243 per month in addition to rent ($1,000) and household expenses for utilities ($255), food ($200), clothing ($50), and laundry ($10); transportation ($140), and recreation ($50); and student loan payments ($83). Doc. S-1. Plaintiff's application shows that he has a relatively new car and has $1,700 in cash; he also has regular income, though that is reduced by discretionary spending in the form of a car payment and revolving debt. *See* Doc. S-1.

Plaintiff will be required to post a bond in the amount of $1,200.00 to secure payment of any costs Plaintiff may be ordered to pay in the twelve cases he currently has filed[6]; he will be required to replenish this bond if he fails to pay any costs when required. The cases should be stayed until Plaintiff has posted the required bond, and if he fails to post the bond within 14 days of any order adopting this report and Recommendation, the cases should be dismissed.

---

[5]Nearly the full balance in each of two accounts is withdrawn each month presumably for expenses. Doc. S-1.

[6]Case Nos. 6:10cv117; 6:12cv811; 6:12cv812; 6:12cv813; 6:12cv814; 6:12cv815; 6:12cv816; 6:12cv817; 6:12cv818; 6:12cv819; 6:12cv820; 6:12cv821.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 22, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy