85348893//FED385RUM1//

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LARRY RUMBOUGH

       Plaintiff,

vs.                                Case Number: 6:10-cv-117-Orl-35DAB

EQUIFAX INFORMATION SERVICES, LLC.,
LAW OFFICES OF ERSKINE & FLEISHER and
REGIONS BANK
       Defendant.
_____/

## DEFENDANT'S THE LAW OFFICES OF ERSKINE & FLEISHER MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT DIRECTED TO THE PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW, the Defendant, THE LAW OFFICES OF ERSKINE & FLEISHER (herein after referred as "E&F") by and through its undersigned Counsel and pursuant to Federal Rules of Civil Procedure Rule 8(a), Rule 12(b)(6) and Rule 12(b)(e) and all other applicable Rules, and hereby requests that this Court enter an Order Dismissing the Plaintiff's Verified Complaint with Prejudice or direct the Defendant to file a More Definite Statement for the reasons more fully described below and states the following, to wit:

## *RELIEF REQUESTED*

That this Court dismiss the Plaintiff's Fair Credit Reporting Act (herein after referred to as "FCRA"), claim for failure to state a claim upon which relief can be granted because the Plaintiff's claim is time barred, duplicitous, or because E&F had a permissible purpose for procuring a credit report inquiry on the Plaintiff, and/or the Plaintiff is collaterally estoppel from proceeding.

Alternatively, dismiss the Plaintiff's Verified Amended Complaint in its entirety in that the Plaintiff has failed to properly plead his Verified Complaint in contravention of Federal Rules of Civil Procedure Rule 8(a) and Rule 12(b)(6).

If in the event, this Court declines to dismiss the Plaintiff's Verified Complaint, then direct the Plaintiff to file a More Definite Statement in accordance with Rule 12(b)(e) of the Florida Rules of Civil Procedure.

## *JUDICIAL NOTICE*

Simultaneously with the filing of this Motion, E&F has also filed a Motion with this Court to take Judicial Notice of various public records previously filed with this Court under Case Number 6:07-CV-01136-GKS-GJK, and 6:07-BK-02298-ABB. The foregoing suits include references and/or pleadings as it pertains to two State Court actions filed by E&F on behalf of two creditors against the Plaintiff. All references herein to the designation (E:___), and corresponding page

number adjacent thereto shall refer to the Exhibits attached to E&F's Motion to take Judicial Notice of Public Records pursuant to Rule 201(b)(1)(b).

### *FACTUAL BACKGROUND BETWEEN THE PLAINTIFF AND E&F*

On or about July 24, 2003, E&F on behalf of MBNA America Bank, N.A. filed suit in State Court against the Plaintiff to domesticate an Arbitration Award for non-payment of a debt. (E: 1 & 7). In that action, the Plaintiff filed a third party claim against E&F for purportedly violating his rights under the FDCPA. (E:13). At that point, the Plaintiff knew that E&F was a debt collector and had the requisite authority under the FCRA within which to pull credit bureau reports on the Plaintiff.

Subsequent thereto, E&F filed another lawsuit against the Plaintiff for non-payment of an un-related debt on or about May 31, 2005 for a different creditor Oliphant Financial Corporation. (E:19 & 21). Prior to the filing of the latter suit, the Plaintiff disputed the debt to Oliphant in reply to a demand made by same to the Plaintiff. (E:42 to 46). Oliphant provided the Plaintiff verification of the debt. (E:42 to 46).

E&F was having trouble serving the Oliphant Financial Corporation suit upon the Plaintiff. (E:19, 32 & 33). The Plaintiff was avoiding service per the Sheriff. (E:33). As a result E&F precipitated the requisite skip efforts to discern the location of the Plaintiff for service. (E:39). The nature of the credit bureau

inquiries were soft inquiry reports which do not reduce or affect an individual's beacon or FICO score.

Before E&F could serve the Plaintiff with the latter lawsuit, he filed bankruptcy on June 4, 2007. (E:47). In his bankruptcy schedules the Plaintiff alleged that he had a substantial number of potential violations of the FCRA (among other causes of actions) against Equifax, Experian, TransUnion among others. (E:55, 57, 58, 59 & 60). He also included in his bankruptcy schedule the purported claim against E&F for violation of his FDCPA rights. (E:57, see Third Party Complaint E:13).

On July 7, 2007 the Plaintiff filed suit against Equifax Information Systems, LLC. et al, in this district under Case Number 6:07-CV-01136-GKS-GJK (E: 187 and E:34 to 46).  The crux of the latter cause of action purportedly suggested that the Defendants in that case violated various FCRA rights of the Plaintiff. (E:187).

Prior to the latter suit the Plaintiff precipitated a vexatious campaign against his credit furnishers into bullying them to remove all his purported credit errors made against him. (E:90-186, & E:75-89, *See Also,* all disputes and reinvestigations of same by the furnisher under seal at D.E. #55 under case number 6:07-CV-01136-GKS-GJK). The Plaintiff's disputes to his credit profile were unending, between 2004 and 2007 (E:75-89). A typical example of the Plaintiff's

dispute is exemplified by a letter he sent to Experian on June 7, 2007. (See E:73-74).

It is apparent, that upon the filing of his bankruptcy on June 4, 2007 and the law suit against Equifax among others on July 7, 2007, the Plaintiff had procured innumerable credit bureau reports from the various credit furnishers concerning his credit profile. (E:75-89), (E:73-74 and E:90-186). Those reports also include reference to the credit card account issued by HSBC/Rhodes owned by E&F's client Oliphant Financial Corporation, which the Plaintiff acknowledged he did not pay. (E:153). The Plaintiff in his dispute letter to Experian on June 7, 2007 specifically referenced the account belonging to HSBC/Rhodes, which was on his credit report. (E:74). The latter debt was assigned to E&F's client Oliphant Financial Corporation, (E:19&21). The Plaintiff was aware of the debt having been assigned to Oliphant. (E:68).

Hence, by the Plaintiff's own hand, he would have been aware of any credit report inquiries by E&F or any other party on June 4, 2007 when he filed his bankruptcy (E:55, E:57-60, 68), or at the very least when he disputed his credit bureau report on June 7, 2007 (E:73-74 *See Also,* all disputes and reinvestigations of same by the furnisher under seal at D.E. #55 under case number 6:07-CV-01136-GKS-GJK), or the multiple times he disputed his credit profile between 2004 and 2007 (E:75-89), or when he filed suit against Equifax. (E:187).

In the Plaintiff's case against <u>Equifax Information Systems, LLC. et al</u>, he filed the exact same suit against Equifax among others (including E&F), as in the case at bar (D.E.#1 and D.E.#190) and the companion case to this cause (D.E.#1, Case Number 06:12-CV-812-ORL-22DAB).

## *MEMORANDUM OF LAW*

## *INTRODUCTION*

The Plaintiff's First Amended Verified Complaint alleges that E&F purportedly violated the FCRA by procuring a consumer report on him without a permissible purpose. (D.E. #190).

Other than his conclusory bear bones allegations, the Plaintiff alleges no issues of ultimate fact to support his conclusions. (¶13 through 17 & ¶37 of DE#190).

Based upon the foregoing, de minimus facts, the Plaintiff claims that E&F willfully violated his rights by procuring a credit report without a permissible purpose in contravention of §1681b(f).

## *STANDARD REVIEW*

The Federal Rules of Civil Procedure require that a Complaint give the opposing party fair notice of their claim and the grounds upon which it rests. <u>Row v. Aware Women's Center for Choice, Inc</u>., 253 F.3d. 678, 683 (11th Cir. 2001). As such, in order to survive a Motion to Dismiss, a Complaint must allege

ultimate issues of fact which give rise to the request for relief above a speculative level. Bell Atlantic v. Twombly, 550 US 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929, (2007), and Ascroft v. V. Iqbal, 129 S.Ct., 1937, (2009). Conclusions of law or of mixed facts are not sufficient to withstand a dismissal under Rule 12(b)(6). Marsh v. Butler County, Ala., 265 F.3rd 1014, 1036 (11th Cir. 2001). A complaint is sufficient if it puts the opposing party on reasonsable notice of the nature of the claim. California International Chemical Co. v. Neptune Pool Service, Inc. 770 F.Supp. 150, 1533 (M.D. Fla. 1993).

### *THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 8(a), AND 12(b)(6)*

The allegations asserted by the Plaintiff are clearly deficient. When reviewing the minimal allegations against E&F, they are merely legal conclusions. Without retort there are no facts alleged to support purported violations committed by E&F in contravention of the Plaintiff's purported rights under the FCRA.

In order to sustain a proper cause of action for violation of the FCRA, the moving party must establish the following elements,

> In order to sustain a claim of improper use or acquisition of a credit report: (i) that there was a "consumer report" within the meaning of the statute; (ii) that the Defendant used or obtained it; and (iii) that the Defendant did so without permissible statutory purpose…in addition, the Plaintiff must demonstrate that the Defendant acted with the requisite degree of culpability-either negligence, or willfulness, in order to impose civil liability under the FCRA. Godby v. Wells Fargo Bank, N.A., 599 F.Supp. 2d. 934 (S.D.OH., 2008).

Although this Court must accept the allegations and the Complaint as true this general rule of law is inapplicable when the "[t]hreadbare" recitals of the elements of a cause of action are supported by mere conclusory statements, which will not suffice. Iqbal, 129 S.Ct., at 1949 "quoting Twombly, 550 U.S. at 555". Hence, where a party fails to assert the requisite facts to support the elements for a purported violation of §1681(b)(f), the Complaint will be dismissed for failure to state a cause of action. Pyle II v. First National Collection Bureau, 2012 W.L. 1413970 (E.D. Cal., 2012). When reviewing the purported claims of the Plaintiff he offers no facts to support any of the elements to state a proper cause of action for violating his rights under the FCRA against E&F. As a result of which, the Plaintiff's complaint should be dismissed for failure to state a proper cause of action.

## *THE PLAINTIFF'S VERIFIED COMPLAINT SHOULD BE DISMISSED IN THAT IT DUPICATES ANOTHER ACTION*

Where two lawsuits are filed with substantially the same issues this Court has the requisite authority within which to consolidate duplicative lawsuits. McCracken v. Grand Victoria Casino & Resort, 202 W.L. 31521165 (S.D. Ind., 2002). Hence,

> The Plaintiff generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same Defendant. Lathan Orthopedics Medical Group

<u>v. United States of America Corporation</u>, 2010 W.L. 458 5240 (C.D.Cal., 2010).

Duplicative actions cause unnecessary effort being expended by parties notwithstanding the Court and waste precious judicial resources and as such the Court has the requisite authority within which to address such concerns. <u>Lathan Orthopedics Medical Group v. United States of America Corporation</u>, Supra. Even where a new suit forms a partial basis from the previous suit the Court may find it to be duplicative and as such dismiss the newly filed action. <u>Huston v. Caruso</u>, 2009 W.L. 579411 (W.D. Mich., 2009). Therefore when a party brings a duplicate FCRA claim it is within the Court's power to dismiss the duplicitous action. <u>Pinson v. Equifax Credit Information Services, Inc.</u>, 2008 W.L. 906238 (N.D. Ok., La., 2008).

By the same token, where there is an allegation that a party improperly procured a consumer credit report, it will not give rise to accumulated damages under multiple counts for recovery. <u>Richardson v. Fleet Bank of Massachusetts</u>, 190 F.Supp 2d. 81 (D.Mass., 2001). So if the offending party, procures a credit report as suggested impermissibly from multiple furnishers that will not give rise to multiple causes of action. <u>Rydell v. Serve Co. Auto Windward</u>, 2011 W.L. 5506088 (D.Hawaii, 2011), [*see also* <u>Demaestri v. Verifacts, Inc.</u>, 2012 W.L. 1192758 (D.Colo., 2012).

On July 9, 2007 the Plaintiff filed a lawsuit against Equifax Information Services, LLC., Experian Information Solutions Inc., and Transunion LLC. (E:187). Although there was a Final Order entered in favor of the Defendants (E:194) the Plaintiff filed another action on the same exact issues against the same parties among others, which included E&F, on January 21, 2010. (See Doc. E#1 also DE#190).

Thereafter on May 8, 2012, the Plaintiff was directed to file a separate action against each Defendant. (D.E.#189). The Plaintiff could only file an Amended Complaint with multiple parties if he could exhibit that the parties acted in concert. (D.E.#189). The Plaintiff filed his First Amended Verified Complaint against E&F in this cause (D.E.#190) and another action against E&F with multiple parties. (See D.E.#1, Case Number: 06:12-CV-00812-ACC-DAB).

It is apparent, that the Plaintiff did not comply with this Court's Order. (See D.E.#189). This Court's Order was clear in that separate actions were to be filed against all the Defendants unless the Plaintiff could show that the parties acted in concert. (D.E.#189). When reviewing each Complaint filed by the Plaintiff against E&F, it is apparent that there are no allegations whosoever exhibiting how E&F acted in concert with any other party contrary to this Court's Order. [(D.E.190 and See D.E.#1, Case Number: 06:12-CV-00812-ACC-DAB)].

In addition to which, the Plaintiff has filed two separate actions predicted upon the same basis. The Plaintiff has alleged that E&F without a permissible purpose procured multiple consumer reports on the Plaintiff from two different furnishers and as such is seeking multiple damages claims.

By virtue of the Plaintiff having failed to comply with this Court's Order, (E:189) in the first instance, the above captioned cause both causes of action should be dismissed with prejudice, by virtue of his noncompliance with the latter Order. Brutus v. Internal Revenue Service, 2010 W.L. 329411 (C.A. 11th 2012). [See also Taylor v. Hilden, 2010 W.L. 2643528 (N.D. Fla. 2010)]. At the very least should this Court decline to dismiss both causes of action with prejudice then both claims against E&F should be consolidated under this case on the subsequent action.

## THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURUSANT TO RULE 12(b)(6) IN THAT THE FCRA CLAIM IS TIME BARRED

Where are party fails to timely file a cause of action the issue of the statute of limitations may be raised by motion. Kelly v. Lee County Mosquito Control District, 2006 W.L. 2078100 (M.D. Fla. 2006). [See also Oshiver v. Levin, Fishbean, Sedran & Berman, 48 F.3d. 1380, (C.A., 3d. 1994)]. Where a party makes a claim under the FCRA, they must seek to enforce any action no later than 2 years after the date of the discovery of the purported violation or 5 years after

the date that the alleged violation occurred. 15 U.S.C. §1681(p). The shorter term of limitation of actions provision is applicable when the consumer is on inquiry notice. Willey v. J.P. Morgan Chase, N.A., 2009 W.L. 1938987 (S.D.N.Y., 2009). In such circumstances this Court can take judicial notice of various public records to determine when a party was on inquiry notice of a possible FCRA violation. Andresakis v. Capital One Bank (USA), N.A., 2011 W.L. 846830 (S.D. N.Y., 2011).

On June 4, 2007, the Plaintiff filed bankruptcy. (E:47). Within his bankruptcy schedules the Plaintiff indicted that he had potential FCRA claims against a large number of parties. (E:55-60). He included within that disclosure, a suit he filed against E&F. (E:57 & E:13) and possible suit against E&F's client Oliphant Financial. (E:57). Three days after his bankruptcy the Plaintiff logged a dispute with Experian about the purported derogatory information on his credit report after apparently reviewing his credit report. (E:73-74).

On July 9, 2007 the Plaintiff filed suit for purported violations of his FCRA rights against Equixfax Information Services LLC., Experian Information Solutions Inc., and Transunion LLC. (See E:187). During the course of the latter litigation, it was also established that the Plaintiff tried to reverse all the credit entries in his credit bureau on a consistent basis from on or about 2004, through and including 2007. (E:75-89). The Plaintiff disputed each credit entry in his

credit bureau including the one involving E&F's client Oliphant Financial with respect to the HSBC/Rhodes account which they purchased from December 27, 2004 through and including June 13, 2007. (E:87-88 and E:57 and E:68).

Although specifically disputing his complete credit profile between 2004 and 2007 (E:75-89 *See Also,* all disputes and reinvestigations of same by the furnisher under seal at D.E. #55 under case number 6:07-CV-01136-GKS-GJK), the Plaintiff in his bankruptcy filing indicated his desire to pursue FCRA claims against multiple parties on June 4, 2007 (E:55-60). The latter coupled with his dispute on June 7, 2007 (E:73-74), along with his suit against Equifax among others (E:187), definitively placed the Plaintiff on notice of his rights to pursue his FCRA claims if any against any other party from 2004 through July 7, 2007.

When reviewing the totality of the records before this Court, it is apparent the Plaintiff was placed on Notice of any FCRA rights he had when he filed his bankruptcy on June 4, 2007, by virtue of him reserving any claims of that fashion, notwithstanding subsequent opportunity for the Plaintiff to exercise his purported FCRA rights. By virtue of the Plaintiff having not exercised or pursuing his purported FCRA claims within two years after being placed on Notice of same, his claims against E&F were not timely filed on January 21, 2010. (D.E.#1 and D.E. #190). By virtue of same, the above captioned cause of action should be dismissed with prejudice.

### *THE PLAINTIFF'S COMPLAINT AND THE PLAINTIFF SHOULD BE DIRECTED TO FILE A MORE DEFINITE STATEMENT IN ACCORDANCE WITH RULE 12(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE*

It is apparent that the Compliant filed by the Plaintiff is so vague and ambiguous that it is impossible for E&F to form a proper responsive pleading. Hence in the event this Court declines to dismiss the Plaintiff's Complaint for the reasons as indicated heretofore, then in that event it is the request of E&F that this Court direct the Plaintiff to file a More Definite Statement. In accordance with the Federal Rules of Civil Procedure 12(e). [*See also,* Zyburo v. Ncspulus, Inc., 2012 W.L. 2368904 (M.D. Fla., 2012).

### *PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b) IN THAT E&F HAD A PREMISSIBLE PURPOSE WITHIN WHICH TO OBTAIN A CREDIT REPORT ON THE PLAINTIFF*

Before an authorized user may procure a consumer credit report, it can only be for one of the permissible purposes listed in §1682(b). Adams v. Lexis Nexis Risk & Information Analytics Group Inc., 2010 W.L. 1931135 (D.N.J., 2010). [*See also* Edge v. Professional Claims Bureau Inc., 64 F.Supp.2d. 115 (N.E.D.N.Y. 1999)]. It is also permissible to request or procure a consumer credit report when attempting to collect an assigned debt. Ostrander v. Unifund Corporation, 2008 W.L. 850329 (W.D.N.Y. 2008). By the same token, using a credit bureau to collect a debt from a person where a debt collector is trying to

locate a new address for service of process is also an acceptable purpose. Cappetta v. GC Services Limited Partnership, 654 F.Supp.2d. 453 (E.D.Va., 2009). Hence where a law firm (such as E&F) is attempting to collect an assigned debt for a client it has the requisite authority within which to obtain a credit bureau report for the purposes of collecting that debt. Tonnie v. Mandarich Law Group, LLP, et al., 2012 W.L. 2726761 (S.D. Cal., 2012). By virtue of the foregoing it is not necessary for a debt collector to have direct dealings with a consumer in order to have a permissible purpose to obtain a credit bureau report if they are collecting a debt. Pyle II v. First National Collection Bureau, 2012 W.L. 1413970 (E.D. Cal., 2012).

The Plaintiff knew back in 2003 that E&F was a debt collector. (E:1&7). The Plaintiff filed a law suit against E&F for purportedly violating his rights under the FDCPA and acknowledged same were debt collectors. (E:13&57). Originally, the Plaintiff was indebted to HSBC for a credit card issued on his Rhodes Credit Card Account, which he knew was assigned to Oliphant Financial LLC. (E:68&57). For that matter on May 19, 2003, the Plaintiff disputed the debt with Oliphant Financial Corporation and demanded verification of the debt, which was provided. (E:42-46). By virtue of non payment of the assigned debt to Oliphant Financial, E&F filed suit against the Plaintiff. (E:19-31). As a result of being unable to serve the Plaintiff since he was avoiding service of process (E:32 &33),

E&F procured credit reports on the Plaintiff for collection purposes in order to locate same for process (E:39).

Without question, the Plaintiff knew E&F was a debt collector and as such, had the requisite authority within which to procure a credit report for the purposes of collecting debts. Based upon the state Court's filings it is clear that E&F had the requisite authority to pursue a claim on behalf of Oliphant Financial and procure the requisite credit bureau inquiry for the purposes of collecting that debt regarding the Plaintiff. E&F having the requisite authority to procure a credit report for the collection of a debt from the Plaintiff had a permissible purpose to procure same which acted as complete defense to any claim made by the Plaintiff under the FCRA. Edge v. Professional Claims Bureau Inc., Supra. The latter is especially the case since the Plaintiff could not exhibit that he did not owe the debt in issue. Pile II v. First National Collection Bureau, Supra. (E:153).

By virtue of the foregoing, it is apparent that E&F as a debt collector for Oliphant Financial Corporation had the requisite authority within which to procure a credit report regarding the Plaintiff with respect to the collection of the debt in issue. As such the claim being asserted by the Plaintiff against E&F should be dismissed with prejudice.

### THE PLAINTIFF IS COLLATERALLY ESTOPPED FROM ASSERTING VARIOUS CLAIMS PREVIOUS LITIGATED

The purpose behind the doctrine of collateral estoppel is to prevent the re-litigation of identical issues to preclude unnecessary litigation. Caldwell v. Gutman, Mintz, Baker and Sonnenfeldt, 701 F.Supp. 2d. 3040, (E.D.N.Y., 2010). The latter concept is applicable to FCRA actions. Florence v. Transunion, LLC., 2006 W.L. 463164 (N.D.Ga., 2006). Hence the foregoing doctrine precludes re-litigating issues already decided by the Courts. Hopper v. Mitskoshi USA Inc., 2006 W.L. 1308230 (M.D.Fla., 2006). As noted by this Court in Hopper, Supra, the doctrine of collateral estoppel will apply even if the causes of action are different. By the same token, where the doctrine is being used in a defensive manner mutual identity of the parties is irrelevant to its application. E.C. v. Katz, 711 So.2d. 1155, (Fla. 4th DCA 1998).

As previously noted the Plaintiff filed a lawsuit against Equifax Information Services, Experian Information Solutions Inc., and Transunion LLC., back on July 9, 2007. (E:187). A subsequent Order was entered by that Court adverse to the Plaintiff on all issues expressed in his Complaint. (E:194). When extrapolating the current Complaint filed by the Plaintiff against E&F among others (DE:190) against the original lawsuit (E:187) and the Final Court Order (E:194), the Plaintiff is collaterally estopped from re-litigating the same exact issues in the case at bar.

It is apparent, that the Plaintiff has jumbled multiple causes of action against multiple parties under one count. Irrespective of same, those claims which have already been litigated should be dismissed by virtue of the Plaintiff's inability to re-litigate the same issues for the reasons as stated above.

WHEREFORE, all premises considered, it is request of E&F that this Honorable Court entertain the following relief as follows;

1. Dismiss the Plaintiff's Complaint against E&F with prejudice; or

2. Dismiss the Plaintiff's Complaint for failure to state a cause of action; and/or

3. If this Court is not inclined to dismiss the above captioned cause of action then direct the Plaintiff to file a More Definite Statement.

Respectfully Submitted By:
Stanley B. Erskine, Esquire
The Law Offices
ERSKINE & FLEISHER
Attorneys for Defendant
Suite 300, 55 Weston Road
Fort Lauderdale, Florida 33326
Telephone No. (954) 384-1490
Telecopier No. (954) 384-4088
Email: Stanley_Erskine@Eflaw.net

By: _____
Stanley B. Erskine, Esquire

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss the Plaintiff's Complaint was electronically filed with the Clerk of the above Court by using the CM/ECF system on the __3rd__ day of August 2012, which will send notice of the electronic filing of the foregoing to all parties of record.

By: _____
STANLEY B. ERSKINE, Esquire