EF85348893//FED400F

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LARRY RUMBOUGH,

          Plaintiff,

                            Case Number:  6:10-CV-117-ORL-22DAB

vs.

EQUIFAX INFORMATION SERVICES,
LLC, LAW OFFICES OF ERSKINE &
FLEISHER and REGIONS BANK

          Defendant.
_____/

## THE DEFENDANT'S THE LAW OFFICES OF ERSKINE & FLEISHER MOTION FOR JUDICIAL NOTICE OF PUBLIC RECORDS PURSUANT TO RULE 201(B) OF THE FEDERAL RULES OF EVIDENCE IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT

Comes now the Defendant the Law Offices of Erskine & Fleisher (hereinafter referred to as E & F), and hereby files this their Motion (Request) for Judicial Notice Pursuant to Rule 201(B) of the Federal Rules of Evidence in Support of E & F's Motion to Dismiss and/or Motion for More Definite Statement pursuant to Rule 8(a), Rule 12(b)(6) and Rule 12(b)(e) of the Federal Rules of Civil Procedure and states the following, to wit:

### HISTORICAL RELATIONSHIP BETWEEN THE PLAINTIFF and E & F

On or about July 24, 2003, E&F on behalf of MBNA America Bank, N.A. filed suit in State Court against the Plaintiff to domesticate an Arbitration Award for non-payment of a debt. (E: 1 & 7). In that action, the Plaintiff filed a third party claim against E&F for purportedly violating his rights under the FDCPA. (E:13). At that point, the Plaintiff knew that E&F was a debt collector and had the requisite authority under the FCRA within which to pull credit bureau reports on the Plaintiff.

Subsequent thereto, E&F filed another lawsuit against the Plaintiff for non-payment of an un-related debt on or about May 31, 2005 for a different creditor Oliphant Financial Corporation. (E:19 & 21). Prior to the filing of the latter suit, the Plaintiff disputed the debt to Oliphant in reply to a demand made by same to the Plaintiff. (E:42 to 46). Oliphant provided the Plaintiff verification of the debt. (E:42 to 46).

E&F was having trouble serving the Oliphant Financial Corporation suit upon the Plaintiff. (E:19, 32 & 33). The Plaintiff was avoiding service per the Sheriff. (E:33). As a result E&F precipitated the requisite skip efforts to discern the location of the Plaintiff for service. (E:39). The nature of the credit bureau inquiries were soft inquiry reports which do not reduce or affect an individual's beacon or FICO score.

Before E&F could serve the Plaintiff with the latter lawsuit, he filed bankruptcy on June 4, 2007. (E:47). In his bankruptcy schedules the Plaintiff alleged that he had a substantial number of potential violations of the FCRA (among other causes of actions) against Equifax, Experian, TransUnion among others. (E:55, 57, 58, 59 & 60). He also included in his bankruptcy schedule the purported claim against E&F for violation of his FDCPA rights. (E:57, see Third Party Complaint E:13).

On July 7, 2007 the Plaintiff filed suit against Equifax Information Systems, LLC. et al, in this district under Case Number 6:07-CV-01136-GKS-GJK (E: 187 and E:34 to 46). The crux of the latter cause of action purportedly suggested that the Defendants in that case violated various FCRA rights of the Plaintiff. (E:187).

Prior to the latter suit the Plaintiff precipitated a vexatious campaign against all credit furnishers into bullying them to remove all his purported credit errors made against him. (E:90-186, & E:75-89). The Plaintiff's disputes to his credit profile were unending, between 2004 and 2007 (E:75-89). (See also sealed records of disputes and re-investigations D.E.#55 under case number 6:07-CV-01136-GKS-GJK). A typical example of the Plaintiff's dispute is exemplified by a letter he sent to Experian on June 7, 2007. (See E:73-74).

It is apparent, that upon the filing of his bankruptcy on June 4, 2007 and the law suit against Equifax among others on July 7, 2007, the Plaintiff had procured

innumerable credit bureau reports from the various credit furnishers concerning his credit profile. (E:75-89), (E:73-74 and E:90-186). Those reports also include reference to the credit card account issued by HSBC/Rhodes owned by E&F's client Oliphant Financial Corporation, which the Plaintiff acknowledged he did not pay. (E:153). The Plaintiff in his dispute letter to Experian on June 7, 2007 specifically referenced the account belonging to HSBC/Rhodes, which was on his credit report. (E:74). The latter debt was assigned to E&F's client Oliphant Financial Corporation, (E:19&21). The Plaintiff was aware of the debt having been assigned to Oliphant. (E:68).

Hence, by the Plaintiff's own hand, he would have been aware of any credit report inquiries by E&F or any other party on June 4, 2007 when he filed his bankruptcy (E:55, E:57-60, 68), or at the very least when he disputed his credit bureau report on June 7, 2007 (E:73-74), or the multiple times he disputed his credit profile between 2004 and 2007 (E:75-89), or when he filed suit against Equifax. (E:187).

In the Plaintiff's case against Equifax Information Systems, LLC. et al, he filed the exact same suit against Equifax among others (including E&F), as in the case at bar (D.E.#1 and D.E.#190) and the companion case this cause (D.E.#1, Case Number 06:12-CV-812-ORL-22DAB).

This Court has already granted a request by E & F to take judicial notice of

the foregoing records in the above cause. (*See* D.E. #'s 132, 131, 196 , 199 and 200). The public records for each lawsuit described above (and attached hereto) are germane to the issues being alleged by the Plaintiff. The events described in the public records are debilitating to the Plaintiffs assertion that E & F violated his rights under FCRA. The records in issue reflect that E & F had the authority as a debtor collector to procure credit reports to collect a debt against the Plaintiff. The latter efforts by E & F was a permissible purpose under FCRA. The records also support that the Plaintiff had knowledge of his FCRA rights if any as far back as June 4th, 2007 when he filed his bankruptcy. This is sufficient in itself to extinguish any possible FCRA claim as a result of the Plaintiff not pursuing a timely claim. In addition to which the Plaintiff has filed two suits against E & F. The records will also support that the Plaintiff has filed duplicitous lawsuits against E & F and is collaterally estopped from re-litigating the exact same issues already litigated before this court (E:194, D.E. #1 and D.E.#190).

### *MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S THE LAW OFFICES OF ERSKINE & FLEISHER MOTION FOR JUDICIAL NOTICE OF PUBLIC RECORDS PURSUANT TO RULE 201(B) OF THE FEDERAL RULES OF EVIDENCE IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT*

Pursuant to Rule 2.01(b) of the Federal Rules of Evidence, a US District Court can take judicial knowledge of certain facts or documents. The latter is especially the case as it applies to public records. Valiente v. Dine Equity, Inc.,

2009 WL 1226743 (D.Kan., 2009), (*See Also* Heuslein v. Chase Bank U.S.A., N.A. 2009 WL 3157484, (S.D. Cal., 2009). The Rule is equally applicable to all Court proceedings in and outside the Federal Judicial System. LimeStone Development Corp. v. Village of LeMont, K.A. 473 F. Supp. 2d. 858 (N.D. Il., 2007). The court may take judicial notice of those public records germane to the proceedings before it when considering a Motion to Dismiss and/or a Motion for More Definite Statement. Beepot v. J.P. Morgan Chase National Corporate Services, Inc. 2011 WL 4529604 (M.D. Fla., 2011) and Heuslein v. Chase Bank U.S.A., N.A., supra. Consideration of the public records by the Court will not convert a Motion to Dismiss or More for More Definite Statement to a Motion for Summary Judgment. Beepot v. J.P. Morgan Chase National Corporate Services, Inc., supra, and Heuslein v. Chase Bank U.S.A., N.A., supra.

Hence where the claims before the court suggest that a party violated FCRA the Court may take Judicial Notice of its own records or state court actions if they relate to the matters before the Court. Tonni v. Mandarich law Group, LLP, 2012 WL 2726761, (S.D. Cal., 2012). That the documents, pleadings, orders and Court dockets in issue support the inability of the Plaintiff being unable to formulate a basis for his claim against E & F. E & F's request will assist this Court in making its decisions relative to E & F's Motion to Dismiss and/or Motion for More Definite Statement directed at the Plaintiff's Complaint, since this Court has

already taken judicial notice of same (D.E. 131, 132, 196, 199 & 200).

WHEREFORE all premises considered, it is respectfully prayed this Honorable Court enter an Order taking Judicial Notice of all the Exhibits described heretofore and incorporated herein by reference, as well each court file regarding each of the Federal cause of actions described above involving the Plaintiff.

CERTIFICATION

The undersigned hereby certifies that in accordance with Local Rule 3.01 that the undersigned made appropriate efforts to reach the opposing party via email to determine if same had any objection to the foregoing and the undersigned was by the opposing counsel that he had to confer with his client and could not say when that would be accomplished.

Respectfully submitted,

STANLEY B. ERSKINE, Esquire
The Law Offices of ERSKINE & FLEISHER
Attorneys for the Defendant the Law Offices of Erskine & Fleisher
Florida Bar Number: 264547
Suite 300, 55 Weston Road
Fort Lauderdale, Florida 33326
Telephone No. (954) 384-1490
Telecopier No. (954) 384-4088
Email: Stanley_Erskine@Eflaw.net

By: _____
STANLEY B. ERSKINE, Esquire

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Judicial Notice was electronically filed with the Clerk of the above Court and all parties of record by using the CM/ECF system on the 3rd day of August 2012.

By: _____
STANLEY B. ERSKINE, Esquire